CATHERINE A. CONWAY (SBN 98266)
MARK R. CURIEL (SBN 222749)
JEREMY F. BOLLINGER (SBN 240132)
cconway@akingump.com
mcuriel@akingump.com
jbollinger@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone:    310-229-1000
Facsimile:    310-229-1001

Attorneys for Defendant
ConocoPhillips Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL & SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, on behalf of its members employed by defendants, and RAUDEL COVARRUBIAS, DAVID SIMMONS AND STEPHEN S. SWADER, SR., individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>CONOCOPHILLIPS COMPANY and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **CV08-02068** PSG (FFM)<br><br>**DEFENDANT CONOCOPHILLIPS COMPANY'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441(A), 1446**<br><br>**(DIVERSITY)**<br><br>[Declarations of Patrick C. Prosser, and Mark R. Curiel; Civil Cover Sheet; Certification as to Interested Parties; and Notice of Related Cases filed concurrently herewith]<br><br>(Los Angeles Superior Court, Case No. BC385637) |

6216169

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant ConocoPhillips Company ("ConocoPhillips") hereby removes to this Court the state court action described below. In support thereof, Defendant states as follows:

1.     On February 15, 2008, Plaintiffs filed an action against Defendant ConocoPhillips in the Los Angeles County Superior Court entitled United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, on behalf of its members employed by defendants, and Raudel Covarrubias, David Simmons and Stephen S. Swader, Sr., individually and on behalf of all similarly situated current and former employees, Plaintiffs, v. ConocoPhillips Company and Does 1 through 10, inclusive, Defendants, Case No. BC385637 (the "State Court Action").  See Declaration of Mark R. Curiel in Support of ConocoPhillips' Notice of Removal of Action ("Curiel Decl.") ¶ 2.

2.     On February 27, 2008, Defendant was served with a copy of the Summons and Complaint by personal service.  See id.  Attached as **Exhibit A** to the Curiel Declaration is a true copy of the Summons, Complaint.  See Curiel Decl. ¶ 3.  Attached as **Exhibit B** to the Curiel Declaration is a true copy of the Notice of Case Assignment served with the Summons and Complaint.  See Curiel Decl. ¶ 4.

3.     On March 26, 2008, Defendant filed an Answer to the Complaint in Los Angeles County Superior Court.  See Curiel Decl. ¶ 5.  Attached as **Exhibit C** to the Curiel Declaration is a true copy of ConocoPhillips' Answer to Plaintiffs' Complaint. See Curiel Decl. ¶ 5.

4.     ConocoPhillips' Notice of Removal is timely because it is filed within thirty (30) days of service.  See 28 U.S.C. § 1446(b).  See Curiel Decl. ¶¶ 2-3.

5.     **Jurisdiction**.  This Court has diversity jurisdiction over Plaintiffs' claims. Pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715), federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class

members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5 million (exclusive of costs and interest). See 28 U.S.C. §§ 1332(d)(2) and (d)(6).

6. **Class Size**. If Plaintiffs' class allegations are established, the class will exceed 100 members. See Complaint ¶ 14.

7. **Diversity of Citizenship**. At all relevant times, there has been diversity of citizenship between the parties to the action. ConocoPhillips is informed and believes that Plaintiffs, at the time this action was commenced, were citizens and residents of the State of California. See Complaint ¶¶ 6, 7.; *Albrecht v. Lund*, 845 F.2d 193, 194-95 (9th Cir. 1988) (finding citizenship requirement satisfied where plaintiff's complaint contained allegations consistent with diversity and plaintiff failed to contest the petition for removal).

8. ConocoPhillips is not a citizen of the State of California. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). ConocoPhillips has not been incorporated in California. Rather, at the time this action was commenced, ConocoPhillips was and is a corporation organized and incorporated under the laws of the State of Delaware. See Declaration of Patrick C. Prosser in Support of Defendant ConocoPhillips' Notice of Removal of Action ("Prosser Decl.") ¶ 8, Exh. A. Nor is California the state in which ConocoPhillips has its principal place of business. Rather, as shown below, ConocoPhillips' principal place of business is located in Texas.[1]

9. In the Ninth Circuit, the "principal place of business" is determined by a two-part inquiry. *First*, the Court applies the "place of operations" test to determine in what state, if any, a "substantial predominance" of corporate activity takes place.

