O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#50

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 12, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Granting Motion for Leave to File Counterclaims

      Before the Court is Defendant's motion for leave to file counterclaims.  The Court finds the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local R. 7-15.  After considering the moving and opposing papers, the Court hereby GRANTS Defendant's motion.

I.   Background

      ConocoPhillips ("Defendant") is an international oil company which operates oil refineries in Los Angeles, Santa Maria, and Rodeo, California (the "refineries").  United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC ("USW") is a labor organization that represents many of the employees who work at the refineries.  Defendant and USW are parties to a collective bargaining agreement ("CBA") that governs the terms and conditions of covered employees working at the refineries.

      USW and individually named Plaintiffs Raudel Covarrubias, David Simmons, and Stephen Swader filed a class action complaint in Los Angeles Superior Court on February 15, 2008, seeking damages and injunctive relief for Defendant's alleged failure to provide its employees with meal breaks as required by California law.  Defendant filed its answer on March 26, 2008 and removed the action to this Court on March 27, 2008.  Defendant now moves for leave to file counterclaims against USW.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#50**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 12, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

II.   Legal Standard

  Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading "only by leave of court or by written consent of the adverse party." The Court should grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has explained that this standard should be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

  Federal Rule of Civil Procedure 13(f) specifically governs the procedure for adding omitted counterclaims. It provides that a court may grant leave to amend when the moving party demonstrates "oversight, inadvertence, or excusable neglect, or when justice so requires." Courts considering motions to amend a pleading to include an omitted counterclaim generally "adhere to the liberal amendment policy of Rule 15 in deciding whether to grant the requested leave." *Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.*, 220 F.R.D. 614, 620 (C.D. Cal. 2003) (internal punctuation and citations omitted). Generally, a court should grant leave to add counterclaims unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment. *Id.* (citing *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

III.   Discussion

  A.   Meet and Confer Requirement

  As an initial matter, Plaintiffs contend that Defendant's motion was preceded by an inadequate meet-and-confer process, in violation of Local Rule 7-3. Local Rule 7-3 and the Court's Standing Order require "counsel contemplating the filing of any motion [to] first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." This conference must take place at least twenty days prior to the filing of the motion. L.R. 7-3.

  On December 17, 2008, Defendant's counsel sent opposing counsel a letter laying out its proposed counterclaims and expressing a desire to meet and confer. Plaintiffs' counsel did not respond to the letter until December 29, 2009. The parties exchanged a series of letters over the next several days and spoke on the telephone on January 5, 2009. Plaintiffs identify January 5, 2009 as the date of conference of counsel and argue that it was untimely, as this motion was

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#50**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 12, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

filed on January 8, 2009.  However, Plaintiffs have not adequately justified their delay in responding to Defendant's letter of December 17, 2008.  The Court will reach the merits of Defendant's motion, but reminds counsel that they are required to comply with the Standing Order and all Local Rules.

      B.    <u>Motion for Leave to File Counterclaims</u>

      Defendant attached a copy of its proposed pleading as Exhibit A.  The counterclaims include the following counts: (1) breach of contract; (2) indemnity or, alternatively, contribution; and (3) reformation or, alternatively, rescission based on mutual mistake.  According to Defendant, it learned through discovery that USW breached the CBA.  Thus, Defendant contends, it should be indemnified or USW should be required to contribute to whatever damages were caused by the alleged meal break violations.  Furthermore, Defendant argues, should it be found to have violated California law based on its actions in conformity with the CBA, the agreement should be reformed or rescinded based on mutual mistake.

      Plaintiffs contend that leave to amend should be denied because Defendant has failed to demonstrate oversight, inadvertence, or excusable neglect.  However, Plaintiffs misconstrue the requirements of the Federal Rules (perhaps because they have omitted, in quoting Rule 13(f), the permissive language instructing that leave to amend be given "when justice so requires").  The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility of amendment.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  There is a presumption in favor of granting leave to amend, unless the opposing party demonstrates substantial prejudice or a makes a *strong showing* of any of the other relevant factors.  *Id.*

      Plaintiffs argue that Defendant has not produced any evidence justifying its delay in asserting the counterclaims.  Under Ninth Circuit precedent, undue delay, by itself, is insufficient to justify denial of a motion to amend; rather, the opposing party must make some showing of prejudice, bad faith, or futility of amendment.  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  Plaintiffs also contend that each of the proposed counterclaims would be futile. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim."  *Miller v. Rykoff-Sexton*, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  Thus, the standard is identical to the one used when considering the sufficiency of a pleading challenged on a motion to dismiss under Federal Rule

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#50

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 12, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

of Civil Procedure 12(b)(6). *Id.* (citation omitted).

