O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#39

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

  Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

          Not Present                                  Not Present

**Proceedings:    (In Chambers) Order Denying Plaintiffs' Motion for Class Certification**

Before the Court is Plaintiffs' motion for class certification. After considering the moving and opposing papers, as well as oral argument at the March 16, 2009 hearing, the Court hereby DENIES the motion.

I.    Background

ConocoPhillips ("Defendant") is an international oil company which operates oil refineries in Los Angeles,[1] Santa Maria, and Rodeo, California (the "refineries"). United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC ("USW") is a labor organization that represents many of the employees who work at the refineries. USW and Defendant are parties to a collective bargaining agreement ("CBA") that sets forth the wages, hours, and working conditions of the refinery employees.

On February 15, 2008, USW and representative plaintiffs David Simmons, Raudel Covarrubias, and Stephen Swader filed a class action lawsuit in Los Angeles Superior Court, alleging that Defendant failed to provide meal periods as required by California law. The

---

[1] The Los Angeles refinery is composed of two linked facilities located approximately five miles apart in Carson and Wilmington. *See Prosser Decl. in Support of Removal*, Ex. B at 51.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#39**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

putative class encompasses

> all former, current, and future non-exempt hourly employees of Defendant ConocoPhillips who, at any time since February 15, 2004, worked as an Operator or in the laboratory on a shift schedule at a ConocoPhillips refinery located in Los Angeles, Santa Maria, or Rodeo, California.

Defendant removed the action to this Court on May 27, 2008. Plaintiffs now move for class certification.

II.     Legal Standard

        A court may certify a class if a plaintiff has met all the prerequisites of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *Valentino v. Carter-Wallace, Inc*., 97 F.3d 1227, 1234 (9th Cir. 1996). The burden lies with the plaintiff to establish that the Rule 23(a) and Rule 23(b) requirements have been met. *Zinser v. Accufix Research Inst., Inc*., 253 F.3d 1180, 1186 (9th Cir. 2001).

        Under Rule 23(a), a plaintiff must demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representatives are typical of the claims or defenses of the class; and (4) the class representatives will fairly and adequately protect the interests of all members of the class. Fed. R. Civ. P. 23(a).

        If all four prerequisites of Rule 23(a) are satisfied, a plaintiff must also establish that one or more of the grounds for maintaining the suit under Rule 23(b) are met, including: (1) that there is a risk of substantial prejudice from separate actions; (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) common questions of law or fact predominate and the class action is superior to other available methods of adjudication. *See* Fed. R. Civ. P. 23(b).

III.    Discussion

        A.      Rule 23(a) Requirements

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#39**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

*(i) Numerosity*

The first requirement for maintaining a class action under Rule 23(a) is that the class is so numerous that joinder of all members would be "impracticable." Fed. R. Civ. P. 23(a)(1). In the instant case, there are approximately six hundred members of the proposed class. Given the substantial number of putative class members, the Court finds that joinder would be impracticable. *See In re Itel Sec. Litig.*, 89 F.R.D. 104, 111-12 (N.D. Cal. 1981) (when number of class members exceeds one hundred, numerosity requirement will usually be met). Accordingly, the numerosity requirement is satisfied.

*(ii) Commonality*

To fulfill the commonality prerequisite of Rule 23(a)(2), plaintiffs must establish that there are questions of law or fact common to the class as a whole. Fed. R. Civ. P. 23(a)(2). The Ninth Circuit has construed Rule 23(a)(2) permissively. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998). The commonality requirement may be satisfied by either (1) the existence of a shared legal issue with divergent facts, or (2) a common core of salient facts with disparate legal remedies. *Id.*

In the instant case, Plaintiffs have identified the following issues as common questions of law or fact:

(1) Whether Defendant failed to provide class members meal periods in accordance with California law;

(2) Whether Defendant failed to provide class members lawful meal periods when the members of the class were "on duty" during the entirety of their 12-hour shifts;

(3) Whether Defendant maintains or has maintained common policies that failed to properly compensate class members for missed meal periods;

(4) Whether class members are entitled to an injunction requiring Defendant to adopt a meal period policy consistent with California law.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#39**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

