O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#46

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present                                                  Not Present

**Proceedings:** **(In Chambers) Order Denying Defendant's Motion for Summary Judgment as to Individual Plaintiffs Raudel Covarrubias & David Simmons**

Before the Court is Defendant's motion for summary judgment as to Representative Plaintiffs Raudel Covarrubias and David Simmons. After considering the moving and opposing papers, as well as oral argument at the March 16, 2009 hearing, the Court hereby DENIES the motion.

I.      Background

        A.      The Parties

ConocoPhillips ("Defendant") is an international oil company which operates refineries in Los Angeles,[1] Santa Maria, and Rodeo, California (the "refineries"). SUF ¶ 1. Plaintiff United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC ("USW") is a labor organization that represents employees who work at the refineries. SUF ¶ 2. USW and Defendant are parties to a collective bargaining agreement ("CBA") that sets forth the wages, hours, and working conditions of the refinery employees. SUF ¶ 2.

---

[1] The Los Angeles refinery is composed of two linked facilities located approximately five miles apart in Carson and Wilmington.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#46**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

On February 15, 2008, USW and representative plaintiffs David Simmons, Raudel Covarrubias, and Stephen Swader filed a class action lawsuit in Los Angeles Superior Court, alleging that Defendant failed to provide meal periods as required by California law. The putative class encompasses

> all former, current, and future non-exempt hourly employees of Defendant ConocoPhillips who, at any time since February 15, 2004, worked as an Operator or in the laboratory on a shift schedule at a ConocoPhillips refinery located in Los Angeles, Santa Maria, or Rodeo, California.

Defendant removed the action to this Court on May 27, 2008.

      B.    <u>Refinery Operators</u>

Defendant's refineries operate 24 hours a day, 365 days a year. SUF ¶ 101. Pursuant to the "12-Hour Shift Agreement" agreed to by Defendant and USW, operators work a rotating 12-hour shift. SUF ¶¶ 3, 7. The 12-Hour Shift Agreement provides that employees governed by the agreement work a schedule consisting of "12 consecutive hours *exclusive of meal period*." SUF ¶ 6 (emphasis added). Operators are paid for the entire 12 hours of their shift, as well as any overtime. SUF ¶ 7.

Although job duties vary by refinery, shift, and unit, operators are generally responsible for maintaining the safety of the facility by monitoring the refining equipment to ensure that it is functioning properly, temperature levels are appropriate, and materials are being processed efficiently. SUF ¶¶ 24, 26-27. The refining process must be monitored constantly. SUF ¶ 28. In the case of an emergency, operators assist the refineries' fire and safety professionals. SUF ¶ 29. Consistent with these responsibilities, operators are expected to have a radio with them at all times and to stay in communication during their shift. SUF ¶¶ 114-115. They may be subjected to discipline if they fail to respond to a radio command. SUF ¶ 118. Additionally, alarms on the operators' consoles audibly indicate when some aspect of the refining process requires attention. SUF ¶ 119. These alarms go off often during the day shift, and operators must respond. SUF ¶ 120.

During their shifts, operators have discretion and flexibility to take breaks, including

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#46

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

meals, "whenever their work and the time of their activities permit it." SUF ¶¶ 11-12, 51. However, according to Plaintiffs, their meals are subject to interruption, and they are not allowed to leave the refinery or even their units to take a meal break. SGI ¶¶ 123-24.

  C. <u>Plaintiffs Covarrubias and Simmons</u>

  Covarrubias has worked as an Inside Console Operator at Defendant's Los Angeles (Wilmington) refinery for the last year and a half. SUF ¶ 31. Between 1998 and his permanent assignment as an Inside Operator, Covarrubias split his time between Inside Operator and Outside Field Operator positions. SUF ¶ 32. Since 1997, Covarrubias has been a member of the local union grievance committee and a member of the local negotiating committee; he has been chairperson of the latter since 2003. SUF ¶ 33.

