**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#108**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Denying Defendant's Motion for Summary Adjudication Re: Statute of Limitations**

Before the Court is Defendant's motion for summary adjudication on the timeliness of Plaintiffs' claims. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby DENIES the motion.

I.     Background

ConocoPhillips ("Defendant") is an international oil company which operates oil refineries in Los Angeles, Santa Maria, and Rodeo, California (the "refineries"). United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC ("USW") is a labor organization that represents many of the employees who work at the refineries. Defendant and USW are parties to a collective bargaining agreement ("CBA") that governs the terms and conditions of covered employees working at the refineries.

USW and individually named Plaintiffs Raudel Covarrubias, David Simmons, and Stephen Swader filed a class action complaint in Los Angeles Superior Court on February 15, 2008, seeking damages and injunctive relief for Defendant's alleged failure to provide employees with meal periods as required by California law. Defendant removed the action to this Court on March 27, 2008. Defendant now moves for summary adjudication on the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#108**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

timeliness of Plaintiffs' claims.

II.     Legal Standard

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. *See id.* at 257.

A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. *See Anderson*, 477 U.S. at 250-51.

III.    Discussion

Defendant contends that Plaintiffs' claims which accrued more than 95 working days prior to the filing of the complaint are time-barred. According to Defendant, the CBA sets forth time periods within which an employee must initiate a complaint against the company for violations of the CBA. Specifically, Article 24, Section 4 of the CBA provides:

> It is the sincere desire of both parties that employee grievances be settled as fairly and as quickly as possible. Therefore, for the purpose of adjusting employee grievances and disputes as defined above, it is agreed that the following procedure must be followed:
>
> a.      Step 1 - Within twenty (20) working days of when the employee first had knowledge *of an alleged violation of the Contract*, the aggrieved employee or the aggrieved employee with his/her shop steward, shall discuss the grievance with the employee's immediate supervisor. Such meeting will be

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#108**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

        without loss of time to the employee and/or his/her shop steward during regular working hours for the time spent in developing the facts in conference with the supervisor, provided however, this shall not preclude the shop steward from meeting privately with the employee during the conference.  The supervisor shall verbally answer the grievance within five (5) working days thereafter.

    b.    Step 2 - If satisfactory settlement is not reached in Step 1, the grievance shall be submitted in writing within ten (10) working days thereafter via the Grievance Committee to the next appropriate level of supervision for a second step meeting.  Following the grievance meeting, the supervisor shall have ten (10) working days thereafter to answer the grievance in writing, sending copies to the Grievance Committee, as well as the grievant.

    c.    Step 3 - If the grievance is not satisfactorily resolved as a result of Step 2, within ten (10) working days of receipt of Management's answer, the Grievance Committee may request in writing, a meeting with the Refinery Manager or his/her designee for the purpose of resolving the grievance(s).  At this third step meeting, the Grievance Committee representatives shall not exceed two.  The International Union Representative may attend this meeting.  The Company shall have twenty (20) working days thereafter in which to answer the grievance, in writing.

*SUF* ¶ 4 (emphasis added).  Adding up the time periods specified in Steps 1, 2, and 3, Defendant argues that Article 24, Section 4 shortened the statute of limitations on Plaintiffs' claims to 95 days.

       The Court rejects Defendant's argument because the CBA does not clearly require employees to follow this grievance procedure for any and *all* claims.  Rather, the plain language of Article 24 indicates that the grievance procedure applies only to alleged violations of the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#108**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

CBA. Plaintiffs' meal period claims are premised on violation of an independent statutory right under California law, not a breach of the labor agreement. Defendant points to no other provision in the CBA which suggests that employees' noncontractual claims against Defendant are also subject to the time limitations set forth in Article 24.

The two cases Defendant cites for the proposition that parties may contractually limit the time for bringing an action are distinguishable because they involved contractual language that clearly and unambiguously stated the parties' intent to waive statutory time limits for *all* claims. In *Perez v. Safety-Kleen Sys., Inc.*, No. C 05-5338, 2007 WL 1848037 (N.D. Cal. June 21, 2007), the plaintiff signed had an agreement that stated: "Employee further agrees . . . [t]hat Employee will not file a charge or complaint or commence *any action or suit relating to Employee's employment* with Safety-Kleen more than six months after the employment action in dispute and that Employee waives any statute of limitations to the contrary." *Id.* at *4 (emphasis added). Accordingly, the Court upheld summary judgment for the employer on plaintiff's untimely claims. Similarly, in *Breitman v. Brody*, 113 Cal. App. 2d 642 (1952), the language of the CBA read: "*Any and all claims for adjustment of salaries and hours* shall be made on or before thirty (30) days from the time of which such adjustment is claimed." *Id.* at 643 (emphasis added). The Court therefore upheld the dismissal of the plaintiff's action for unpaid overtime wages, vacation, and sick pay. In contrast to *Perez* and *Breitman*, the contractual provision purportedly shortening the statute of limitations in the instant case only applies to claims brought for "a violation of the Contract." *See also Waters v. San Dimas Ready Mix Concrete*, 222 Cal. App. 2d 380, 383-84, 35 Cal. Rptr. 215 (1963) (rejecting argument that employee's claims were time-barred where the contractual language only applied to the institution of arbitration proceedings).

Further, even if Article 24 did apply to Plaintiffs' meal period claims, Defendant has not shown that an employee's failure to comply with the time periods specified in the CBA would result in a waiver of the employee's right to institute legal proceedings. Defendant has not directed the Court's attention to any language in the CBA to this effect. In sum, Defendant has not shown that Plaintiffs expressly agreed to limit their right to commence suit for any and all claims to a 95-day period. As such, the motion for summary judgment must be denied.

IV.     Conclusion

For the foregoing reasons, the motion is DENIED. Accordingly, the hearing on this motion is VACATED. The remaining motion set for hearing on May 4, 2009 shall remain on

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#108**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-2068 PSG (FFMx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

calendar.

**IT IS SO ORDERED.**