**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2068 PSG (FFMx) | Date | June 11, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Remanding Case**

Before the Court is Plaintiff USW's motion re: federal subject matter jurisdiction. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court hereby REMANDS this action.

I.     Background

On February 15, 2008, United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC ("USW") and Representative Plaintiffs David Simmons, Raudel Covarrubias, and Stephen Swader filed a class action lawsuit in Los Angeles Superior Court, alleging that ConocoPhillips Co. ("Defendant") failed to provide class members with meal periods as required by California law. On March 27, 2009, Defendant removed the action to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

On March 16, 2009, the Court denied Plaintiffs' motion for class certification without prejudice. In an order issued today, the Court denied Plaintiffs' renewed motion for class certification.

II.     Legal Standard

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | June 11, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87, 111 S. Ct. 1700, 114 L. Ed. 2d 134 (1991). There is a strong presumption against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.*

III.    Discussion

Plaintiffs urge remand, arguing that CAFA's jurisdictional requirements are not satisfied because, given the Court's denial of class certification, (1) the aggregated amount in controversy does not exceed $5 million and (2) the case does not involve 100 class members. Defendant opposes remand, maintaining that federal subject matter jurisdiction still exists.

CAFA establishes federal jurisdiction over any class action if (1) the class has at least 100 members, (2) the aggregate amount in controversy is at least $5 million, and (3) any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). The statute itself is silent as to whether remand is required after denial of class certification, and district courts are split on the issue. *Compare, e.g., Genenbacher v. CenturyTel Fiber Co. II, LLC*, 500 F. Supp. 2d 1014, 1017 (C.D. Ill. 2007) (retaining jurisdiction following denial of class certification); *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1319 (M.D. Fla. 2008) (citing general rule that post-removal events do not divest federal court of jurisdiction) *with Falcon v. Philips Elecs. N. Am. Corp.*, 489 F. Supp. 2d 367 (S.D.N.Y. 2007) (dismissing case for lack of jurisdiction after proposed class representative found inadequate); *Arabian v. Sony Elecs. Inc.*, No. 05-1741, 2007 WL 2701340, at *3 (S.D. Cal. Sept. 13, 2007) (finding no jurisdiction when there is no "reasonably foreseeable possibility" that class will be certified); *see also Good v. Ameriprise Fin., Inc.*, 248 F.R.D. 560, 574 (D. Minn. 2008) (reviewing split of authority). The Ninth Circuit has never addressed this question.

In the instant case, there is no "reasonably foreseeable possibility" that a class will be certified, given that Plaintiffs have brought two unsuccessful certification motions and that insurmountable problems preclude certification under Rule 23(b)(3). *See Arabian*, 2007 WL 2701340, at * 5; *Falcon*, 489 F. Supp. 2d at 368-69; *McGaughey v. Treistman*, No. 05-7069, 2007 WL 24935, at *2-3 (S.D.N.Y. Jan. 4, 2007). The Court is persuaded by the reasoning of

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | June 11, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

these authorities: a determination that class certification is not a "reasonably foreseeable possibility" is not a post-removal change in jurisdictional facts, but rather is equivalent to a finding that jurisdiction never existed under CAFA in the first place. *Arabian*, 2007 WL 2701340, at *5. Accordingly, CAFA does not provide a basis for jurisdiction over this action.

Defendant also contends that the Court may retain supplemental jurisdiction over state claims even if the federal claims over which it had original jurisdiction have been dismissed. While this proposition is generally true, Defendant's argument fails for the simple reason that no federal claims were ever asserted in this lawsuit.

Finally, Defendant maintains that complete diversity exists. The parties do not dispute that "[t]he citizenship of a union for diversity purposes is the citizenship of each of its members." *Loss v. Blankenship*, 673 F.2d 942, 949 (7th Cir. 1982); *United Steelworkers of Am., AFL-CIO v. R. H. Bouligny, Inc.*, 382 U.S. 145, 146, 86 S. Ct. 272, 15 L. Ed. 2d 217 (1965). Defendant contends that the Court may look exclusively to the citizenship of the local union's membership because the injury alleged is a "particularized one" affecting only local members. However, in both of the cases which Defendant cites for this proposition, *Loss* and *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 302 (2d Cir. 1994), the named party was the local union, not the international. Defendant has pointed to no cases that support its argument where, as here, the international union is the named party in the action. Furthermore, the Supreme Court has held that a union's citizenship is that of each of its international members even where the action was originally brought in a North Carolina court by a North Carolina corporation in a suit for defamation pursuant to state law. *R. H. Bouligny*, 382 U.S. at 146.

Defendant is a citizen of Texas. Having failed to show that USW has no members who are Texas citizens, Defendant has not established that complete diversity exists. "Nothing is to be more jealously guarded . . . than [a court's] jurisdiction." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988). Finding no basis for federal subject matter jurisdiction, the Court REMANDS this action to the state court from which it was removed.

IV.     Conclusion

For the foregoing reasons, this case is REMANDED to Los Angeles Superior Court. All remaining dates on the Court's calendar are hereby VACATED.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | June 11, 2009 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

**IT IS SO ORDERED.**