1  CATHERINE A. CONWAY (SBN 98266)
   SCOTT J. WITLIN (SBN 137413)
2  JEREMY F. BOLLINGER (SBN 240132)
   cconway@akingump.com
3  switlin@akingump.com
   jbollinger@akingump.com
4  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   2029 Century Park East, Suite 2400
5  Los Angeles, California 90067-3012
   Telephone:   310-229-1000
6  Facsimile:   310-229-1001

7  Attorneys for Defendant
   ConocoPhillips Company
8

9

10
                    UNITED STATES DISTRICT COURT
11
                   CENTRAL DISTRICT OF CALIFORNIA
12
              WESTERN DIVISION - ROYBAL FEDERAL BLDG
13

14

| UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL & SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, on behalf its members employed by defendants, and RAUDEL COVARRUBIAS, DAVID SIMMONS AND STEPHEN S. SWADER, SR., individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>CONOCOPHILLIPS COMPANY and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV08-2068 PSG (FFMx)<br><br>**DEFENDANT CONOCOPHILLIPS COMPANY'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE WHY PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION SHOULD NOT BE STAYED PENDING RESOLUTION OF *WAL-MART STORES, INC. V. DUKES* IN THE UNITED STATES SUPREME COURT**<br><br>Judge:  Hon. Philip S. Gutierrez<br><br>Ctrm:   880 |
|---|---|


Defendant ConocoPhillips Company hereby responds to the Court's Order to Show Cause Why Plaintiffs' Renewed Motion for Class Certification Should Not Be Stayed Pending Resolution of *Wal-Mart Stores, Inc. v. Dukes* in the United States Supreme Court. Dkt. #307. For the following reasons, ConocoPhillips does not oppose a stay.

## I. THE SUPREME COURT'S DECISION MAY PROVIDE GUIDANCE ON THE COURT'S RULE 23 ANALYSIS.

As noted by the Court, in granting Wal-Mart Stores, Inc.'s petition for certiorari the Supreme Court requested briefing on "[w]hether the class certification ordered under Rule 23(b)(2) [by the lower court] was consistent with Rule 23(a)," an issue that has been raised in this case.

As an initial matter, the relevance of *Dukes* to this case is evidenced by the multiple citations to the Ninth Circuit's decision by both the parties in their supplemental briefs. *See* Dkt. #227 (citing *Dukes* 6 times), #228 (citing *Dukes* eight times). Moreover, the Supreme Court's guidance with respect to the question posed to the litigants in *Dukes* will be helpful to this Court because much of the evidence that demonstrates that the individually named plaintiffs here are not typical or adequate representatives of the putative class under Rule 23(a) is the same evidence that demonstrates that certification is inappropriate under Rule 23(b)(2).[1]

In its Supplemental Opposition, ConocoPhillips argued that "Plaintiffs are atypical because they were responsible for negotiating the work schedules about which they now complain" and "opposed the very relief they seek in this action" by filing grievances and unfair labor practices against ConocoPhillips when ConocoPhillips provided lab workers two unpaid meal breaks as prayed for in their Complaint. Dkt. #228 at 20-21. ConocoPhillips also argued that Plaintiffs are inadequate because they

---

[1] Should the Court agree with Plaintiffs that they did not waive their appeal of the Court's denial of certification under Rule 23(b)(2) (Dkt. #230 at 25), then the Supreme Court's decision with respect to the specific 23(b)(2) standards in *Dukes* will also be relevant to this Court's pending decision.

1

"seek 'injunctive relief to restraining [sic] Defendants … [f]rom failing to give Named Plaintiffs and the class unpaid, 30-minute lunch periods for every 5 hours in a work day' (Complaint, Prayer for Relief ¶ 3.3), but a majority of putative class members favor continuing the 12-Hour Shift. [Citation.]" Dkt. #228 at 22. After taking the depositions of several laboratory worker declarants, ConocoPhillips submitted additional evidence to support these arguments. Dkt. #291 at 18.

The facts and changes in circumstances described above also demonstrated that the Plaintiffs' claim for injunctive relief, which formed the basis of their Rule 23(b)(2) claim, was effectively moot. As such, ConocoPhillips argued:

> the only new evidence before the Court demonstrates that the predominant relief sought in this case is not injunctive as the majority of putative class members have rejected all attempts to give Operators and Laboratory workers the very relief that Plaintiffs seek in this case. First, the USW entered into an on-duty meal agreement on behalf of all Operators, which Plaintiffs concede is in effect, thereby mooting the injunctive relief claims of Operators. [Citation.] Second, in settling their grievance over the 13-hour shift schedule, the Laboratory workers agreed to a new 12-hour shift policy, which is now in effect.

Dkt. #228 at 17-18.

Accordingly, because the Court must determine whether Plaintiffs have satisfied the requirements of Rule 23(a) and in doing so will be required to evaluate the same evidence that is relevant to the question of whether Plaintiff has met its burden under Rule 23(b)(2), the Court should stay its decision on Plaintiffs' Renewed Motion for Class Certification until the Supreme Court has ruled in *Dukes*.

II. **THE SUPREME COURT'S DECISION WILL NOT UNDULY DELAY THESE PROCEEDINGS.**

According to the Supreme Court's website, the oral argument in *Dukes* is scheduled for March 29, 2011. *See* http://www.supremecourt.gov/oral_arguments/argument_calendars.aspx. Based on Supreme Court practice, the Supreme Court will likely issue its decision in *Dukes* in June of 2011. Under the expected timing of the Supreme Court's decision,

1  ConocoPhillips believes the stay would not pose an unduly lengthy delay given the
2  impact the decision may have on this Court's determination.
3
4  Dated: February 7, 2011         AKIN GUMP STRAUSS HAUER & FELD LLP
                                   Catherine A. Conway
5                                  Scott J. Witlin
                                   Jeremy F. Bollinger
6
7                                  By     /s/Catherine A. Conway
                                          Catherine A. Conway
8                                  Attorneys for Defendant ConocoPhillips Company
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3
DEFENDANT'S RESPONSE TO COURT'S OSC WHY PLAINTIFFS' RENEWED MOTION FOR
CLASS CERTIFICATION SHOULD NOT BE STAYED PENDING RESOLUTION

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On February 7, 2011, I served the foregoing document(s) described as: **DEFENDANT'S RESPONSE TO COURT'S OSC WHY PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION SHOULD NOT BE STAYED PENDING RESOLUTION OF WAL-MART STORES, INC. V. DUKES IN THE U.S. SUPREME COURT** on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 7, 2011 at Los Angeles, California.

Rose Shushanyan
Print Name

*[signature]*
Signature

PROOF OF SERVICE