Anne Richardson (Bar No. 151541)
E-mail: arichardson@hskrr.com
Randy Renick (Bar No. 179652)
E-mail: rrr@hskrr.com
Cornelia Dai (Bar No. 207435)
E-mail: cdai@hskrr.com
Hadsell, Stormer, Keeny, Richardson & Renick, LLP
128 N. Fair Oaks Ave.
Pasadena, California 91103
Telephone: (626) 585-9600; Facsimile: (626) 577-7079

*Attorneys for Plaintiffs Raudel Covarrubias, David Simmons and Stephen S. Swader, Sr.*

Robert A. Cantore (Bar No. 127462)
Email: rac@gslaw.org
Jay Smith (California Bar No. 166105)
(Email: js@gslaw.org)
Joshua F. Young (Bar No. 232995)
Email: jyoung@gslaw.org
Gilbert & Sackman, A Law Corporation
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010-2732
Telephone: (323) 938-3000; Fax: (323) 937-9139

*Attorneys for Plaintiff USW*

*[additional counsel listed on next page]*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL & SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, on behalf of its members employed by defendants, and RAUDEL COVARRUBIAS, DAVID SIMMONS AND STEPHEN S. SWADER, SR., individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>CONOCOPHILLIPS COMPANY and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 08-2068-PSG (FFMx)<br><br>**PLAINTIFFS' BRIEF RE: THE RELEVANCE OF *WAL-MART v. DUKES* ON THE COURT'S DETERMINATION OF PLAINTIFFS' RENEWED CLASS CERTIFICATION MOTION**<br><br>Date:       September 26, 2011<br>Time:       1:30 p.m.<br>Place:      Courtroom 880<br>Judge:      Hon. Philip S. Gutierrez |

1

2   Richard P. Rouco (Admitted *Pro Hac Vice*)
    Email: rrouco@qwwdlaw.com
3   QUINN CONNOR WEAVER DAVIES &
    ROUCO LLP
    2700 Highway 280 East, Suite 380
4   Birmingham, Alabama 35223
    Telephone:    (205) 870-9989
5   Fax:          (205) 803-4143

6   *Attorneys for Plaintiff USW*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

1I.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.  This Court's Prior Determination that Plaintiffs Have Met the Rule 23(a) Requirements Is Unaffected by the Supreme Court's Decision in Wal-Mart v. Dukes . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        1.  This Court Has Already Determined that Rule 23(a) Has Been Satisfied . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        2.  The Supreme Court's Holding in Dukes that Rule 23(a)(2) Was Not Satisfied Is Specific to the Facts and Claims Brought in Wal-Mart v. Dukes . . . . . . . . . . . . . . . . . . . . . . . 4

    B.  Dukes Has No Relevance to the Determination by this Court of Plaintiffs' Motion for Class Certification under Rule 23(b)(3) . . . 6

        1.  Dukes Does Not Address Class Certification Under 23(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        2.  The Court Should Certify the Class Under Rule 23(b)(3) . . . . 7

III.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Dukes v. Wal-Mart Stores, Inc.,*
    603 F.3d 571 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*General Telephone Co. of Southwest v. Falcon*,
    457 U.S. 147 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,5

*McFarland v. Guardsmark, LLC,*
    538 F. Supp. 2d 1209 (N.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United Steelworkers v. ConocoPhillips Co.,*
    593 F.3d 802 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Wal-Mart Stores, Inc. v. Dukes,*
    No. 10-277, 562 U.S. ___, 131 S. Ct. 2541, 2011 U.S. LEXIS 4567 (2011)   passim

## STATE CASES

*Bearden v. U.S. Borax, Inc.,*
    138 Cal. App. 4th 429 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lazarin v. Super. Ct.,*
    188 Cal. App. 4th 1560 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## FEDERAL STATUTES

Federal Rules Civil Procedure
    Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

## STATE STATUTES

California Business and Professional Code
    Section 17000 et seq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

California Governmentt Code
    Section 11342.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

California Labor Code
    Section 226.7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    Section 512 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TABLE OF AUTHORITIES

# I.      INTRODUCTION

As Plaintiffs anticipated, the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes,* No. 10-277, 562 U.S. ___, 131 S. Ct. 2541, 2011 U.S. LEXIS 4567 (2011), has little to no effect on the motion for class certification long pending before this Court.  The scope of the Supreme Court's review in *Dukes* was limited to "whether the certification of the plaintiff class was consistent with *Federal Rules of Civil Procedure 23(a)(2)* and *(b)(2)*." *Dukes*, 2011 U.S. LEXIS 4567, at *7.  The Supreme Court determined that the 23(a)(2) commonality requirement was not met and that 23(b)(2) certification was not proper. *Id.* at *37.  As the facts and claims in this action share no likeness to those in *Dukes,* neither of the Supreme Court's holdings in *Dukes* has bearing on whether the Court should grant certification here.  Moreover, as Plaintiffs sought class certification under either or both Rule (b)(2) and (b)(3),[1] the Supreme Court's limited holding with respect to certification under Rule 23(b)(2) has no bearing on a determination that Plaintiffs' motion for class certification under Rule 23(b)(3) should be granted.

