Anne Richardson (California Bar No. 151541)
(Email: arichardson@hskrr.com)
Randy Renick (California Bar No. 179652)
(Email: rrr@hskrr.com)
Cornelia Dai (California Bar No. 207435)
(Email: cdai@hskrr.com)
**HADSELL STORMER KEENY RICHARDSON & RENICK, LLP**
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Fax: (626) 577-7079

*Attorneys for Plaintiffs Raudel Covarrubias, David Simmons, and Stephen S. Swader*

Robert A. Cantore (California Bar No. 127462)
(Email: rac@gslaw.org)
Jay Smith (California Bar No. 166105)
(Email: js@gslaw.org)
Joshua F. Young (California Bar No. 232995)
(Email: jyoung@gslaw.org)
**GILBERT & SACKMAN
A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
Fax: (323) 937-9139

*Attorneys for Plaintiff USW*
*[additional counsel listed on next page]*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL & SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, on behalf of its members employed by defendants, and RAUDEL COVARRUBIAS, DAVID SIMMONS AND STEPHEN S. SWADER, SR., individually and on behalf of all similarly situated current and former employees,<br>　　　　　　　　　Plaintiffs,<br>　　v.<br>CONOCOPHILLIPS COMPANY and DOES 1 through 10, inclusive,<br>　　　　　　　　　Defendants. | Case No. CV08-2068 PSG (FFMx)<br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION**<br>Date:　　September 26, 2011<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 880<br>Judge:　　Hon. Philip S. Gutierrez |

Richard P. Rouco (Admitted Pro Hac Vice)
(Email: rrouco@qwwdlaw.com)
**QUINN CONNOR WEAVER DAVIES & ROUCO LLP**
2700 Highway 280 East, Suite 380
Birmingham, Alabama 35223
Telephone:   (205) 870-9989
Fax:              (205) 803-4143

*Attorneys for Plaintiff USW*

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rules of Evidence, Rule 201, Plaintiffs request that the Court take judicial notice of the existence and content of the following court orders:

1. Minutes re: Motion for Class Certification, *Burgess v. Tesoro Refining and Marketing Company*, USDC Central District of California, Case No. 10-5870-VBF (March 28, 2011). Copies of the court order and the tentative ruling it adopts are attached hereto as Exhibit 1 and Exhibit 2.

2. Order Denying Defendants' Motion to Deny Plaintiff Class Certification and Granting Plaintiffs' Motion for Class Certification, *Gardner v. Shell Oil Company*, USDC Northern District of California, Case No. 09-05876-CW, 2011 WL 1522377 (April 21, 2011). A copy of the court order is attached hereto as Exhibit 3.

Rule 201 of the Federal Rules of Evidence permits judicial notice of facts "not subject to reasonable dispute" in that they are "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. Rule 201(b). The Court may take judicial notice of matters of public record, including the existence and content of court documents and files in another case. *See MGlC Indemnity Corp. v. Weisman*, 803 F.2d 500, 503 (9th Cir. 1986)(taking judicial notice of motion to dismiss and supporting memorandum filed in separate lawsuit as "matter of public record"); *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (finding judicial notice proper where court considered two unpublished court orders in unrelated case to identify relevant policy considerations in assessing reasonableness o f a contract provision); *Clarke v. Upton*, 2010 U.S. Dist. LEXIS 25412 *10-*11 (E.D. Cal. 2010) (taking judicial notice of filing and content of tort claims as "matters of public record"); *Munoz v. McGrath*, 2005 U.S. Dist. LEXIS 30859 *10 (N.D. Cal. 2005) (concluding judicial notice "of the fact that the state courts made the factual findings" in other cases proper).

On March 28, 2011, the district court in *Burgess v. Tesoro Refining and Marketing Company*, USDC Central District of California, Case No. 10-5870-VBF, certified a class of refinery workers with nearly identical claims to the refinery workers in this case. As in this case, the refinery workers in *Burgess* sought relief for employees who were deprived of off-duty meal periods because of the defendant's generally applicable policy that the workers were on duty throughout their shifts. The court rejected the defendant's argument that the "mere facts that (1) a worker must remain on premises; (2) a workers must carry a radio or react to an emergency; or (3) a worker's activities are restricted" did not mean employees were relieved of all duty. Exhibit 2 at 8. Instead, the court found there was "insufficient legal authority" to prove that the Plaintiffs' "on-duty" theory of relief was not viable. *Id.* at 8-9. The court similarly rejected the defendant's argument that individual issues would predominate, despite the fact that the defendant presented some evidence of variance in the extent (1) workers must monitor their units, (2) the extent to which the defendant's restrictions applied, and (3) the frequency of radio, phone, or alarm interruption. *Id.* at 8. The defendant's failed arguments parallel the arguments raised by ConocoPhillips in this case. See Dkt #228 at p.6-14 (arguing that the fact that workers are confined to the refinery and must carry radios is irrelevant).

On April 21, 2011, the district court in *Gardner v. Shell Oil Company*, USDC Northern District of California, Case No. 09-05876-CW, certified another class of refinery workers with nearly identical "on-duty" meal period claims. As in this case, the common questions in *Gardner* were whether common policies and practices at the refinery required employees (1) to remain on the refinery premises and in close proximity to their work areas, (2) to remain in constant communication with co-workers and supervisors via company radio, and (3) barred them from sleeping, reading non-work related materials, watching movies, or using the Internet for more than fifteen minutes per shift, and (4) whether those practices deprived putative class members of thirty-minute meal periods relieved of all duties in accordance with law. Exhibit 3 at

1  11:12-22.  The court rejected the defendant's arguments that requiring employees to
2  remain on premises and respond to radio calls and alarms did not mean they were on
3  duty, and held that certification under Rule 23(b)(2) and 23(b)(3) was warranted. *Id.* at
4  15-20.

5       In both *Burgess* and *Gardner*, the courts certified classes of refinery workers with
6  nearly identical "on-duty" meal period claims over objections raised by the defendants
7  in those cases that are identical to the objections ConocoPhillips has raised in this case.
8  Like the courts in *Burgess* and *Gardner*, the Court should certify the class.

DATED:  August 1, 2011

**Gilbert & Sackman, A Law Corporation**
Robert A. Cantore (Bar No. 127462)
Jay Smith (Bar No. 166105)
Joshua F. Young (Bar No. 232995)
By: s/ *Joshua F. Young*

**Quinn Connor Weaver Davies & Rouco LLP**
Richard P. Rouco (Admitted Pro Hac Vice)

*Attorneys for Plaintiff USW*

**Hadsell Stormer Keeny Richardson & Renick LLP**
Anne Richardson (Bar No. 151541)
Randy Renick (Bar No. 179652)
By: s/ *Randy Renick*
Cornelia Dai (California Bar No. 207435)

*Attorneys for Plaintiffs Raudel Covarrubias, David Simmons, and Stephen S. Swader Sr.*