CATHERINE A. CONWAY (SBN 98366)
JEREMY F. BOLLINGER (SBN 240132)
cconway@akingump.com
jbollinger@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone:    310-229-1000
Facsimile:    310-229-1001

Attorneys for Defendant
ConocoPhillips Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION - ROYBAL FEDERAL BLDG

| | |
|---|---|
| UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL & SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, on behalf its members employed by defendants, and RAUDEL COVARRUBIAS, DAVID SIMMONS AND STEPHEN S. SWADER, SR., individually and on behalf of all similarly situated current and former employees, <br><br>                     Plaintiffs, <br><br> v. <br><br> CONOCOPHILLIPS COMPANY and DOES 1 through 10, inclusive, <br><br>                     Defendants. | Case No. CV08-2068 PSG (FFMx) <br><br> **DEFENDANT CONOCOPHILLIPS COMPANY'S BRIEF ON THE RELEVANCE OF THE UNITED STATES SUPREME COURT'S DECISION IN *WAL-MART STORES, INC. V. DUKES* ON PLAINTIFFS' RENEWED MOTION FOR CLASS** <br><br> Judge:   Hon. Philip S. Gutierrez <br><br> Date:   September 26, 2011 <br> Time:   1:30 p.m. <br> Ctrm:   880 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................1

II. ARGUMENT .......................................................................................................2

    A. Plaintiffs Have Not Met Rule 23(a)'s Commonality Requirement in *Wal-Mart Stores, Inc. v. Dukes*. ..........................................................2

        1. Plaintiffs Cannot Prove A Common Question That Can Be Answered The Same Way By All Putative Class Members........2

        2. Commonality Cannot Be Demonstrated Under *Wal-Mart* Because Of The Discretionary Nature Of ConocoPhillips' Meal Period Policy. ...........................................................................4

    B. In Any Event, Plaintiffs' Proposed Rule 23(b)(2) Class Seeking Injunctive Relief And Backpay Is Also Prohibited By *Wal-Mart v. Dukes*. .................................................................................................7

    C. *Wal-Mart v. Dukes* Is Not Limited To Discrimination Cases. ............. 10

III. CONCLUSION ................................................................................................. 10

i

DEFENDANT CONOCOPHILLIPS COMPANY'S BRIEF ON THE RELEVANCE OF THE UNITED STATES SUPREME COURT'S DECISION IN *WAL-MART STORES, INC. V. DUKES* ON PLAINTIFFS' RENEWED MOTION FOR CLASS

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Diamond State Ins. Co. v. Deardorff*, No. 1:10–CV–004 AWI JLT,
  2011 WL 1459018, *13 n.7 (E.D. Cal. Apr. 15, 2011) .................................. 3

*Doe v. Chao*,
  511 F.3d 461 (4th Cir. 2007) ......................................................................... 8

*Employers Ins. of Wausau v. Granite State Ins. Co.*,
  330 F.3d 1214 (9th Cir. 2003) ....................................................................... 3

*Juarez v. Kmart Corp.*, No. A128164,
  2011 WL 810743 (Cal.App. 1 Dist., Mar. 9, 2011) .................................. 3, 4

*Magnesystems, Inc. v. Nikken, Inc.*,
  933 F. Supp. 944 (C.D. Cal. 1996) ................................................................ 8

*United States v. Bell*,
  988 F.2d 247 (1st Cir. 1993) .......................................................................... 8

*United States v. Husband*,
  312 F.3d 247 (7th Cir. 2002) ......................................................................... 8

*United States v. Lee*,
  358 F.3d 315 (5th Cir. 2004) ......................................................................... 8

*United States v. Stanley*,
  54 F.3d 103 (2d Cir. 1995) ............................................................................ 8

*United States v. Webb*,
  98 F.3d 585 (10th Cir. 1996) ......................................................................... 8

*Waggoner v. Dallaire*,
  767 F.2d 589 (9th Cir. 1985) ......................................................................... 8

