Anne Richardson (California Bar No. 151541)
(Email: arichardson@hskrr.com)
Randy Renick (California Bar No. 179652)
(Email: rrr@hskrr.com)
Cornelia Dai (California Bar No. 207435)
(Email: cdai@hskrr.com)
**HADSELL STORMER KEENY RICHARDSON & RENICK, LLP**
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
Telephone:   (626) 585-9600
Fax:         (626) 577-7079

*Attorneys for Plaintiffs Raudel Covarrubias, David Simmons, and Stephen S. Swader*

Robert A. Cantore (California Bar No. 127462)
(Email: rac@gslaw.org)
Jay Smith (California Bar No. 166105)
(Email: js@gslaw.org)
Joshua F. Young (California Bar No. 232995)
(Email: jyoung@gslaw.org)
**GILBERT & SACKMAN**
**A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone:   (323) 938-3000
Fax:         (323) 937-9139

*Attorneys for Plaintiff USW*
*[additional counsel listed on next page]*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL & SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, on behalf of its members employed by defendants, and RAUDEL COVARRUBIAS, DAVID SIMMONS AND STEPHEN S. SWADER, SR., individually and on behalf of all similarly situated current and former employees,<br><br>          Plaintiffs,<br>  v.<br><br>CONOCOPHILLIPS COMPANY and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. CV08-2068 PSG (FFMx)<br><br>**REQUEST FOR JUDICIAL NOTICE**<br><br>Date:   September 26, 2011<br>Time:   1:30 p.m.<br>Place:  Courtroom 880<br>Judge:  Hon. Philip S. Gutierrez |

1  Richard P. Rouco (Admitted Pro Hac Vice)
   (Email: rrouco@qwwdlaw.com)
2  **QUINN CONNOR WEAVER DAVIES & ROUCO LLP**
3  2700 Highway 280 East, Suite 380
   Birmingham, Alabama 35223
4  Telephone:   (205) 870-9989
   Fax:         (205) 803-4143
5
   *Attorneys for Plaintiff USW*
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rules of Evidence, Rule 201, Plaintiffs request that the Court take judicial notice of the existence and content of an Order Granting Plaintiffs' Motion for Class Certification, *Delagarza v. Tesoro Refining and Marketing Company*, USDC Northern District of California, Case No. 09-5803-EMC, entered on September 8, 2011. A copy of the court order is attached as Exhibit 1.

Rule 201 of the Federal Rules of Evidence permits judicial notice of facts "not subject to reasonable dispute" in that they are "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. Rule 201(b). The Court may take judicial notice of matters of public record, including the existence and content of court documents and files in another case. *See MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 503 (9th Cir. 1986)(taking judicial notice of motion to dismiss and supporting memorandum filed in separate lawsuit as "matter of public record"); *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (finding judicial notice proper where court considered two unpublished court orders in unrelated case to identify relevant policy considerations in assessing reasonableness o f a contract provision); *Clarke v. Upton*, 2010 U.S. Dist. LEXIS 25412 *10-*11 (E.D. Cal. 2010) (taking judicial notice of filing and content of tort claims as "matters of public record"); *Munoz v. McGrath*, 2005 U.S. Dist. LEXIS 30859 *10 (N.D. Cal. 2005) (concluding judicial notice "of the fact that the state courts made the factual findings" in other cases proper).

On September 8, 2011, the district court in *Delagarza* certified a class of refinery workers with nearly identical "on-duty" meal period claims as the refinery workers in this case. In *Delagarza*, refinery workers sought relief for employees who were deprived of off-duty meal periods because of the defendant's generally applicable policy that the employees were on duty throughout their shifts. As ConocoPhillips has argued

in this case,[1] the defendant in *Delagarza* argued that exceptions to its generally applicable policy that employees could not leave the premises meant the court could not certify the class.

The court rejected the defendant's argument, holding that the fact "that some workers can leave the premises with permission does not negate Plaintiffs' assertion that there is a general default policy against leaving the premises." Exhibit 1 at 10.  Further, the court found that variations in employees' positions, duties, and ability to eat on the job were immaterial because they did not bear on whether plaintiffs were relieved of duties for meals and did not "negate the broader question of whether employees are on-call during their meal periods." *Id*. at 12.   The court reasoned that, "[while] there may be some variation within the [refinery] with respect to the amount of downtime per shift or number of times per week that the employees leave the premises, such variation does not 'present sufficient evidence that individual questions predominate over Plaintiffs' actual theory, which is based on Tesoro's purported general policies…." *Id*. at 17 (citing *USW v. ConocoPhillips*, 593 F.3d 802, 808 (9th Cir. 2010).

*Delagarza* is the third case in which a court has certified a class of refinery workers with claims nearly identical to those of the refinery workers in this case.  *See* Dkt #318 (Request for Judicial Notice of decisions in *Burgess v. Tesoro Refining and Marketing Company*, USDC Central District of California, Case No. 10-5870-VBF (March 28, 2011), and *Gardner v. Shell Oil Company*, USDC Northern District of California, Case No. 09-05876-CW, 2011 WL 1522377 (April 21, 2011)). In all these cases, the courts certified classes of refinery workers with nearly identical "on-duty" meal period claims over objections raised by the defendants that were nearly identical to the objections ConocoPhillips has raised in this case.  For these reasons, the Court should certify the class.

---

[1] ConocoPhillips has repeatedly argued that class certification must be denied because "the restrictions placed on different operators during their breaks vary depending on individual supervisors and head operators."  *See, e.g.,* Dkt #320 at 6:12-8:2.

DATED: September 12, 2011

**Gilbert & Sackman, A Law Corporation**
Robert A. Cantore (Bar No. 127462)
Jay Smith (Bar No. 166105)
Joshua F. Young (Bar No. 232995)
By: s/ *Joshua F. Young*

**Quinn Connor Weaver Davies & Rouco LLP**
Richard P. Rouco (Admitted Pro Hac Vice)

*Attorneys for Plaintiff USW*

**Hadsell Stormer Keeny Richardson & Renick LLP**
Anne Richardson (Bar No. 151541)
Randy Renick (Bar No. 179652)
By: s/ *Randy Renick*
Cornelia Dai (California Bar No. 207435)

*Attorneys for Plaintiffs Raudel Covarrubias, David Simmons, and Stephen S. Swader Sr.*