---

[1] "[28 U.S.C. § 1332(c)] makes clear that every corporation has one and only one principal place of business." J.A. Olson Co. v. City of Winona, Miss., 818 F.2d 401, 406 (5th Cir. 1987), citing S.Rep. No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S.C.C.A.N. 3099, 3102 (corporation to be regarded as "citizen of that *one* State in which was located its principal place of business" (emphasis added)).

1   *Second*, if the corporation's activities are not predominant in a single state, the Court

2   applies the "nerve center" test to identify the state in which the majority of the

3   corporation's executive and administrative functions are performed.  See United

4   Computer Systems, Inc. v. AT&T Corp., 298 F.3d 756, 763 (9th Cir. 2002).

5          10.     The "place of operations" test is determinative "where a corporation

6   conducts 'substantially all' of its operations in one state and its headquarters are located

7   in another state." Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1093 (9th

8   Cir. 1990) ("courts generally assign greater importance to the corporate headquarters

9   when no state is clearly the center of corporate activity").  However, the "place of

10  operations" test cannot properly identify a corporation's principal place of business

11  where the corporation has operations spread throughout the country.  See Breitman v.

12  May Co. California, 37 F.3d 562, 564 (9th Cir. 1994) ("Because no one state contains a

13  substantial predominance of the corporation's business activities, the place of operations

14  test is inappropriate"); Ho v. Ikon Office Solutions, Inc., 143 F. Supp. 2d 1163,

15  1168 (N.D. Cal. 2001) (where national corporation has business activity spread among a

16  substantial number of states, "use of the 'place of operations' test would not reliably

17  identify the one state that should be deemed the center of corporate activity").  To

18  determine whether "substantial predominance" in a particular state exists, courts look to

19  several factors, including the location of employees, tangible property, production

20  activities, sources of income, and the corporation's executive and administrative

21  functions.  See Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495,

22  500-502 (9th Cir. 2001).

23         11.     ConocoPhillips' operations do not substantially predominate in California.

24  The Company's executive and administrative operations are centrally managed from

25  Texas, not California.  From ConocoPhillips' headquarters in Texas, ConocoPhillips

26  makes and implements company-wide operating, financial, employee relations,

27  marketing, development, customer care, accounting, income tax, treasury, and legal

28  policy decisions.  The Company's board room is located in Texas.  Board member

1    meetings generally take place there, New York or Washington, D.C. Stockholders

2    meetings are also held in Texas. Additionally, financial records are maintained in

3    Texas. See Prosser Decl. ¶¶ 2-6.

4         12.   ConocoPhillips employs more people in Texas than in any other state, and

5    more than twice the number of employees in California. See Prosser Decl. ¶ 11.

6    California represents the third largest number of ConocoPhillips employees (2581),

7    behind Texas (6706) and Oklahoma (4474). See id. Furthermore, considering

8    California's significantly larger population than any other state, ConocoPhillips

9    employs fewer people on a per capita basis in California than in Texas, as well as most

10   other states. See id. Based on the most recent population data from the U.S. Census

11   Bureau (see http://quickfacts.census.gov) and current Company data, ConocoPhillips

12   employs more people per thousand residents in Alaska (1.7), Oklahoma (1.3), Montana

13   (0.43), Texas (0.32), Louisiana (0.32), New Mexico (0.47), Colorado (0.14), New Jersey

14   (0.11) and Washington (0.11) than it does in California (0.07).[2] For this reason as well,

15   ConocoPhillips' operations do not substantially predominate in California.

16        13.   ConocoPhillips operates twelve refineries in the United States, including

17   two in Texas, two in Louisiana, two in California, and one in each of the remaining six

18   states in which its refineries are located. See Prosser Decl. ¶ 9, Exh. B at 47-51. The

19   two California refineries' combined crude oil processing capacity (259 million barrels

20   per day or MBPD) is less than that of the two Texas refineries combined (393 MBPD)

21   and less than that of the two Louisiana refineries combined (486 MBPD). Id. Even

22   some states with single refineries exceed or have equivalent capacities to the California

23   refineries combined. See id. (Wood River, Illinois (306), Bayway, New Jersey (238

24   MBPD), Trainer, Pennsylvania (185 MBPD)).

25

26        [2] The U.S. Census Bureau's web site indicates that the populations of these states,
     as of the 2000 census, were: Alaska (626,932), Oklahoma (3,450,654), Montana
27   (902,195), Texas (20,851,820), Louisiana (4,468,976), New Mexico (1,819,046),
     Colorado (4,301,261, New Jersey (8,414,350), Washington (5,894,121) and California
28   (33,872,648). See http://quickfacts.census.gov.