(i) Breach of Collective Bargaining Agreement

Defendant's proposed breach of contract claim includes the following allegations:

USW made express representations that USW is responsible for ensuring the health and safety of USW Members at the Refineries, including the taking of meal breaks.

USW specifically agreed that certain USW members would take paid 30-minute meal breaks under the CBA.

As material inducement to ConocoPhillips to enter into an agreement regarding the terms and conditions of employment of USW Members, as specified in the CBA, and to which terms ConocoPhillips would not have agreed to absent the express representation by USW that USW and USW Members would perform and adhere to such expectations, USW agreed to be responsible for monitoring, investigating, reviewing, and improving the health and safety conditions at the Refineries, including the issue related to the taking of meal breaks.

Counterclaim ¶¶ 20-22. Plaintiffs argue that this counterclaim is futile because USW was not contractually obligated to ensure that Defendant complied with state law on meal periods.

Defendant did not attach a copy of the CBA to its proposed pleading. Thus, it is unclear precisely which provisions Defendant alleges that USW breached. However, Defendant attached, as Exhibit C, a copy of "the relevant pages of [the CBA] to the deposition transcript of Raudel Covarrubias." This section of the CBA sets forth a number of measures dealing with health and safety at the refineries. Also included are two "Side Agreements," which, among other things, provide for: (1) the creation of a "Health and Safety Review Committee" which shall "engag[e] in a comprehensive study of the application and operation" of health and safety programs, and (2) the creation of a "Heath and Safety Representative" who will participate in "the inspection, investigation and review of health and safety conditions and practices" and "developing and implementing recommendations regarding corrective measures which would

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#50**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 12, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

eliminate unsafe conditions and practices." *Ex. C* at 25-26.

Pointing to Exhibit C, Plaintiffs contend that the contractual duty therein ran from Defendant to Plaintiffs, and not the other way around. In so arguing, Plaintiffs rely on *United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 110 S. Ct. 1904, 109 L. Ed. 2d 362 (1990). In *Rawson*, survivors of miners brought a wrongful death action against the miner's union for proximately causing the miners' deaths in an underground fire by failing to reasonably inspect safety conditions in the mines. *Id*. at 365. The Supreme Court held that nothing in the collective bargaining agreement indicated that the union had assumed a duty toward its members to inspect the mines. *Id.* at 375.

In the instant case, the Court is unable to conclude that Defendant's breach of contract claim would be futile under *Rawson*. In *Rawson*, the Supreme Court was engaged in contractual interpretation; its holding was limited to the specific terms of the collective bargaining agreement at issue in that case. The Court did not hold that, as a matter of law, a CBA cannot create any obligation running from a union to an employer.

Here, the Court is unable to conclude, at this stage in the proceedings, that USW assumed no duties to help ensure the health and safety of employees at the refineries, nor can the Court determine that USW did not agree that its members would take paid 30-minute meal periods under the CBA. Plaintiffs have not shown that Defendant could prove no set of facts constituting a valid claim for breach of contract. Accordingly, Plaintiffs have failed to establish that amendment would be futile. See *Miller*, 845 F.2d at 214.

   (ii) <u>Contribution/Indemnity</u>

Defendant's second proposed counterclaim is for indemnity or, alternatively, contribution. Defendant indicates that it seeks indemnity and/or contribution as remedies for its breach of contract claim; thus, this "counterclaim" is not truly an independent cause of action.

Plaintiff argues that Defendant cannot establish a right to contribution because USW is not jointly liable on Plaintiffs' meal period claim. However, Plaintiffs' entire argument relies on the faulty premise that California's contribution statute "applies to such a claim in a federal diversity case like this one." Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, preempts state law causes of action and the application of state law remedies in

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#50**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 12, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

cases alleging breach of a CBA. *See, e.g., Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988). Therefore, Plaintiffs' arguments based on California law are inapplicable, and Plaintiffs have failed to establish that amendment would be futile.