Defendant contends that commonality does not exist because (1) testimony from individual Plaintiffs demonstrates that they routinely receive meal breaks; (2) each employee's claim will depend upon individual evidence as to whether a meal break was "provided"; and (3) Plaintiffs' "on duty" meal periods theory of liability is contrary to California law. However, Defendant seemingly misinterprets the commonality requirement, particularly with its third point. Whether or not Plaintiffs' theory of recovery is viable *is*, quite clearly, a common question of law. As discussed more thoroughly in the Court's order on Defendant's motion for summary judgment, Plaintiffs argue that Defendant had a common policy of requiring Plaintiffs to remain "on duty" during their meal periods, as they were subject to interruption during meal breaks, were required to carry a radio, and had to be ready to work at all times. According to Plaintiffs, such a "on duty" paid meal period is permitted only under certain circumstances, which were not satisfied here. Defendant's conflicting interpretation of California's meal period requirements does not defeat commonality. To the contrary, it highlights the existence of common questions of law and fact that are central to the resolution of this litigation. Accordingly, the commonality requirement is met.

*(iii) Typicality*

A representative plaintiff must also establish that his claims are typical of those of the class. Fed. R. Civ. P. 23(a)(3). The standard is permissive: "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

(a) Representative Plaintiffs

First, Defendant argues that Plaintiffs have not established typicality since two of the Representative Plaintiffs, Simmons and Covarrubias, are not members of the putative class because each works at the Wilmington refinery, a facility omitted from the Complaint. This argument is disingenuous at best. Defendant itself has indicated elsewhere that the Los Angeles refinery—which was named in the Complaint—is comprised of two facilities, Carson and Wilmington, that are linked together.

Defendant also contends that the claims of Simmons and Covarrubias are not typical of the class because their testimony shows that they have not suffered missed meal breaks.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#39**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

However, as set forth in the Court's order denying Defendant's motion for summary judgment on Simmons and Covarrubias's claims, they, like other members of the class, have viable claims for unlawful "on duty" meal periods.

Next, Defendant contends that the claims of all three Representative Plaintiffs are atypical "because of their unique positions in the USW." Swader and Covarrubias allegedly negotiated the 12-Hour Shift Agreement with which they now find fault, while Simmons is the USW Health and Safety Representative and thus is charged with ensuring compliance with safety and health regulations at the refineries. Defendant's argument that these facts create a conflict of interest, however, seems to presume that the Representative Plaintiffs would somehow be individually liable to the rest of the class for negotiating the CBA and failing to ensure Defendant's compliance with California law. However, this is clearly not the case. Moreover, the Representative Plaintiffs are suing in their individual capacities for the vindication of their rights as employees, and on behalf of their fellow employees; they are not suing as union officers. *Lynch v. Sperry Rand Corp.*, 62 F.R.D. 78, 82 (S.D.N.Y. 1973). Accordingly, their claims are typical of the members of the class. *See id.*

   (b) USW

Defendant argues that USW cannot satisfy the typicality requirement because it lacks standing to bring this suit on behalf of its members. As an initial matter, the Court notes that the issue of standing is "analytically distinct from class action requirements." William W. Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, Federal Procedure Before Trial § 10:303 (The Rutter Group 2008) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977)). However, because the doctrine of standing is an essential part of the "case or controversy" requirement of Article III of the Constitution, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992), the Court will address it here.

An organization has standing to sue on behalf of its members if: (1) its members would otherwise have standing to sue in their own right; (2) the interests the association seeks to protect are germane to its purpose; and (3) neither the claim asserted nor the relief requested requires the participation of the individual members in the lawsuit. *Hunt*, 432 U.S. at 342-43. In the instant case, Defendant argues that the third prong is not met because USW may not seek monetary damages on behalf of its members and is limited to suing for injunctive relief.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#39

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

Federal courts "have consistently held that claims for monetary relief necessarily involve individualized proof and thus the individual participation of association members, thereby running afoul of the third prong of the *Hunt* test." *United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1400 (9th Cir. 1990). In *U.S. ex rel. United Bhd. of Carpenters & Joiners Local Union No. 2028 v. Woerfel Corp.*, 545 F.2d 1148 (8th Cir. 1976), the Eighth Circuit rejected a union's claim that § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, confers standing on a union to sue for unpaid wages on behalf of its members. *Id.* at 1151; *see also United Union of Roofers*, 919 F.2d at 1400 (rejecting union's attempt to sue on behalf of its members for past wages); *New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am.*, 18 F.3d 1161, 1165 (4th Cir. 1994) (union lacked standing to sue for monetary damages for misuse of federal job training funds); *Local 194, Retail, Wholesale & Dept. Store Union v. Standard Brands, Inc.*, 540 F.2d 864, 865 (1st Cir. 1976) (Title VII claim). Similarly, here, USW lacks standing to seek monetary damages on behalf of its members for violations of state meal break laws.