  Covarrubias testified during his deposition that he couldn't recall how many meal breaks he had missed. SUF ¶ 37. He remembered missing "a couple" meals in April 2008 because of "workload and prepping equipment for work" and one other situation where he cut his meal break short and "ate real quick" to finish prepping equipment for maintenance. SUF ¶¶ 38-39. Covarrubias never told a supervisor that he had missed a meal. SUF ¶¶ 38, 40. In the last five years, no one ever told Covarrubias that he could not take a meal break or denied his request to take a meal period. SUF ¶¶ 46, 48. Covarrubias also testified that he could not recall when he last had a meal interrupted due to an alarm and that he had "no idea" how many times a meal was interrupted at all. SUF ¶¶ 42-43. If a meal was interrupted, Covarrubias could take a meal break after the interruption, and it was his preference to do so. SUF ¶¶ 44.

  Covarrubias occasionally takes 30 to 45 minutes for meal breaks. SUF ¶ 52. He has access to kitchen facilities at the refinery to prepare his meals, and he may cook hot breakfasts, lunches, or dinners. SUF ¶¶ 55-56. At times, he and the other operators will order takeout from a local restaurant. SUF ¶¶ 57. On day shifts, up to eight operators may gather to eat a meal together. SUF ¶ 59.

  Simmons currently is, and has been for the majority of the relevant period, a Health and Safety Representative ("HSR") at the Los Angeles (Wilmington) refinery. SUF ¶¶ 67-68. From May 2005 to January 2007, Simmons worked as an Outside Operator. SUF ¶ 69. Additionally, Simmons is on the executive board of his local union, has been Defendant's unit designee since 2006, and attends national bargaining meetings. SUF ¶ 70.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#46**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

      As the HSR, Simmons works an 8-hour shift and receives an unpaid meal break. SUF ¶ 73. Simmons's regular practice is to take a 30 minute lunch break at his discretion, and he has been paid overtime whenever he has missed a meal period. SUF ¶¶ 72, 74. As to his meal breaks as an operator, Simmons stated, "I'm there 12 hours, I always eat." SUF ¶ 75. He testified that although he had discretion as to when to eat and how long of a break to take, his freedom was limited by his work duties. SGI ¶ 77. Like Covarrubias, Simmons had access to a kitchen, which he used to prepare food. SUF ¶¶ 87-88.

      Simmons could not recall anytime during the past five years that he had missed a meal period. SUF ¶ 78. Similarly, he could not recall the last time his meal was interrupted. SUF ¶ 79. On one occasion, Simmons's meal was interrupted because a piece of equipment shut down; however, he was able to take his break after dealing with the emergency. SUF ¶¶ 80-81. Simmons has never complained to a supervisor about a missed or interrupted meal break. SUF ¶ 82.

      Presently, Defendant moves for summary judgment as to Plaintiffs Covarrubias and Simmons.

II.    <u>Legal Standard</u>

      Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. *See id.* at 257.

      A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. *See Anderson*, 477 U.S. at 250-51. If the moving party seeks summary

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#46**

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must use affirmative, admissible evidence. *See* Fed. R. Civ. P. 56(e).

III.  Discussion

    A.  Meal Periods

California's meal break requirements are set forth in both the California Labor Code and in Wage Orders promulgated by the Industrial Welfare Commission ("IWC"). The IWC is a quasi-legislative body authorized by statute to promulgate orders regulating wages, hours, and conditions of employment for employees throughout California. *Nordquist v. McGraw-Hill Broad. Co., Inc.*, 32 Cal. App. 4th 555, 562, 38 Cal. Rptr. 2d 221 (1995). Pursuant to this authority, the IWC has promulgated seventeen different "wage orders" that apply to various groups of employees. Cal. Code Regs. tit. 8, §§ 11010-11170. The Ninth Circuit has stated that IWC wage orders are "quasi-legislative regulations that are to be interpreted in the same manner as statutes." *Watkins v. Ameripride Servs.,* 375 F.3d 821, 825 (9th Cir. 2004).