# II.     ARGUMENT

### A.      This Court's Prior Determination that Plaintiffs Have Met the Rule 23(a) Requirements Is Unaffected by the Supreme Court's Decision in *Wal-Mart v. Dukes*.

In *Dukes*, the Supreme Court held that certification of the class was not consistent with Rule 23(a) because the plaintiffs failed to meet the Rule 23(a)(2) commonality requirement. *Dukes*, 2011 U.S. LEXIS 4567, at *2.  Applying the "rigorous analysis" standard articulated in *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 156 (1982), the Supreme Court concluded that the evidence offered by the plaintiffs in

---

[1]  Given that the Court may certify a class under Rule 23(b)(3) regardless of the remedy or remedies sought, Plaintiffs do not ask the Court to determine whether monetary damages can be recovered by a Rule 23(b)(2) class and instead withdraw their request for certification under Rule 23(b)(2).

the context of their Title VII discrimination claims was not sufficient proof of commonality. *Dukes*, 2011 U.S. LEXIS 4567, at *18-*37.  As the facts and claims in *Dukes* are entirely different from those here, the Supreme Court's holding concerning Rule 23(a) has no bearing on certification in this case.

### 1.   This Court Has Already Determined that Rule 23(a) Has Been Satisfied.

In its June 11, 2009 Order denying class certification, this Court performed a rigorous analysis of each of the Rule 23(a) elements (numerosity, commonality, typicality, and adequate representation), and found that each had been met. Dkt# 213. The sole basis for its denial of class certification, later reversed, was Rule 23(b).[2] *Id.* With respect to the Rule 23(a)(2) commonality factor, the Court has unequivocally ruled that Plaintiffs have satisfied this requirement:

> Plaintiffs' primary theory of liability is that Defendant had a common policy of requiring class members to remain "on duty" during their meal periods.  According to Plaintiffs, such a "on duty" paid meal period is permitted only under certain circumstances, which were not satisfied here. As the Court stated in its order on the previous motion for class certification, Defendant's conflicting interpretation of California's meal period requirements does not defeat commonality. <u>To the contrary, it highlights the existence of common questions of law and fact that are central to the resolution of this litigation. Accordingly, the commonality element is satisfied</u>.

---

[2]  The Ninth Circuit's order reversing this decision did not address Rule 23(a), and ConocoPhillips did not argue on appeal that the Rule 23(a) factors were wrongly decided. The Ninth Circuit's entire analysis was limited to a discussion of this Court's decision regarding Rule 23(b)(3).  *United Steelworkers v. ConocoPhillips Co.,* 593 F.3d 802, 807 (9th Cir. 2010).

June 11, 2009 Order [Dkt# 213] at 4 (emphasis added).[3]

In the words of Justice Scalia, this "primary theory of liability" is a "common contention [which is] of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 2011 U.S. LEXIS 4567, at *19-*20. Put simply, it is the "glue" sufficient to hold the commonality element together. *Id.* at *24.[4] Here, ConocoPhillips' policy and practice required all class

_____

[3] The putative class members work a continuous shift at ConocoPhillips' refineries in California, during which ConocoPhillips requires them to, among other things, remain on the premises, carry and respond to radios, and remain responsible for their equipment and work areas at all times. Plaintiffs presented uncontroverted evidence of Defendant's policy requiring all putative class members to remain on duty for their entire shift, including during breaks. March 16, 2009 Order Denying Summ. Judg. [Dkt#99] at 6-8; May 17, 2010 Ind. Pltffs' Open. Supp Brf Re: Class Cert. [Dkt# 227] at 7:10-8:11, 8:27-9:17. Of significance, during the time period from 2004 (beginning of the statute of limitations period) to 2009, there were no purported on-duty meal break agreements or waivers as to either Operators or Lab Workers; thus, Defendant cannot dispute that it was obligated to provide duty-free meal periods during this time period.