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S.Ct. 2541 (2011) ............................................................................ passim

*Williams v. Veolia Transp. Servs., Inc.*, No. CV08-2582,
  2009 WL 5252831 (C.D. Cal. Mar. 20, 2009) .............................................. 4

*Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*,
  810 F.2d 243 (D.C. Cir. 1987) ...................................................................... 8

**STATE CASES**

*In re Tobacco II Cases*,
  46 Cal. 4th 298 (2009) ................................................................................... 3

DEFENDANT CONOCOPHILLIPS COMPANY'S BRIEF ON THE RELEVANCE OF THE UNITED STATES SUPREME COURT'S DECISION IN *WAL-MART STORES, INC. V. DUKES* ON PLAINTIFFS' RENEWED MOTION FOR CLASS

1

# RULES

2  Federal Rules of Civil Procedure
3       Rule 23 ................................................................................................. passim

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iii

## I. INTRODUCTION

The Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, — U.S. —, 131 S.Ct. 2541 (2011), addresses two issues relevant to this Court's pending determination of Plaintiffs' Renewed Motion for Class Certification: (i) that a named plaintiff must demonstrate common questions under Rule 23(a)(2) of the Federal Rules of Civil Procedure that can be answered uniformly as to all class members, and (ii) that class certification is inappropriate under Rule 23(b)(2) if the plaintiff seeks individualized monetary relief, such as backpay.

The Supreme Court's ruling on the Rule 23(a) issue illustrates the need for the Court to determine the elements of Plaintiffs' claim before it can determine if each element can be determined on a class-wide basis. Under *Wal-Mart*, Plaintiffs must prove a common question that can be answered the same way for all class members; an alleged common violation of law is not sufficient. The only common factor alleged by Plaintiffs is the restriction of putative class members to the refinery premises, but ConocoPhillips previously demonstrated that such a restriction is not an element of Plaintiffs' missed meal break claim. Therefore, Plaintiffs cannot satisfy the "commonality" requirement under Rule 23(a), because whether each class member, including the named Plaintiffs, had plenty of time to take meal breaks cannot be answered on a uniform basis: it varies from plaintiff to plaintiff because different supervisors and head operators had different practices about breaks.[1]

The Supreme Court also held that a Rule 23(b)(2) class cannot seek individual monetary relief. Not only have Plaintiffs waived the 23(b)(2) class issue by not raising it in their prior appeal, the demand for such relief by itself precludes class certification here.

---

[1] ConocoPhillips does not dispute that time spent restricted to an employer's premises is compensable. That is not the issue in this case, as it is undisputed that ConocoPhillips pays its shift employees for all time worked during their 8 and 12-hour shifts. The issue is whether the restriction to the refinery premises requires the payment of an *additional* hour of pay on top of the compensation already paid.

1

## II. ARGUMENT

### A. Plaintiffs Have Not Met Rule 23(a)'s Commonality Requirement in *Wal-Mart Stores, Inc. v. Dukes*.

#### 1. Plaintiffs Cannot Prove A Common Question That Can Be Answered The Same Way By All Putative Class Members.

The Court should reconsider its prior analysis of Rule 23(a)'s "commonality" requirement in light of *Wal-Mart*. The Supreme Court in *Wal-Mart* clarified that a plaintiff cannot satisfy the Rule 23(a) commonality requirement merely by "reciting" purportedly common questions. *Wal-Mart*, 131 S.Ct. at 2551. Likewise, a plaintiff cannot show commonality merely by alleging that the putative class members "have all suffered a violation of the same provision of law." *Id.* Instead, the class members' claims "must depend upon a common contention," and the plaintiffs must *prove*, not merely allege, that the "common contention" is "capable of classwide resolution." *Id.*[2]