14.     ConocoPhillips owns or has an interest in approximately 30,000 miles of pipeline in the United States. Only 792 miles of its pipeline (or 2%) traverse California. See Prosser Decl. ¶ 9, Exh. B at 54. More than 1,250 miles of pipeline span Texas, not including most of the 542 miles of pipeline stretching between the Sweeny refinery in the southern Gulf coast of Texas to Cushing, Oklahoma. See id.

15.     In the United States, ConocoPhillips markets its products through approximately 9,076 outlets in 49 states. California has nearly the equivalent number of outlets as Texas and Missouri. See id. at 40; Prosser Decl. ¶ 13 (California has 1,201, Texas has 1,032, and Missouri has 944). However, on a per capita basis, ConocoPhillips actually markets its products through more outlets in Texas than in California.[3] *Albino v. Standard Ins. Co.*, 349 F. Supp. 2d 1334, 1338 (C.D. Cal. 2004) (finding per capita measure appropriate because California has the largest population and thus will naturally have more gross sales, customers, and employees than other states).

16.     ConocoPhillips participates in the chemicals sector through its 50 percent ownership of Chevron Phillips Chemical Company LLC (CPChem), a joint-venture with ChevronTexaco, headquartered in The Woodlands, Texas. See Prosser Decl. ¶ 10, Exh. C. The majority of CPChem's major facilities in the United States are located in Texas. Its other major facilities are located in Louisiana, Mississippi and Ohio. None are located in California. See id. For all these reasons, ConocoPhillips' operations do not substantially predominate in California. If ConocoPhillips' operations substantially predominate in any one state, that state is Texas.

17.     Even if ConocoPhillips' operations do not substantially predominate in Texas, Texas still would be the Company's principal place business under the alternative "nerve center" test. Where, as here, a corporation's activities are arguably widespread and its operations are conducted in many states, courts apply the "nerve

---

[3] See, supra, footnote 2.

DEFENDANT CONOCOPHILLIPS COMPANY'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441(A), 1446

1  center" test to determine the company's principal place of business.  <u>See</u> <u>Engels v. Exel</u>
2  <u>Global Logistics, Inc.</u>, No. C 04-3944 MHP, 2005 WL 850879, *5 (N.D. Cal. April 11,
3  2005); <u>Arellano v. Home Depot U.S.A., Inc.</u>, 245 F. Supp. 2d 1102, 1106 (S.D. Cal.
4  2003); <u>Ho</u>, 143 F. Supp. 2d at 1165.  Under the "nerve center" test, the principal place
5  of business is the state where the majority of executive and administrative functions are
6  performed.  <u>See</u> <u>Tosco</u>, 236 F.3d at 500.  Relevant factors include where executives
7  reside and maintain offices, where administrative and financial offices are located,
8  where directors and stockholders meet, where income tax returns are filed, and where
9  day-to-day control over the company is executed.  <u>See</u> <u>Unger v. Del E. Webb Corp.</u>, 233
10  F. Supp. 713, 716 (N.D. Cal. 1964), <u>accord</u> <u>State Farm Fire & Casualty Co. v. Byrd</u>, 710
11  F. Supp. 1292, 1293 (N.D. Cal. 1989).

12          18.     Under the "nerve center" test, ConocoPhillips' principal place of business
13  is in Texas.  As explained above, the vast majority of the corporation's executive and
14  administrative functions occur in Texas.  For example, all of the executive officers of
15  ConocoPhillips, including the president, chief financial officer, executive vice-
16  presidents, and general counsel, maintain their offices at ConocoPhillips' headquarters
17  in Houston, Texas.  <u>See</u> Prosser Decl. ¶ 3.  From its Texas headquarters, ConocoPhillips
18  manages day-to-day operations company-wide, including determining and
19  implementing policy regarding human resources, marketing, finance, accounting,
20  income tax, product distribution, and legal issues.  <u>Id</u>. at ¶¶ 2-4.  The Company's board
21  room is in Texas where the board of directors generally meet, and the stockholders
22  meetings are held in Texas.  <u>Id</u>. at ¶ 5.  While its tax returns are filed from its offices in
23  Oklahoma, the Company's financial records are maintained in Texas.  <u>Id</u>. at ¶¶ 6-7.  In
24  short, because ConocoPhillips' executive and administrative functions are concentrated
25  in Texas, under the "nerve center test," Texas is ConocoPhillips' principal place of
26  business.  <u>See</u> <u>Tosco</u>, 236 F.3d at 500.