      (iii)    Reformation/Rescission

Defendant's third proposed counterclaim is for reformation or rescission of the CBA. Plaintiffs maintain that this amendment would be futile because the CBA was cancelled by its own terms on January 31, 2009; therefore, the claim is moot.

Defendant responds that the terms of the CBA remain in effect, despite the expiration of the agreement, because the parties have not yet successfully negotiated the terms of a new CBA or bargained to impasse. Therefore, Defendant is still bound to the terms of the old CBA, as unilateral changes to existing terms or conditions of employment constitute unfair labor practices under federal law. If Plaintiffs secure an injunction in their action for meal period violations, Defendant argues, it may need reformation or rescission of the old CBA in order to comply with the Court's order.

Federal courts "have been aggressive in determining that a collective bargaining dispute remains live because the disputed issue continues to shape the parties' periodic bargaining or day-to-day interaction." *Int'l Ass'n of Machinists & Aerospace Workers, Local Lodge 964 v. B.F. Goodrich Aerospace Aerostructures Group*, 387 F.3d 1046, 1049 (9th Cir. 2004) (citations omitted) (action seeking a declaratory judgment that the terms of an expired CBA were illegal was not moot). In the instant case, the parties have not executed a new CBA or bargained to impasse. Accordingly, Defendant must continue to honor the terms and conditions of the expired CBA. *See Litton Fin. Printing Div. v. Nat'l Labor Relations Bd.*, 501 U.S. 190, 198, 111 S. Ct. 2215, 115 L. Ed. 2d 177 (1991) (an employer commits an unfair labor practice if it effects a unilateral change in employment terms or conditions, even when an existing CBA has expired and negotiations on a new one are not completed); *Laborers Health & Welfare Trust Fund for N. Cal. v. Adv. Lightweight Concrete Co., Inc.*, 484 U.S. 539, 544 n.6, 108 S. Ct. 830, 98 L. Ed. 2d 936 (1989). Thus, the "the disputed issue continues to shape the parties' periodic bargaining or day-to-day interaction," and Defendant's counterclaim for reformation and/or rescission is not moot. *See B.F. Goodrich,* 387 F.3d at 1049.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#50

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 12, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

  Alternatively, Plaintiffs contend that the claim for reformation or rescission is futile because Defendant cannot establish mutual mistake. However, in making this argument, Plaintiffs again rely on California law, which is, as the Court explained above, preempted in this case by § 301 of the LMRA. Plaintiffs cite *Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 456, 77 S. Ct. 912, 1 L. Ed. 2d 972 (1957), for the proposition that this Court may look to California law to resolve the claim for reformation or rescission. Although state law may inform federal courts' development of federal common law, federal law still governs claims like this one for breach of a collective bargaining agreement. *See, e.g., id.* The Court may not rely on the California cases cited by Plaintiffs to find the counterclaim futile.

  C. <u>Sanctions</u>

  In their opposing brief, Plaintiffs request sanctions against Defendant's counsel under 28 U.S.C. § 1927. Plaintiffs argue that sanctions are warranted because Defendant's motion was filed recklessly and in bad faith.

  28 U.S.C. §1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Because of its penal nature, § 1927 is strictly construed. William W. Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, Federal Procedure Before Trial § 17:633 (The Rutter Group 2008). Sanctions under § 1927 must be supported by a showing of "subjective bad faith," such as tactics undertaken with the intent to harass or to increase expenses. *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

  In the instant case, Plaintiffs have not shown that Defendant's counsel acted recklessly or in bad faith. First, Plaintiffs point to the purportedly untimely conference of counsel. However, as the Court stated above, Plaintiffs' counsel has not sufficiently explained its own delay in responding to opposing counsel's letter regarding this motion. The parties' "he-said, she-said" dispute over whether Rule 7-3 was satisfied here is not a proper basis for imposing sanctions.

  Plaintiffs also complain that Defendant strategically timed its motion to overwhelm Plaintiffs' attorneys, as the latter has more limited resources. However, attorneys are often forced to deal with multiple motions filed in close succession. Plaintiffs have failed to submit any evidence that Defendant's counsel acted in subjective bad faith or with the intent to harass.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#50**

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 12, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

The request for sanctions is denied.

IV.   Conclusion

For the foregoing reasons, Defendant's motion for leave to file counterclaims is GRANTED.

**IT IS SO ORDERED.**