Plaintiffs point to *Nat'l Fed'n of the Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1192 (N.D. Cal. 2007), in which a district court found that it need not reach the question of the union's standing to sue for damages because individuals were participating in the lawsuit and clearly had standing to seek monetary relief. The Court does not find the reasoning of this nonbinding authority persuasive. The presence of individual plaintiffs does not alter the fact that the union *itself* cannot sue for monetary damages. In other words, the participation of three employees as Representative Plaintiffs cannot cure the standing deficiency or confer standing upon the union where it otherwise does not exist. *See Standard Brands*, 540 F.2d at 865 (in Title VII action brought by union and three individual members, union lacked standing to seek back pay or other individualized forms of monetary relief); *New Beckley*, 18 F.3d at 1165 (union failed to meet third prong of *Hunt* test regardless of participation of individual members in the suit). Accordingly, although USW has standing to seek injunctive relief, it may not pursue monetary damages on behalf of its members.

*(iv) Adequate Representation*

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This standard is met where (1) the proposed representative plaintiff does not have conflicts of interest with the proposed class, and (2) the plaintiff is represented by qualified and competent counsel. *Dukes v.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#39

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

*Wal-Mart, Inc.*, 509 F.3d 1168, 1185 (9th Cir. 2007). Class certification will be denied when a representative plaintiff's interests are antagonistic to those of other class members, or when the named plaintiff is subject to unique defenses that will be a major focus of the litigation. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

    (a) USW

  In the instant case, Defendant has filed counterclaims against USW, alleging that USW negotiated the shift schedule which Plaintiffs now challenge and that USW failed to carry out duties it undertook to help safeguard the health and safety of employees at the refineries. Although the Court expresses no opinion on the merits of Defendant's counterclaims, USW now faces liability and may be forced to indemnify Defendant and/or contribute to its damages if Plaintiffs succeed on their meal period claims. Accordingly, USW's interests are not properly aligned with those of the class.[2] *Lynch*, 62 F.R.D. at 84; *Commc'ns Workers of Am. v. N.Y. Tel. Co.*, No. 73 Civ. 3352, 1974 WL 204, at *3 (S.D.N.Y. July 11, 1974) (union not adequate representative where employer counterclaimed against union for contribution); *Int'l Bhd. of Elec. Workers, Local 1805, AFL-CIO v. Westinghouse Elec. Corp.*, No. 76-543, 1979 WL 245, at *2-3 (D. Md. June 15, 1979) ("The Union is hardly in a position to protect the class when it may ultimately be held liable to the class and thus ha[s] interests directly in conflict with those of the class.").

    (b) Representative Plaintiffs

  Defendant argues that the individual Plaintiffs are not adequate representatives based on their leadership roles in USW and their "potential conflicts" with the class. However, as discussed above, this argument lacks merit because the individual Plaintiffs are suing as injured employees, not as union leaders. There is no indication that the individual Plaintiffs' interests are antagonistic to those of the class.

    (c) Class Counsel

---

  [2] Plaintiffs do not argue otherwise; rather, they merely contend that the counterclaims have no merit.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#39**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

     Defendant contends that class counsel is inadequate on conflict-of-interest grounds. The Court agrees. As discussed above, USW's interests conflict with those of the class. Because counsel represents USW, it cannot also adequately represent the interests of the class. *See Lynch*, 62 F.R.D. at 84 ("The conflicts of interest which preclude the union plaintiffs from representing the male employee class inevitably affect the position of the attorneys for the plaintiffs in this litigation and their eligibility to represent the class."); *Westinghouse*, 1979 WL 245, at *3.

     Because Plaintiffs have failed to establish that all four prerequisites of Rule 23(a) are met, class certification must be denied.[3]

IV.    Conclusion

     For the foregoing reasons, Plaintiffs' motion for class certification is DENIED, without prejudice.

     **IT IS SO ORDERED.**

---

    [3] Because Plaintiffs have not shown that Rule 23(a) is satisfied, the Court need not reach the requirements of Rule 23(b).