Cal Lab. Code section 512(a) sets forth meal period requirements. In relevant part, it provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . . An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Further, Cal. Labor Code section 226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#46**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

In the instant case, Defendant maintains that it is entitled to summary judgment because (1) Covarrubias and Simmons have not offered evidence that either of them ever missed a meal period and (2) California law merely requires an employer to make a meal period available, not to ensure that its employees actually take a 30-minute break. Plaintiffs argue that they ate their meals while "on duty" and therefore have valid claims against Defendant for wage premiums under Cal. Labor Code section 226.7(b). Defendant, anticipating this argument, insists that California law recognizes circumstances under which an employee can be provided a meal period while remaining on the job site or being subject to interruptions, as long as that employee is paid for the meal period. In response, Plaintiffs contend that the conditions under which an on-duty meal period is permitted are not satisfied here.

IWC Wage Order 1-2001, which governs manufacturing industry employees,[2] includes the following provision:

> Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

Cal. Code Regs. tit. 8, § 11010, subd. 11(C). As noted above, Cal. Labor Code section 226.7 expressly provides that "[n]o employer shall require any employee to work during any meal or rest period . . . ." Thus, when section 226.7 is read in conjunction with Wage Order 1-2001, it is

---

[2] Defendant does not dispute that it is in the manufacturing industry or that IWC Wage Order 1-2001 applies to its employees.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#46

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

clear that under California law, an employee must be relieved of all duty during the 30-minute meal period, *unless* the conditions permitting an "on duty" meal period are satisfied. Such is the case regardless of whether California law mandates that an employer affirmatively ensure that employees take meal periods or merely requires the employer to authorize or permit a break.[3] *See White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1089 (N.D. Cal. 2007) (stating that an affirmative obligation to relieve workers of all duty is consistent with an interpretation of California law as requiring that employers need only make breaks available); *Perez v. Safety-Kleen Sys., Inc* 253 F.R.D. 508, 516 (N.D. Cal. 2008); DLSE Opinion Letter 2002-09-04 (suggesting that requiring an hourly shift manager at a fast food restaurant to remain available to answer questions during her paid meal break would constitute an impermissible on duty meal period).

In a case similar to the one at bar, *Perez v. Safety-Kleen Sys., Inc.*, the plaintiffs claimed that their employer failed to relieve them of "all duty" during their meal periods. 253 F.R.D. at 516. The employer argued that the plaintiffs always had the opportunity to take breaks free of duty. However, plaintiffs testified that they were "required to carry a company cell phone to as to maintain constant contact with [the] branch." *Id*. Plaintiffs also claimed that they were "required to be in readiness to work at all times" during the work day. *Id*. Furthermore, it was undisputed that the employer had never obtained agreements from plaintiffs to take on-duty meal periods. *Id*. Therefore, the court denied summary judgment for the employer. *Id*. *See also Murphy v. Kenneth Cole Products,* 40 Cal. 4th 1094, 1104, 56 Cal. Rptr. 3d 880 (2007) (stating that if an employee works through his meal period, he has been deprived of the right to be free of the employer's control and must be compensated with an additional hour of wages pursuant to Cal. Labor Code § 226.7(b)).

Similarly, here, Plaintiffs have submitted evidence that although they had time to eat, they were not relieved of "all duty" during their breaks. For example, it is undisputed that operators are expected to have a radio with them and to stay in communication during their shifts. SUF ¶ 115. They may be disciplined for failure to respond to a radio command. SUF ¶ 118. Covarrubias testified that even when the operators are eating, they are "always working because we carry our phone and our radio with us." SUF ¶ 127.