[4] Plaintiffs identified no less than six separate common questions of law and fact in their motion. Dkt.# 227 at 12:5-20. Common issues involve the purported on-duty meal break agreements implemented by Defendant. IWC Wage Order 1-2001, 11(C), provides that in order for an on-duty meal period agreement to be effective, "the nature of the work [must] prevent[] an employee from being relieved of all duty.…" This test is objective; it cannot be waived by agreement of the parties. *See McFarland v. Guardsmark, LLC,* 538 F. Supp.2d 1209, n.3 (N.D. Cal. 2008) ("[A]n employee might argue that his employer hasn't met the conditions for an 'on duty' meal period as set forth in Wage Order 11-that is, that the employer has not established that work situation is one in which it is necessary that the employee remain on duty while he is eating ('when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to'); or has not established that there is a written agreement regarding the 'on duty' meal period, or if there is a written agreement, that it states that the employee may, in writing, revoke it at any time. But these are questions of fact that are not before the court on this motion."). There also exists a common question of law as to whether the "on-duty" meal period provision of section 11(C) of this Wage Order is effective. A basic tenet of administrative law is that an agency's authority

members, Operators and Lab Workers alike, to remain on duty their entire 12 hour shift without receiving 30-minute meal periods relieved of all job duties during that time. Under *Dukes*, this type of common policy and practice is precisely the type of "glue" sufficient to meet the Rule 23(a)(2) commonality requirement.  While that "glue" was missing in *Dukes*, because Wal-Mart's policy expressly forbade discrimination, here ConocoPhillips' on-duty policy and practice expressly forbids employees from being relieved of duty during their shifts.  If the Court determines that policy violates California law, it will resolve the claims of the putative class "in one stroke."

This Court already had it right.  *Dukes* provides no basis for re-examination of this Court's ruling on Rule 23(a).  *See infra* Part II.A.2.

> **2.    The Supreme Court's Holding in *Dukes* that Rule 23(a)(2) Was Not Satisfied Is Specific to the Facts and Claims Brought in *Wal-Mart v. Dukes*.**

As stated by the Supreme Court, "[t]he crux of [*Dukes*] [wa]s commonality – the rule requiring a plaintiff to show that 'there are questions of law or fact common to the class.'" *Dukes*, 2011 U.S. LEXIS 4567, at *18 (citing Rule 23(a)(2)).  Emphasizing that the "rigorous analysis" required by Rule 23(a) "will entail some overlap with the merits of the plaintiff's underlying claim," the Court determined that the "proof of commonality" in *Dukes*, a Title VII discrimination case, necessarily involved an "inquiry [into] the reason for a particular employment decision" as to each class member.  *Id.* at *24.

---

to adopt or amend regulations is limited by the enabling legislation and, consequently, that agency regulations that alter or amend a statute or enlarge or impair its scope are void as ultra vires. Cal. Gov't Code § 11342.2; *Lazarin v. Super. Ct.,* 188 Cal. App. 4th 1560, 1574-77 (2010)*; Bearden v. U.S. Borax, Inc.,* 138 Cal. App. 4th 429, 435-36 (2006).  Here, the statute in question, California Labor Code § 512, contains a number of exceptions, but none for an "on-duty meal period."  Put simply, there exists a common question of law as to whether IWC has acted outside of its authority in establishing an on-duty meal period exception.

With this backdrop, the *Dukes* Court applied the approach to the commonality requirement set forth in *Falcon*, 457 U.S. at 152, a discrimination in promotions and hiring case. *Id.* at *25-*37. First, the *Dukes* Court looked to whether there was "a companywide evaluation method" that could be charged with bias. *Id.* at *25-*26. Concluding that this did not exist, the Court then looked at whether there was "significant proof" that Wal-Mart "operated under a general policy of discrimination." *Id.* at *26-*27. The Court found that such a policy was "entirely absent" given "Wal–Mart's announced policy forbids sex discrimination, . . . and as the District Court recognized the company imposes penalties for denials of equal employment opportunity." *Id.* The Court explained that the only corporate policy established by plaintiffs was of "*allowing discretion* by local supervisors over employment matters." *Id.* at *29. While the Court acknowledged that there can exist a Title VII claim when an employer has an "undisciplined system of subject decisionmaking," it found that plaintiffs' evidence fell short of showing "a common mode of exercising discretion that pervades the entire company" and that plaintiffs failed to establish that a common question existed to satisfy the commonality requirement of Rule 23(a)(2). *Id.* at *29-*37.

In stark contrast, ConocoPhillips has a common policy and practice requiring all class members, Operators and Lab Workers alike, to remain on duty their entire 12 hour shift without providing 30-minute meal periods relieved of all job duties during that time. As this Court has observed, whether such a policy actually complies with California law "highlights the existence of common questions of law and fact that are central to the resolution of this litigation." June 11, 2009 Order [Dkt# 213] at 4.