Here, Plaintiffs' primary theory of liability is that ConocoPhillips has a common policy of requiring class members to remain "on duty" during their meal periods. Dkt. #309 at 3; Dkt. #213 at 4. Their "on duty" theory is based largely on whether shift workers are restricted to the refinery premises by ConocoPhillips.[3] Dkt. #309 at 3:1-2. ConocoPhillips previously demonstrated that the restriction to the employer's premises

---

[2] It is clear that *Wal-Mart* has raised the bar for meeting the commonality standard. Justice Ginsburg's dissent recognizes that the majority's opinion transforms commonality from a low hurdle requiring plaintiffs only to show a single common question of fact or law to an obstacle on a par with proving, as is required for certification of a Rule 23(b)(3) class, that common questions predominate over individual questions. *Wal-Mart*, 131 S.Ct. at 2566 ("The Court blends Rule 23(a)(2)'s threshold criterion with the more demanding criteria of Rule 23(b)(3), and thereby elevates the (a)(2) inquiry so that it is no longer 'easily satisfied'[Citation].") (Ginsburg, J., dissenting).

[3] Plaintiffs also have argued that ConocoPhillips has a uniform policy of requiring class members to "carry and respond to radios" (Dkt. #309 at 2:26-28), but there is uncontroverted evidence that "laboratory operators do not carry radios, some operators do not carry radios either, and those operators that do frequently are not reachable by radio for a variety of reasons individual to that operator, his unit or the circumstances of a particular shift." Dkt. #291 at 15-16; Dkt. #228 at 13.

is not an element of Plaintiffs' claim.[4] Dkt. #228 at 6-9. Additional case law decided during the Court's stay of this case also supports ConocoPhillips' position. In *Juarez v. Kmart Corp.*, No. A128164, 2011 WL 810743 (Cal.App. 1 Dist., Mar. 9, 2011) (unpublished),[5] the California Court of Appeal upheld the denial of certification of a class of janitors who were restricted to the defendant's premises for the entirety of their shifts, in part because "Plaintiffs fail[ed] to establish that inability to leave the premises constitutes a violation of Labor Code provisions relating to meal breaks." *Id.* at *6 & n.6.[6] The *Juarez* plaintiffs, like the Plaintiffs here, were paid for the entirety of their shifts. *Id.* at *9 n.9 ("some janitors were not required to clock out for meals when locked in because under state law they were paid for such breaks"). Therefore, like the

---

[4] Even if the Court finds that restricting employees to an employer's premises is an element of Plaintiffs' claim, the evidence that some putative class members are able to leave the refinery premises shows that whether each class member has a claim is not a common question. Dkt. #291 at 9-10.

[5] This Court may consider unpublished California state court decisions. *Employers Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003) ("we may consider unpublished state decisions, even though such opinions have no precedential value."); *Diamond State Ins. Co. v. Deardorff*, No. 1:10–CV–004 AWI JLT, 2011 WL 1459018, *13 n.7 (E.D. Cal. Apr. 15, 2011) "[T]his Court is not bound by California's rule against citation to unpublished cases, and may consider reasoned unpublished cases as persuasive authority."). *Juarez* is relevant here, because the requirements for class certification under Code of Civil Procedure section 382 are analogous to the requirements under Rule 23 of the Federal Rules of Civil Procedure. *In re Tobacco II Cases*, 46 Cal. 4th 298, 318 (2009).

[6] The Court of Appeal also upheld the trial court's determination that plaintiffs failed to show that common questions of law or fact predominate over individual issues despite the allegation that plaintiffs were locked into the defendant's store for the entirety of their shifts:

> In regard to Plaintiffs' meal break claims, Plaintiffs assert that a common question of law or fact exists in that class members were prevented from taking meal and rest breaks as mandated by law and were deprived of compensation for missed meal and rest breaks in violation of law. However, Plaintiffs cite no evidence indicating the janitors were not paid for meal breaks, and in fact testimony indicates that at least some janitors were not required to clock out for meals when locked in because under state law they were paid for such breaks. To the extent Plaintiffs assert that putative class members were illegally denied meal breaks for the reasons they could not leave the premises, Plaintiffs have not shown this is a valid legal theory, as already noted. Therefore, individualized inquiries as to why the janitors did not take their meal and rest breaks, and whether they were compensated for missed breaks, would be necessary.