27

28

19.   ConocoPhillips has no knowledge that any Doe Defendants have been served in this action, and the citizenship of such fictitious defendants is disregarded for purposes of removal. See 28 U.S.C. § 1441(a).

20.   **Amount in Controversy**. Defendant avers, for purposes of this Notice only, that if Plaintiffs prevailed on the claims asserted in this action, the requested monetary recovery would exceed five million dollars.[4] For their First Cause of Action, Plaintiffs allege that for the past three years Defendant "knowingly permitted USW's members, Named Plaintiffs and the class to work without a 30-minute meal period totally relieved of all duties for every five (5) hours of work, in violation of California Labor Code section 226.7 and section 11 of Industrial Welfare Commission Wage Order No. 1-2001." Complaint ¶ 25. Under Section 226.7, employees are entitled to one additional hour of pay for each workday in which proper rest breaks were not provided.

21.   The alleged class of individuals whom Plaintiffs claim are entitled to penalties under Section 226.7 is estimated by Plaintiffs "to number in the hundreds." Complaint ¶ 14. In fact, since 2004, ConocoPhillips has employed at least 700 United Steelworkers International Union, AFL-CIO-CLC ("USW") members each year at its California refineries. Prosser Decl. ¶ 14. Many of the USW members employed at ConocoPhillips' California refineries are typically scheduled to work only seven shifts every two weeks (approximately 161 shifts per year, assuming maximum vacation is taken). Prosser Decl. ¶ 15. Since 2004, the starting hourly pay rate for USW employees has been greater than $18.00. Prosser Decl. ¶ 16.

22.   Although ConocoPhillips strenuously disputes that the USW members it employs did not receive full and proper breaks, if proven as Plaintiffs assert, the proposed class could seek compensation for a minimum of 112,700 penalties per year for missed meal breaks, or a minimum of 338,100 penalties for the three-year period

---

[4] A defendant may make the requisite showing by setting forth additional facts in declarations of knowledgeable company officials. See United Computer Systems, Inc. v. AT&T Corp., 298 F.3d 756, 763 (9th Cir. 2002).

1 alleged in the Complaint. Because USW members earned a starting hourly wage of at
2 least $18.00 (Prosser Decl. ¶ 16), this claim alone places more than $5,000,000 in
3 controversy.

4     23.    There are no grounds that would justify this Court in declining to exercise
5 its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or requiring it to decline to exercise
6 jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

7     24.   **Venue**. The United States District Court for the Central District of
8 California is the judicial district embracing the place where Case No. Case No.
9 BC385637 was filed by Plaintiffs and is therefore the appropriate court for removal
10 pursuant to 28 U.S.C. § 1441(a).

11     WHEREFORE, ConocoPhillips requests that the above action now pending
12 against it in the Superior Court of California, County of Los Angeles, be removed
13 therefrom to this Court.

14

15 Dated: March 27, 2008          AKIN GUMP STRAUSS HAUER & FELD LLP
16                                Catherine A. Conway
                               Mark R. Curiel
17                                Jeremy F. Bollinger

18                            By_____
19                                      Mark R. Curiel
                               Attorneys for Defendant
20                                ConocoPhillips Company

21

22

23

24

25

26

27

28

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On March 27, 2008, I served the foregoing document(s) described as: **DEFENDANT CONOCOPHILLIPS COMPANY'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441(A), 1446** on the interested party(ies) below, using the following means:

Robert A. Cantore, Esq.<br>
Jay Smith, Esq.<br>
Joshua F. Young, Esq.<br>
GILBERT & SACKMAN, A LAW CORPORATION<br>
3699 Wilshire Boulevard, Suite 1200<br>
Los Angeles, California 90010-2732<br>
Telephone: 323.938.3000<br>
Facsimile: 323.937.9139<br>
<i>Attorneys for Plaintiffs</i>

☐ BY PERSONAL SERVICE  I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY MESSENGER SERVICE  I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 27, 2008 at Los Angeles, California.