---

[3] The Court does not express an opinion on this issue because it is unnecessary to resolution of this motion.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#46**

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

Furthermore, Plaintiffs have submitted evidence that they must be ready to work at all times during their shifts, even their meal periods. Defendant's Rule 30(b)(6) designee testified that "operators will be on duty for 12 hours and they will be on the unit, unless excused with permission to go somewhere else within the refinery." SUF ¶ 112. The parties agree that the oil refining process must be monitored constantly and that operators play an important role in ensuring the safety of the refineries. Accordingly, operators may be required to interrupt their meals to respond to an alarm or other maintenance issue. SUF ¶ 125. Indeed, Covarrubias testified that his meals have been interrupted because of an emergency alarm or because he had to attend to other job duties. SUF ¶¶ 128-29. Similarly, Simmons testified that the "alarms go off quite often and we have to go see what it's about" and identified one particular instance when his meal was interrupted. SUF ¶¶ 80, 130-131. Also undisputed is the fact that there is no operator at any of the refineries whose job it is to relieve other operators for meal periods, although Covarrubias admitted that he has asked other operators to watch his monitor while he takes a meal period, and he has watched others' while they took a break. SUF ¶ 138. Based on the evidence submitted, a reasonable jury could determine that Defendant failed to provide Plaintiffs with an uninterrupted meal period by relieving them of all duties.

Defendant argues that an on-duty (and therefore interruptible) meal period is lawful because USW agreed that Defendant's employees would receive on-site, paid meal periods. In order for an on-duty meal period to be permitted under Wage Order 1-2001, all three of the following requirements must be met: (1) the nature of the work must prevent the employee from being relieved of all duty during the meal period; (2) the employee and employer must have entered into a signed agreement authorizing an on-duty meal period; and (3) the signed agreement must expressly state that the employee may, in writing, revoke the agreement at any time. Cal. Code Regs., tit. 8 § 11010, subd. 11(C); *see also* DLSE Opinion Letter 2002-09-04.

Defendant contends that the first requirement is satisfied because the nature of Plaintiffs' work requires them to be on the site during their meal periods due to the potential for emergencies to arise. However, Defendant has not explained why it would not be possible to have a relief operator available to cover Plaintiffs' stations while they took a meal period. Defendant has not presented any evidence that each operator is specially trained or qualified to cover only his or her own console. In fact, in its brief filed in opposition to Plaintiffs' motion for class certification, Defendant contradicted its current position by arguing that "the skill level of each employee . . . impacts how interchangeable unit employees are for one another. Thus, if an Operator is on a break there may well be other Operators who can respond to an issue." *Opp. to*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#46**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

*Mot. for Class Cert*. 8:20-9:2.  Accordingly, Defendant has failed to establish that there is no triable issue of material fact as to whether "the nature of the work prevents an employee from being relieved of all duty."[4]  Therefore, summary judgment must be denied.

      B.     Unfair Competition

Plaintiffs' second cause of action seeks relief under California's Unfair Competition Law, Business and Professions Code §§ 17200 *et seq*.  Defendant moves for summary judgment on this cause of action, arguing that it is derivative of Plaintiffs' meal period claims, which fail as a matter of law.  Because the Court declines to grant Defendant's motion for summary judgment on Plaintiffs' meal period claims, as discussed above, the Court DENIES summary judgment on Plaintiffs' unfair competition claims.

IV.    Conclusion

For the foregoing reasons, the motion for summary judgment is DENIED.

**IT IS SO ORDERED.**

---

[4]  DSLE Opinion Letter 2002.09.04 suggests that the following factors should be considered when determining whether the nature of the work permits an on-duty meal period: the type of work, the availability of other employees to provide relief to an employee during a meal period, the potential consequences to the employer if the employee is relieved of all duty, the ability of the employer to anticipate and mitigate these consequences by scheduling work to allow an employee an off-duty break, and whether the work product or process will be destroyed or damaged by relieving the employee of all duty.  DLSE opinion letters are "not controlling upon the courts by reason of their authority, [but] do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Ghazaryan v. Diva Limousine, Ltd.,* 169 Cal. App. 4th 1524, 1535, 87 Cal. Rptr. 3d 518 (2008) (citation omitted).