Moreover, this case differs critically from the unique facts in *Dukes*, a distinction which created an especially difficult challenge in *Dukes* on the issue of commonality. As Judge Kozinski described and the Supreme Court approvingly agreed in *Dukes*, the approximate one and a half million members of the *Dukes* class held a multitude of different jobs, at different levels of Wal-Mart's

**PLTFFS' BRIEF RE: THE RELEVANCE OF *WAL-MART v. DUKES* ON CT'S DETERMINATION OF PLTFFS' REN CLASS CERT MOTION**

1  hierarchy, for variable lengths of time, in 3,400 stores, sprinkled across 50
2  states, with a kaleidoscope of supervisors (male and female), subject to a
3  variety of regional policies that all differed. . . . Some thrived while others
4  did poorly. They have little in common but their sex and this lawsuit.
5  *Dukes*, 2011 U.S. LEXIS 4567, at *37 (quoting *Dukes v. Wal-Mart Stores, Inc.*, 603
6  F.3d 571, 652 (9th Cir. 2010) (dissenting opinion)).  Indeed, the Supreme Court focused
7  on these "dissimilarities" in *Dukes* in concluding that there was insufficient proof of a
8  companywide discriminatory pay and promotion policy.  *Dukes*, 2011 U.S. LEXIS
9  4567, at *36-*37.
10      In contrast, Plaintiffs here seek certification of a class of about 600 union
11  employees employed at two refineries located in a single state who are subjected to the
12  same companywide policies and practices concerning meal periods.  Indeed, only one
13  policy is at issue: the requirement that Operators and Lab Workers remain on duty
14  during their shifts.  Put simply, this is ***not*** "one of the most expansive class actions
15  ever," *Dukes* at *7, and the complexities of proving claims with a class that large and
16  diverse is ***not*** an issue in this case.
17      For these reasons, *Dukes* has no bearing on this Court's prior determination that
18  Rule 23(a) has been met in this case.

19  **B.    *Dukes* Has No Relevance to the Determination by this Court of**
20  **Plaintiffs' Motion for Class Certification under Rule 23(b)(3).**

21      The Supreme Court's decision in *Dukes* only addressed the requirements for
22  certification under Rule 23(a)(2) and 23(b)(2), leaving class certification under Rule
23  23(b)(3) untouched.  Since Plaintiffs in this action have shown that common issues
24  predominate over individual issues and that a class action is superior to other available
25  methods for fairly and efficiently adjudicating the controversy, certification under Rule
26  23(b)(3) is appropriate.

27  **1.    *Dukes* Does Not Address Class Certification Under 23(b)(3).**
28  The Supreme Court in *Dukes* did not consider or address class certification under

**PLTFFS' BRIEF RE: THE RELEVANCE OF *WAL-MART v. DUKES* ON CT'S DETERMINATION OF PLTFFS' REN CLASS CERT MOTION**

6

1  Rule 23(b)(3).  In fact, the Supreme Court expressly stated that the applicability of Rule
2  23(b)(3) was not before it.  *Dukes*, 2011 U.S. LEXIS 4567, at *13 n.2 ("The
3  applicability of [Rule 23(b)(1) and (b)(3)] to the plaintiff class is not before us.").  The
4  Supreme Court's two holdings addressed only whether the commonality requirement of
5  23(a)(2) was met and whether certification was proper under 23(b)(2).  *See Dukes*, 2011
6  U.S. LEXIS 4567, at *37 (holding that plaintiffs had not established the existence of a
7  common question under *Rule 23(a)(2)* and that respondents' claims for backpay were
8  improperly certified under *Rule 23(b)(2)*).  The *Dukes* Court's only discussion of Rule
9  23(b)(3) was in context of the dissent's assertion that the majority was improperly
10  focusing on the "dissimilarities between the putative class members" as part of its
11  determination concerning Rule 23(a)(2), and that this was an improper "'blend[ing] [of]
12  Rule 23(a)(2)'s commonality requirement with Rule 23(b)(3)'s inquiry into whether
13  common questions 'predominate' over individual ones." *Id.* at *36-*37. As the majority
14  stated in response, its focus on the "dissimilarities" in *Dukes* was not an analysis of
15  whether common issues predominate as required for certification under Rule 23(b)(3),
16  but rather, the more basic issue of whether there existed as a common question based on
17  a companywide discriminatory pay and promotion policy for purposes of Rule 23(a)(2).
18  *Id*.  Thus, any argument by Defendant either implying or representing that this
19  discussion of Rule 23(b)(3) stands for anything more should be rejected outright by this
20  Court.