*Juarez*, 2011 WL 810743, at *9 n.9.

---

3

DEFENDANT CONOCOPHILLIPS COMPANY'S BRIEF ON THE RELEVANCE OF THE UNITED STATES SUPREME COURT'S DECISION IN *WAL-MART STORES, INC. V. DUKES* ON PLAINTIFFS' RENEWED MOTION FOR CLASS

plaintiffs in *Juarez*, Plaintiffs here will be unable to show that all class members have "suffered the same injury" in order to satisfy the commonality requirement under Rule 23(a), as required by *Wal-Mart*. *Wal-Mart*, 131 S.Ct. at 2551.

To show that all class members have "suffered the same injury," the trier of fact necessarily will have to examine how each class member spent his or her time during a meal break to determine whether that individual was free from ConocoPhillips' control for each 30-minute uninterrupted period. *See, e.g.*, Dkt. #228 at 6 discussing *Williams v. Veolia Transp. Servs., Inc.*, No. CV08-2582, 2009 WL 5252831 (C.D. Cal. Mar. 20, 2009) ("even if this were a common [rest break] policy or procedure governing all of the class members, Plaintiffs have failed to offer any method by which it would be established that this policy resulted in an injury to the entire proposed class"). As ConocoPhillips demonstrated in its briefs in opposition to Plaintiffs' class certification motions, there is substantial evidence that many putative class members take multiple 30-minute uninterrupted breaks, so the inability of class members to take breaks raises individualized issues of fact. Dkt. #196 at 15-20; Dkt. #228 at 13-15; Dkt. #229-3, Exhs. 37-46. In short, this Court will be faced with the same type of discretionary employment policy that the Supreme Court in *Wal-Mart* said failed to meet the commonality requirement.

### 2. Commonality Cannot Be Demonstrated Under *Wal-Mart* Because Of The Discretionary Nature Of ConocoPhillips' Meal Period Policy.

The *Wal-Mart* court held that the fact that a violation could occur under an alleged common policy "does not lead to the conclusion that every employee in a company using a system of discretion has such a claim in common." *Wal-Mart*, 131 S.Ct. at 2554. In *Wal-Mart*, "[t]he only corporate policy that the plaintiffs' evidence convincingly establishe[d was] Wal-Mart's 'policy' of *allowing discretion* by local supervisors over employment matters." *Id.* The same is true here.

The policy alleged here involves a similar kind of discretion exercised by supervisors and head operators over the meal and rest break practices of shift workers. In light of that discretion, to meet their burden, Plaintiffs must "identif[y] a common mode of exercising discretion that pervades the entire company." *Id.* at 2554-55. The evidence shows that Plaintiffs cannot meet that burden.

As Plaintiffs admit, "[t]here is no 'formalized procedure' for providing Operators with either a first or second meal period." Dkt. #227 at 7:26-27. The supervisors have not been given a written meal period policy (Just Depo. 39:11-19; Zumbro Depo. 24:17-20; Cope Depo. 16:5-6; Magee 35:4-13) nor have they been told to apply the meal period policy in a particular uniform way.[7] Just Depo. 39:20-22; Zumbro Depo. 24:21-23; Fejer Depo. 67:24-68:2.[8]

Indeed, they also have different understandings about how to enforce meal periods. Cope Depo. 34:7-22 ("I want to make sure [the operator] has got time to eat his meal without … getting indigestion. I don't want him getting sick because he ate too fast."); Just Depo. 38:4-14 ("we are to … try to give them, while they are on lunch, to not disturb them, meaning me, as a supervisor, when they are at lunch."); Fejer Depo. 15:8-18:18 (operators receive a 30-minute lunch period and smoke breaks, and "[i]f they are not doing anything, then they can go back to the ops shelter and take a break, they can do a lot of different things if they are not working."); Zumbro Depo. 24:10-15 ("[shift workers] just take [meal breaks] whenever they want.").