Sharon Cluff
_____
[Print Name of Person Executing Proof]

_____
[Signature]



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

KG3 / ALL
**Transmittal Number: 5625856**
**Date Processed: 02/27/2008**

| | |
|---|---|
| **Primary Contact:** | Ellen P. Hebert<br>ConocoPhillips<br>600 North Dairy Ashford Road<br>Houston, TX 77079 |

| | |
|---|---|
| **Entity:** | ConocoPhillips Company<br>Entity ID Number 0013132 |
| **Entity Served:** | ConocoPhillips Company |
| **Title of Action:** | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers Internationl Union vs. ConocoPhillips Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court:** | Los Angeles Superior Court, California |
| **Case Number:** | BC385637 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 02/27/2008 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Robert A. Cantore<br>323-938-3000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ConocoPhillips Company, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied
Industrial & Service Workers International Union, AFL-CIO, CLC on
behalf of its members employed by defendants (continued on Attach. 1)

COPY

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 2 2 2008

John A. Clarke, Executive Officer/Clerk

BY SHAUNYA WESLEY, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Superior Court of California, County of Los Angeles <br> 111 No. Hill Street, Los Angeles, CA  90012 | CASE NUMBER: <br> *(Número del Caso):* | BC385637 |
| --- | --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert A. Cantore (SBN 127462)        Phone: (323) 938-3000, Fax: (323) 937-9139
GILBERT & SACKMAN, A Law Corp., 3699 Wilshire Blvd., Ste. 1200, Los Angeles, CA  90010-2732

| DATE: <br> *(Fecha)* | FEB 2 2 2008 | JOHN A. CLARKE, CLERK <br> Clerk, by <br> *(Secretario)* | S. WESLEY | , Deputy <br> *(Adjunto)* |
| --- | --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):*  Conoco Phillips Company

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| United Steel, et al. v. ConocoPhillips, et al. | BC385637 |

## INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[✓] Plaintiff      [ ] Defendant      [ ] Cross-Complainant      [ ] Cross-Defendant

Raudel Covarrubias, David Simmons, and Stephen S. Swader, Sr., individually and on behalf of all other similarly situated current and former employees

Page   1   of   1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

©COPY

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 15 2008

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
D.M. SWAIN

1  Robert A. Cantore (Bar No. 127462)
2  Jay Smith (Bar No. 166105)
   Joshua F. Young (Bar No. 212707)
3  GILBERT & SACKMAN
   A LAW CORPORATION
4  3699 Wilshire Boulevard, Suite 1200
   Los Angeles, California 90010-2732
5  Telephone:   (323) 938-3000
   Fax:         (323) 937-9139

6  *Attorneys for Plaintiffs*

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF LOS ANGELES

10                                      "By Fox"

11  UNITED STEEL, PAPER & FORESTRY, )   Case No.  BC385637
    RUBBER, MANUFACTURING, ENERGY, )
12  ALLIED INDUSTRIAL & SERVICE WORKERS )
    INTERNATIONAL UNION, AFL-CIO, CLC, on )  COMPLAINT FOR UNPAID WAGES,
13  behalf of its members employed by defendants, and )  DAMAGES AND INJUNCTIVE AND
    RAUDEL COVARRUBIAS, DAVID SIMMONS )  OTHER EQUITABLE RELIEF FOR
14  AND STEPHEN S. SWADER, SR., individually )  VIOLATIONS OF CALIFORNIA LAW
    and on behalf of all similarly situated current and )
15  former employees,                     )  CLASS ACTION
                                          )
16                    Plaintiffs,         )
                                          )
17           v.                           )
                                          )
18                                        )
    CONOCOPHILLIPS COMPANY and DOES 1 )
19  through 10, inclusive,                )
                                          )
20                                        )
                    Defendants.           )
21                                        )
                                          )
22  _____ )

23

24       Plaintiffs, complaining of defendants, respectfully allege as follows:

25                          **INTRODUCTION**

26       1.      Plaintiff United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied

27  Industrial & Service Workers International Union, AFL-CIO, CLC (the "USW"), suing on behalf

28  of the members of its bargaining unit who are or were employed by defendants, brings this action

COMPLAINT FOR UNPAID WAGES

1  both in a representative capacity and on behalf of a proposed class of similarly situated current and

2  former employees of defendants for violations of California's labor laws and regulations.

3       2.     Plaintiffs Raudel Covarrubias, David Simmons and Stephen S. Swader, Sr.

4  (individually, a "Named Plaintiff," and collectively, "Named Plaintiffs") brings this action

5  individually and on behalf of a proposed class of similarly situated current and former employees

6  who are or were employed in California by one or more of the defendants for violations of

7  California's labor laws and regulations.

8       3.     Plaintiffs seek class-wide relief under California law for Defendants' breaches of

9  their legal obligation to provide employees with unpaid, 30-minute meal periods, totally relieved

10  of all duties, for every 5 hours of work.

11       4.     Named Plaintiffs, suing on behalf of themselves, the class members and the general

12  public, also seeks relief under California law for Defendants' unfair competition and unlawful,

13  unfair, or fraudulent business practices of depriving their employees of their rights under

14  California labor laws and regulations, all to reduce their payroll costs and increase their profits,

15  and all in violation of applicable law.