21        **2.**      **The Court Should Certify the Class Under Rule 23(b)(3)**.

22        Rule 23(b)(3) permits class certification if "the court finds that the questions of
23  law or fact common to class members predominate over any questions affecting only
24  individual members, and that a class action is superior to other available methods for
25  fairly and efficiently adjudicating the controversy."  As set forth more fully in Plaintiffs'
26  Renewed Motion for Class Certification [Dkt#227], both requirements are satisfied here.
27        Plaintiffs' claims can be proven on a classwide basis with proof that is common to
28  all class members because of the common policy that applies to the entire putative class;

1   thus, common issues of law and fact predominate over individual issues and this Rule

2   23(b)(3) requirement has been met.  In fact, this Court has already determined that "the

3   existence of a uniform policy as to the availability of a meal period could be proved on a

4   classwide basis."  June 11, 2009 Order [Dkt# 213] at 6.  This finding alone is a

5   sufficient basis for the Court to find that common issues predominate.

6        Similarly, common issues predominate as to the claims alleged on behalf of the

7   putative class under Cal. Labor Code § 226.7, Wage Order 1-2001 and Cal. Bus. and

8   Prof. Code § 17000 *et seq.* (the "UCL"), as these claims can be proven on a class wide

9   basis with proof that is common to all class members.  It is undisputed that class

10  members are required to eat meals while on duty and that ConocoPhillips makes no

11  effort to relieve them of their job duties during that time (or at any other time during

12  their shifts).  If this practice violates California law, then ConocoPhillips is liable to all

13  class members and owes them the one-hour wage specified in the statute.  Moreover, the

14  evidence presented by Plaintiffs establishes that all Operators and Lab Workers worked

15  under the same shift supervision and work rules, and that they were treated the same

16  with respect to meal periods.  In sum, these common facts show that Named Plaintiffs

17  and class members were not relieved of their duties during meals, an alleged violation of

18  California's meal period law resulting from Defendant's uniform practice.  Common

19  issues, therefore, predominate over any individual issues.

20       Certification is also appropriate under Rule 23(b)(3) because class treatment "is

21  superior to other available methods for the fair and efficient adjudication of the

22  controversy."  As this action rests primarily upon Defendant's uniform practice of

23  failing to provide duty-free meal breaks under California law, class members will have

24  little or no interest in individually controlling the prosecution of this action.  *See* Fed. R.

25  Civ. Proc. 23(b)(3)(A).  Further, this action is the only one presently proceeding to

26  enforce the rights and remedies available against Defendant.  *See* Fed. R. Civ. Proc.

27  23(b)(3)(B).  Also, given that all the refineries where class members are employed are

28  located within California, concentration of the litigation in this forum is desirable.

More, Plaintiffs' claims will completely or largely resolve other class members' claims, rendering duplicative actions wasteful and inefficient. *See* Fed. R. Civ. P. 23(b)(3)(C).

Finally, and perhaps most importantly, while this case was stayed, the Central District of California (Fairbank, D.J.) and the Northern District of California (Wilkin, D.J.) certified remarkably similar classes on remarkably similar facts. *See* Exhibits to Request for Judicial Notice filed concurrently herewith [Exhibit 3, *Gardner v. Shell Oil Co.,* 2011 WL 1522377, 17 Wage & Hour Cas.2d (BNA) 1061 (N.D.Cal. 2011) (certifying a class of shift employees under Rule 23(b)(3)); Exhibits 1 and 2, *Burgess v Tesoro Refining and Marketing Co.,* Case No. CV 10-5870-VBF (C.D. Cal. March 28, 2011) (same)].

## III.   CONCLUSION

For all of the above reasons, *Dukes* does not affect the Court's determination on Plaintiffs' Renewed Motion for Class Certification, and the Court should certify the class on the basis that Plaintiffs have satisfied the requirements of Rule 23(a) and Rule 23(b)(3).


DATED:  August 1, 2011

**Hadsell Stormer Keeny Richardson & Renick LLP**
Anne Richardson (Bar No. 151541)
Randy Renick (Bar No. 179652)
By: s/ Randy Renick
Cornelia Dai (California Bar No. 207435)

*Attorneys for Plaintiffs Raudel Covarrubias, David Simmons, and Stephen S. Swader Sr.*

**Gilbert & Sackman, A Law Corporation**
Robert A. Cantore (Bar No. 127462)
Jay Smith (Bar No. 166105)
Joshua F. Young (Bar No. 232995)
By: s/ Joshua F. Young

**Quinn Connor Weaver Davies & Rouco LLP**
Richard P. Rouco (Admitted Pro Hac Vice)

*Attorneys for Plaintiff USW*