Accordingly, how any particular putative class member spends his or her time during a given break depends on his or her supervisor or head operator. Different supervisors enforce the rules differently. Fejer Depo. 80:14-81:5 ("Everybody does

---

[7] As in *Wal-Mart* "it is quite unbelievable that all managers would exercise their discretion in a common way without some common direction." *Wal-Mart*, 131 S.Ct. at 2545.

[8] Citations to the deposition testimony of David Cope, Les Fejer, Darrin Just, Andre M. Magee, James Paul Norris, Patrick Prosser, and Larry Zumbro are attached as Exhibits A-G to the Declaration of Jeremy F. Bollinger, filed concurrently.

things a little bit differently."); Cope Depo. 55:13-56:18 (different supervisors apply the rules differently, including rules for meal periods, based on "[d]ifferent personalities").

For example, supervisors use their discretion to decide whether to discipline operators for ignoring calls on breaks. Just Depo. 64:19-65:20 (testifying that operators could be disciplined for ignoring radio calls, but Just is aware that operators have intentionally ignored radio calls without being disciplined); Fejer Depo. 110:11-13, 122:17-24 (Fejer has never disciplined an operator for not responding to a call, but he might counsel an operator if he learned that the operator was intentionally ignoring the call).[9] In addition, some supervisors testified that their operators get "at least two" meal breaks in a 12-hour shift (Cope Depo. 16:16-19) and others say they are "provided a meal break." Fejer Depo. 17:3-8. The amount of time allotted for meal breaks can vary, too, because the meal breaks are "open-ended" and "[t]here's no policy for a minimum time" for breaks. Cope Depo. 17:22-18:1. Even during turnarounds, the length of breaks is discretionary. Supervisor Just explained that "as long as you are not slowing down work during the turnaround, you take a break." Just Depo. 45:20-48:6.

Meal and rest breaks are also subject to the discretion of head operators. "[A] head operator is an individual who is responsible for giving work direction and managing the activities of the operators assigned to them." Prosser Depo. 67:6-16; Norris (USW-30b6) Depo. 45:15-25 ("for process units, you have a head operator and an Operator 1 that's in charge, and the operators assigned to that unit will do the work that's directed by the head operator…"). The head operators use their discretion to decide whether to interrupt the breaks of field operators under their command. Prosser Depo. 64:15-19 (field operators take meal breaks "[a]s their work permits and as they are allowed to do so" by their head operator); Just Depo. 30:22-31:13 (the console operators "pretty much would not bother the guys because they were eating as well as

---

[9] When an operator fails to respond to a radio call, supervisors also use their discretion whether to track the individual down or contact another operator based on whether "it is something truly important." Just Depo. 66:11-24; Fejer Depo. 122:9-16.

6

DEFENDANT CONOCOPHILLIPS COMPANY'S BRIEF ON THE RELEVANCE OF THE UNITED STATES SUPREME COURT'S DECISION IN *WAL-MART STORES, INC. V. DUKES* ON PLAINTIFFS' RENEWED MOTION FOR CLASS

the field operators," but the console operator would call for the field operator "[i]f it was deemed necessary by the console operator"); Fejer Depo. 41:12-25 ("A[ field] operator will be instructed to respond to alarms depending on if the console operator finds it something he needs to have attended to."); Cope Depo. 22:25-23:4 (the desk operator determines whether to interrupt a field operator to address an alarm).