16       5.     The basis for the requested relief is as follows:

17       5.1.    It is unlawful in the State of California for an employer:

18           5.1.1.   To fail to allow employees at least one, 30-minute unpaid meal period

19  totally relieved of all duties for every five (5) hours of work; :

20           5.1.2.   To fail to keep accurate records of meal periods taken by employees;

21  and

22           5.1.3.   To engage in business practices that are forbidden by law, including

23  business practices that violate California employment laws.

24       5.2.    Defendants have engaged in patterns and practices of committing these

25  unlawful acts to the detriment of USW's members consisting of Named Plaintiffs and the proposed

26  class.

27  ///

28  ///

COMPLAINT FOR UNPAID WAGES        2

## THE PARTIES

6.     USW is a unincorporated association which functions as a labor organization

representing employees within the State of California.

6.1.    As a labor organization, USW exists in part for the purpose of dealing with

employers like defendants concerning labor disputes, wages, rates of pay, hours of work and other

terms and conditions of employment. USW exists to advance and promote the best interests of its

members and, under its constitution, may pursue this action on behalf of its members.

6.2.    At all times mentioned, USW maintained a principle place of business in

California at 927 South Village Oaks Drive, Suite 100, Covina, CA 91724.

7.     Named Plaintiffs reside in Los Angeles County, California, are employed by

Defendants within the State of California, are members of USW and are "employee[s]" as defined

in Industrial Welfare Commission Wage Order No. 1-2001.

8.     USW's members consisting of Named Plaintiffs and the proposed class performed

work for defendants within the State of California. Wholly or partly because defendants desired

to lower their costs and increase their profits, USW's members consisting of Named Plaintiffs and

the proposed class routinely were denied unpaid meal periods or were forced to perform duties

during paid and unpaid meal periods without additional compensation.

9.     Plaintiffs are informed and believe, and on the basis of such information and belief

allege, that defendant ConocoPhillips Company ("ConocoPhillips") is an international oil

company. Plaintiffs are further informed and believe, and on the basis of such information and

belief allege, that ConocoPhillips, either directly or through a subsidiary or other relationship,

owns and/or operates oil refineries located in Carson, Santa Maria and Rodeo, California (the

"Refineries").

10.     USW and ConocoPhillips are parties to a series of collective bargaining agreements

covering an appropriate bargaining unit of employees employed by ConocoPhillips at the

Refineries. Named Plaintiffs and the proposed class are or were members of the bargaining unit

covered by these agreements.

///

COMPLAINT FOR UNPAID WAGES                    3

1    11.    The true names and capacities of the defendants sued as DOES 1 through 10,
2    inclusive, whether individual, corporate, associative, or otherwise, are unknown to Plaintiffs.
3    DOES 1 through 10 are divisions, parent corporations, subsidiaries and/or affiliated entities of
4    ConocoPhillips. Plaintiffs will seek leave to amend this complaint to state the true names and
5    capacities of such defendants when such names and capacities are ascertained.

6    12.    Plaintiffs are informed and believe, and on the basis of such information and belief
7    allege, that at all times mentioned herein, Defendants and each of them, directly or indirectly, or
8    through an agent or any other person, employed and/or exercised control over the wages, hours,
9    or working conditions of USW's members, Named Plaintiffs and the members of the class; and
10   that Defendants and each of them were the joint employers of USW's members, of Named
11   Plaintiffs and of the class.

12   13.    Plaintiffs are informed and believe, and on the basis of such information and belief
13   allege, that, at all times mentioned herein, Defendants and each of them were the agents or
14   employees of each other, and were acting in the course and scope of such agency or employment
15   when committing or failing to commit the acts alleged.

16                          **CLASS ALLEGATIONS**

17   14.    The plaintiff class consists of all employees of Defendants represented by the USW
18   who are currently employed, or during the applicable limitations periods were employed at the
19   Refineries in the State of California. The class is estimated to number in the hundreds.

20   15.    All members of the class are similarly situated in that each member has not been
21   given required meal periods every workday. Defendants' failures to provide meal periods affected
22   each member of the class, including Named Plaintiffs, in a similar fashion.