Significantly, if there is any common meal break policy at all, it is that the shift workers themselves exercise a great deal of discretion over when they take their meal breaks and how they spend their time on breaks. Zumbro Depo. 24:10-15 ("[shift workers] just take [meal breaks] whenever they want."); Dkt. #128 at 3 ("Named Plaintiffs do not dispute that they and class members are allowed to eat a meal while on duty."). Thus, how much discretion any particular shift worker may have must be determined on an individual basis. Dkt. #229-3, Exh. 37 (discussing the different constraints each operator position poses to the amount of freedom the operator exercises), Exh. 39 (ability of different operators to take more than 30 minutes for a meal break), Exh. 40 (ability of different operators to take more than two 30-minute meal breaks), Exh. 41 (discussing operators' personal choice to skip or interrupt meal breaks), Exh. 46 (discussing the amount of time operators actually spend on work related activities during a 12-hour shift); Dkt. #291 at 10-12 (discussing the deposition testimony of declarants regarding varying constraints on their freedom).

Therefore, *Wal-Mart* demonstrates that putative class actions based on actions that rely on discretionary enforcement, such as the one governing how meal breaks are taken at ConocoPhillips' refineries in California, cannot satisfy the "commonality" requirement of Rule 23(a). Therefore, class certification should be denied.

### B. In Any Event, Plaintiffs' Proposed Rule 23(b)(2) Class Seeking Injunctive Relief And Backpay Has Been Waived And Is Also Prohibited By *Wal-Mart v. Dukes*.

As discussed in ConocoPhillips' Supplemental Opposition, reconsideration of Plaintiffs' motion to certify a class pursuant to Rule 23(b)(2) is not properly before this

Court because Plaintiffs did not appeal the denial of their Rule 23(b)(2) class, the Ninth Circuit expressly noted Plaintiffs' disavowal of that class, and the Ninth Circuit did not order this Court to reconsider its decision. Dkt. #228 at 17. *See United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002) (scope of district court's power on remand is limited to the issues the appellate court remands because "any issue that could have been but was not raised on appeal is waived and thus not remanded."); *Waggoner v. Dallaire*, 767 F.2d 589, 593 (9th Cir. 1985) ("On remand, the trial court should only have considered matters left open by the mandate of [the appellate] court.") (internal quotations omitted); *Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 949-50 (C.D. Cal. 1996) ("an issue or factual argument ... subsequently waived on appeal, cannot be revived on remand.").[10] In any case, *Wal-Mart* confirms the Court properly denied class certification under Rule 23(b)(2).

*Wal-Mart* instructs that "[Rule 23(b)(2)] does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Wal-Mart*, 131 S.Ct. at 2557. In addition to an injunction and a declaration, the *Wal-Mart* plaintiffs sought to recover backpay. *Wal-Mart* ruled that "claims for individual relief (like the backpay at issue here) do not satisfy [] Rule [23(b)(2)]." *Id.* Like the *Wal-Mart* plaintiffs, Plaintiffs here also seek backpay. Compl., Prayer for Relief at ¶¶ 1-2; Dkt. #309 at 3-4 ("Plaintiffs do not seek any monetary damages other than *backpay*.") (emphasis added). Given the Supreme Court's rejection of Rule

---

[10] Other circuits are in accord. *United States v. Webb*, 98 F.3d 585, 589 (10th Cir. 1996) (noting that because an issue was not appealed the district court's ruling became final and court did not err in declining to address it on remand); *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) (stating that "any issue that could have been but was not raised on appeal is waived and thus not remanded"); *United States v. Lee*, 358 F.3d 315, 324 (5th Cir. 2004) ("All other issues not arising out of [the appellate] court's ruling and not raised in the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below."); *United States v. Stanley*, 54 F.3d 103, 107 (2d Cir. 1995) (holding that mandate rule prevents district court from revisiting issue not raised in initial appeal); *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993) (same); *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C. Cir. 1987) (same).

DEFENDANT CONOCOPHILLIPS COMPANY'S BRIEF ON THE RELEVANCE OF THE UNITED STATES SUPREME COURT'S DECISION IN *WAL-MART STORES, INC. V. DUKES* ON PLAINTIFFS' RENEWED MOTION FOR CLASS

23(b)(2) classes where a plaintiff seeks monetary relief, such as the backpay sought by Plaintiffs here, no grounds exist for the Court to reverse its denial of a Rule 23(b)(2) class.