23   16.    Defendants' employment policies and practices raise questions of fact common to
24   the class including:

25        16.1.   Whether Defendants failed to provide Named Plaintiffs and members of the
26        class meal periods in accordance with applicable California law;

27        16.2.   Whether Defendants failed to keep accurate records of the meal periods
28        provided to Named Plaintiffs and members of the class in accordance with applicable

COMPLAINT FOR UNPAID WAGES                    4

California law; and

     16.3.   Whether Defendants maintain or have maintained common policies that failed to properly compensate Named Plaintiffs and members of the class.

17.   Questions of law common to the class include:

     17.1.   Whether an employer violates California law by failing to provide similarly situated employees performing similar tasks with uninterrupted meal periods;

     17.2.   What compensatory damages, and injunctive and other equitable relief are Named Plaintiffs and members of the class entitled to receive from Defendants; and

     17.3.   Whether an entity that does not directly pay an employee but that directly or indirectly, or through an agent or any other person, exercises control over the wages, hours, or working conditions of the employee is the employee's employer and liable to the employee for violations of California's wage and hour law and regulations.

18.   The claims of Named Plaintiffs are typical of the claims of the class:

     18.1.   Named Plaintiffs' claims encompass the challenged practices and common courses of conduct of Defendants;

     18.2.   Named Plaintiffs' claims arise out of the alleged courses of conduct by Defendants and are based on the same legal theories as the claims of the unnamed class members. The legal issues as to which California laws are violated by such conduct apply equally to Named Plaintiff and members of the class.

19.   Plaintiffs will fairly and adequately protect the interests of the class.

20.   The prosecution of separate actions by or against individual members of the class would create a risk of:

     20.1.   Inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the parties opposing the class; and

     20.2.   Adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

21.    Defendants have acted and refused to act on grounds generally applicable to class members, thereby making appropriate final injunctive relief with respect to class members as a whole.

22.    The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy:

22.1.  Class members have little or no interest in individually controlling the prosecution of separate actions;

22.2.  Plaintiffs are aware of no other litigation concerning the controversy already commenced by members of the class; and

22.3.  It is desirable to concentrate the litigation of the claims in this Court because some or most of the complained of practices occurred here and Defendants otherwise conduct business in this jurisdiction.

23.    This action is manageable as a class action because compared with any other method, such as individual interventions or the consolidation of individual actions, a class action is fairer and more efficient.

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS:
## CLASS ACTION BY ALL PLAINTIFFS FOR
## VIOLATION OF CALIFORNIA LAW
## BY FAILING TO ALLOW MEAL PERIODS

24.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 23 above as if repeated here in full.

25.    For each work week within the three years prior to the filing of this complaint, Defendants have knowingly permitted USW's members, Named Plaintiffs and the class to work without a 30-minute meal period totally relieved of all duties for every five (5) hours of work, in violation of California Labor Code section 226.7 and section 11 of Industrial Welfare Commission Wage Order No. 1-2001.

COMPLAINT FOR UNPAID WAGES                    6

1        26.     USW's members consisting of Named Plaintiff and the class have been entitled to

2   one (1) hour of pay at their regular rate of compensation for each workday that a 30-minute meal

3   period was not provided for every five (5) hours of work. Because the records of hours and days

4   of work are in Defendants' custody and control, Plaintiffs are not able to liquidate damages at this

5   time.

6        27.     Plaintiffs are entitled to an award of their reasonable attorney's fees and costs,

7   pursuant to section 218.5 of the California Labor Code.

8

9                  **SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS:**

10                        **CLASS AND REPRESENTATIVE ACTION**

11                             **BY NAMED PLAINTIFFS FOR**

12              **RESTITUTION, DISGORGEMENT, AND INJUNCTIVE AND**

13                    **OTHER EQUITABLE RELIEF FOR VIOLATIONS**

14                         **OF STATE UNFAIR COMPETITION LAW**

15        28.     Named Plaintiffs repeat and realloge each and every allegation contained in

16   paragraphs 1 through 27 above as if they were reprinted here in full.

17        29.     For the four years prior to the filing of this complaint, the conduct and practices of

18   Defendants and each of them in violating state wage and hour laws and regulations, as alleged

19   above, constitute unlawful, unfair, or fraudulent business practices within the meaning of section

20   17200 of the California Business & Professions Code, and violate California's Unfair Competition

21   Law, Cal. Bus. & Prof. Code sections 17200 - 17209.

22        30.     Named Plaintiffs are entitled to equitable relief, including restitution for the Named

23   Plaintiffs and all similarly situated current and former employees employed by Defendants, of all

24   unpaid wages to which they were entitled under applicable law as redress for Defendants' acts

25   constituting unfair competition and to injunctive relief against future acts constituting unfair

26   competition, pursuant to sections 17201 and 17203 of the California Business and Professions

27   Code.

28   ///

COMPLAINT FOR UNPAID WAGES                    7

31.     Named Plaintiffs are entitled to an award of his reasonable attorney's fees and costs, pursuant to, among other authorities, section 1021.5 of the California Code of Civil Procedure.