Plaintiffs argue that class certification is appropriate because their monetary claims do not predominate over their request for injunctive relief. Dkt. #227 at 24-25. The *Wal-Mart* plaintiffs made the same unsuccessful argument. *Wal-Mart*, 131 S.Ct. at 2545-46. In rejecting the argument, the Supreme Court cautioned that "[t]he mere 'predominance' of a proper (b)(2) injunctive claim does nothing to justify elimination of Rule 23(b)(3)'s procedural protections."[11] *Wal-Mart*, 131 S.Ct. at 2546. "The Rule provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action." *Wal-Mart*, 131 S.Ct. at 2558. Moreover, Plaintiffs even conceded that "neither the request for monetary damages nor the request for injunctive relief predominates," as noted by the Court in its prior Order denying class certification. Dkt. #213 at 7.

In any event, Plaintiffs' injunctive relief is moot. As discussed in ConocoPhillips' Opposition, the Lab workers negotiated a revised schedule that the parties agree complies with California law and was adopted by a majority of the Lab workers. Dkt. #228 at 19. Likewise, the parties entered into an on-duty meal agreement for operators that was included in the 2009 Collective Bargaining Agreement and was ratified by the union's membership. Dkt. #228 at 21. Accordingly, even before *Wal-Mart*, Plaintiffs' Rule 23(b)(2) class failed.

---

[11] Where claims for monetary relief are not incidental to the injunctive relief sought, a plaintiff must meet the requirements of Rule 23(b)(3) in order to preserve the "procedural protections of predominance, superiority, mandatory notice, and the right to opt out." *Wal-Mart*, 131 S.Ct. at 2551. ConocoPhillips has already shown that Plaintiffs cannot prevail under 23(b)(3) given the numerous individualized issues that will predominate. Dkt. #196 at 15-20; Dkt. #228 at 13-15; Dkt. #229-3, Exhs. 37-46.

### C. *Wal-Mart v. Dukes* Is Not Limited To Discrimination Cases.

Plaintiffs have argued that *Wal-Mart* "is limited to the district court's certification order in that case." Dkt. #309 at 4. However, the Supreme Court's instruction as to the standards for analyzing Rule 23(a) and Rule 23(b)(2)'s requirements is not so limited. On the contrary, the Supreme Court's broad language clearly applies to the standards for class certification in all cases. *See, e.g., Wal-Mart*, 131 S.Ct. at 2551 ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." (Original emphasis).)

## III. CONCLUSION

Accordingly, the Supreme Court's opinion in *Wal-Mart* is relevant here because it confirms that this Court should deny Plaintiffs' motion on the grounds that (i) Plaintiffs' cannot meet Rule 23(a)'s commonality requirement, and (ii) the Court cannot certify a Rule 23(b)(2) class that seeks both injunctive relief and backpay.

Dated: August 1, 2011

AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway
Jeremy F. Bollinger

By    /s/Catherine A. Conway
            Catherine A. Conway
Attorneys for Defendant ConocoPhillips Company
10

DEFENDANT CONOCOPHILLIPS COMPANY'S BRIEF ON THE RELEVANCE OF THE UNITED STATES SUPREME COURT'S DECISION IN *WAL-MART STORES, INC. V. DUKES* ON PLAINTIFFS' RENEWED MOTION FOR CLASS

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On August 1, 2011, I served the foregoing document(s) described as: **DEFENDANT CONOCOPHILLIPS COMPANY'S BRIEF ON THE RELEVANCE OF THE UNITED STATES SUPREME COURT'S DECISION IN *WAL-MART STORES, INC. V. DUKES* ON PLAINTIFFS' RENEWED MOTION FOR CLASS** on the interested party(ies) below, using the following means:

> **All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

☒ **BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 1, 2011 at Los Angeles, California.

Yvonne Shawver
Print Name                               Signature