WHEREFORE, PLAINTIFFS REQUEST JUDGMENT AGAINST DEFENDANTS AND EACH OF THEM AS FOLLOWS:

1.     For compensatory damages, including unpaid wages, all in accordance with proof;

2.     For restitution to Named Plaintiffs and the class, including unpaid wages, for all uncompensated work and for meal and rest periods that were not provided to Named Plaintiffs and the class in accordance with proof;

3.     For injunctive relief to restraining Defendants and each of them:

    3.1.     From failing to pay Named Plaintiffs and the class at premium rates for all meal periods worked;

    3.2.     From failing to keep accurate records showing all the meal periods that Defendants permit Named Plaintiffs and the class to take;

    3.3.     From failing to give Named Plaintiffs and the class unpaid, 30-minute lunch periods for every 5 hours in a work day; and

    3.4.     To prohibit Defendants engaging in acts constituting unfair competition.

4.     For a declaration of the rights and obligations of Defendants and the class under California law.

5.     For attorney's fees and costs of litigation, pursuant to sections 218.5 and 1194 of the California Labor Code, section 1021.5 of the California Code of Civil Procedure, and other applicable legal authorities; and

COMPLAINT FOR UNPAID WAGES                    8

323 937 9139          GILBERT & SACKMAN                              01:56:32 p.m.    02-15-2008       16/16

1     6.     For such other and further relief as the Court may deem just and equitable.

2

3    DATED:        February 15, 2008          Respectfully submitted,

4                                            **GILBERT & SACKMAN**
                                             A Law Corporation
5

6                                            By
7                                               Robert A. Cantore

8                                            Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   C1-131.usw

28

COMPLAINT FOR UNPAID WAGES                          9

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV08- 2068 PSG (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Industrial & Service Workers Int'l. Union, AFL-CIO, CLC, Raudel Covarrubias, David Simmons and Stephen S. Swader, Sr. | ConocoPhillips Company |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Los Angeles | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): Texas |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Robert A. Cantore (SBN 127462)<br>Gilbert & Sackman<br>3699 Wilshire Blvd., #1200<br>Los Angeles, CA 90010<br>(310)938-3000 | Catherine A. Conway (SBN 98266)<br>Mark R. Curiel (SBN 222749)<br>Akin Gump Strauss Hauer & Feld LLP<br>2029 Century Park East, #2400<br>Los Angeles, CA 90067<br>(310)229-1000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
Alleged
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $ >** 5,000,000.00 equivalent to

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Claim for missed meal breaks under Cal. Lab. Code section 226.7 and Cal. Bus. & Prof. Code section 17200; removed based on 28 U.S.C. section 1332(d)(2).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☒ 791 Empl. Ret. Inc. Security Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | PROPERTY RIGHTS |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 820 Copyrights |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | ☐ 830 Patent |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 840 Trademark |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | SOCIAL SECURITY |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determina-tion Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number:

CV08-02068

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case?  [X] No  [ ] Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above

in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

[ ] Check here if the U.S. government, its agencies or employees is a named plaintiff.

Los Angeles (all plaintiffs)

List the California County, or State if other than California, in which **EACH** named defendant resides.   (Use an additional sheet if necessary).

[ ] Check here if the U.S. government, its agencies or employees is a named defendant.

Texas

List the **California County**, or State if other than California, in which **EACH** claim arose.   (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

Los Angeles

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date  Mar. 25, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  2029 Century Park East, Suite 2400, Los Angeles, California 90067.  On March 27, 2008, I served the foregoing document(s) described as:

**CIVIL COVER SHEET**

on the interested party(ies) below, using the following means:

Robert A. Cantore, Esq.
Jay Smith, Esq.
Joshua F. Young, Esq.
GILBERT & SACKMAN, A LAW CORPORATION
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010-2732
Telephone: 323.938.3000
Facsimile: 323.937.9139
*Attorneys for Plaintiffs*

☐ BY PERSONAL SERVICE  I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY MESSENGER SERVICE  I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 27, 2008 at Los Angeles, California.

Sharon Cluff
_____
[Print Name of Person Executing Proof]

_____
[Signature]

CIVIL COVER SHEET
