CATHERINE A. CONWAY (SBN 98366)
JULIA I. DE BEERS (SBN 233811)
JEREMY F. BOLLINGER (SBN 240132)
cconway@akingump.com
jdebeers@akingump.com
jbollinger@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone:   310-229-1000
Facsimile:    310-229-1001

Attorneys for Defendant
ConocoPhillips Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - ROYBAL FEDERAL BLDG

| | |
|---|---|
| UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL & SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, on behalf its members employed by defendants, and RAUDEL COVARRUBIAS, DAVID SIMMONS AND STEPHEN S. SWADER, SR., individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>CONOCOPHILLIPS COMPANY and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV08-2068 PSG (FFMx)<br><br>**DEFENDANT CONOCOPHILLIPS COMPANY'S RESPONSE TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF *DELAGARZA V. TESORO*; REQUEST FOR JUDICIAL NOTICE OF *DRISCOLL V. GRANITEROCK COMPANY***<br><br>Judge:  Hon. Philip S. Gutierrez<br><br>Date:   September 26, 2011<br>Time:   1:30 p.m.<br>Ctrm:   880 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT........................................................................................................2

    A. The Facts Of *Delagarza* Distinguish That Case From The Case Before This Court. ...........................................................................................2

    B. *Delagarza* Does Not Address The Threshold Question Of Whether The Restriction To A Refinery's Premises Is Even Relevant To Plaintiffs' Meal Break Claim. ..............................................................................3

    C. The Court Should Take Judicial Notice Of *Driscoll v. Graniterock Company.* ........................................................................................................5

III. CONCLUSION....................................................................................................7

i

Defendant's Response to Plaintiffs' Request for Judicial Notice of *Delagarza v. Tesoro*; Request for Judicial Notice of *Driscoll v. Graniterock*

## I. INTRODUCTION

The Court should deny Plaintiffs' request for judicial notice of *Delagarza v. Tesoro Refining and Marketing Company*, USCD Northern District of California, Case No. 09-5803-EMC (Sept. 8, 2011). The *Delagarza* court was faced with a uniform written policy which severely restricted the types of activities employees could engage in during their meal breaks. No similar evidence has been presented in this case. On the contrary, testimony from putative class members, including the named plaintiffs and their own witnesses, as well as ConocoPhillips' witnesses, shows the opposite is true.

Moreover, *Delagarza* does not address California cases finding that being "on call" or being restricted to an employer's premises does not constitute a meal break violation.[1] Indeed, if an employee's meal is interrupted but has the opportunity to take a full 30-minute meal period, there is no break violation. *Helm v. Alderwoods Group Inc.*, No. C 08-01184 SI, 2011 WL 855810, *7 (N.D. Cal. Mar. 9, 2011) ("Some hour-long-lunch employees are included within this subclass, even though under plaintiffs' legal theory, failure to compensate those plaintiffs for an interrupted lunch break would not give rise to liability unless they failed to receive an uninterrupted thirty-minute break."); *Temple v. Guardsmark LLC*, No. C 09–02124 SI, 2011 WL 723611, *6 (N.D. Cal. Feb. 22, 2011) (denying class certification where evidence showed that "in the uncommon instance that their rest periods were interrupted [plaintiffs] would receive another uninterrupted rest period"). In the few cases where a putative class member's break was actually interrupted, an individual inquiry is necessary to determine whether that employee was able to take a new break.

To determine whether the requirements of class certification are met, the Court must necessarily consider the elements of the Plaintiffs' claim. If, as ConocoPhillips

---

[1] *Juarez v. Kmart Corp.*, No. A128164, 2011 WL 810743 (Cal.App. 1 Dist., Mar. 9, 2011) (on premises); *Bradley v. Networkers Int'l LLC*, No. D052365, 2009 WL 265531 (Cal.App.4 Dist. Feb. 5, 2009) (review granted May 15, 2009) (on premises); *Weltman v. Ortho Mattress, Inc.*, No. 08cv0840 JM(WMc), 2009 U.S. Dist. LEXIS 115178 *8-9 (S.D. Cal. Dec. 10, 2009) (on premises); *Temple v. Guardsmark LLC*, No. C 09–02124 SI, 2011 WL 723611, *6 (N.D. Cal. Feb. 22, 2011) (on call).

1

Defendant's Response to Plaintiffs' Request for Judicial Notice of *Delagarza v. Tesoro*; Request for Judicial Notice of *Driscoll v. Graniterock*

contends and the weight of authority shows, requiring an employee to eat on the premises or the mere possibility of recall do not render a meal period invalid, then individualized issues will predominate in this case.  To that end, the Court should take judicial notice of the decision in *Driscoll v. Graniterock Co.*, Santa Clara County Superior Court, Case No. 1-08-CV-103426 (Aug. 25, 2011) issued in the last month, a similar "gotcha" style lawsuit in which the plaintiffs were paid for their entire shift, including meal periods, it was undisputed that they had ample time to eat, and no one actually wanted an unpaid off-duty meal period.

Because *Delagarza* is irrelevant to this Court's determination of Plaintiffs' renewed motion for class certification, it should disregard the decision in that case, but grant ConocoPhillips' request for judicial notice in *Driscoll*.

## II. ARGUMENT

### A. The Facts Of *Delagarza* Distinguish That Case From The Case Before This Court.

Plaintiffs argue that the *Delargarza* court "certified a class of refinery workers with nearly identical 'on-duty' meal period claims as the refinery workers in this case." Dkt. #321 at 1.  While it is true that the *claims* are similar in large part because these cases are being driven by the same union (*id*. at 2:16-17), the defendants and their policies or practices are materially different.[2]

The *Delagarza* court based its finding of commonality on a written policy which restricted Tesoro operators from "sleeping, reading, television, and other non-work activities."  (Dkt. #321-1 at 10:18-19, 11:3-7.)  Here, Plaintiffs' class allegations do not include any similar alleged common question pertaining to restrictions on class members' leisure time.  (Dkt. #227 at 12 [listing alleged common questions].)  Even if they had, Plaintiffs have presented no similar written policy to counter the testimony

---

[2] Like the *Burgess* case – the subject of a prior request for judicial notice (Dkt. #318) – the *Delargarza* case was also filed against Tesoro Refining and Marketing Company which applied the same meal break policies to both refinery locations.  (Dkt. #321-1 at 10.)

from multiple witnesses, including the named plaintiffs themselves and their own percipient witness, that ConocoPhillips does not place the same restrictive conditions that are imposed on the putative class members at the Tesoro and Shell refineries. (Dkt. #320 at 7-8 [citing among others, the testimony of plaintiff Swader, USW's 30(b)(6) witness Norris and plaintiff's witness Lopez].)

The *Delagarza* court also found Tesoro's evidence "does not negate the broader question of whether employees are on-call during their meal periods." (Dkt. #321-1 at 12.) First, courts have found that being "subject to recall" does not create a common issue where there is evidence that those putative class members still took breaks "most of the time." *Temple*, 2011 WL 723611, at *6 (denying class certification where evidence showed that plaintiffs "were on call, needed to respond in case of emergency, and in the uncommon instance that their rest periods were interrupted they would receive another uninterrupted rest period"). Second, ConocoPhillips submitted evidence that some supervisors cross-train the majority of their operators so that they can cover for each other during breaks, some instruct their operators to stop working and take breaks, some head operators do the same thing, and evidence showed that even plaintiff Covarrubias was able to leave his work area for over an hour at a time while another operator assumed his duties. (Dkt. #229-1 at 18-19.) While Tesoro raised similar issues in *Delagarza*, it did not provide the same evidentiary support. (Dkt. #321-1 at 18.)

Based on facts unique to the refineries at issue in *Delagarza* and *Burgess*, the *Delagarza* court concluded that "there is at least a 'core of salient facts' with respect to these questions." (Dkt. #321-1 at 11.) Plaintiffs have the burden of establishing facts in this case that support class certification. They have not met that burden, and the Court here cannot make its determination based on how different refineries in other cases treat their employees.

### B. *Delagarza* Does Not Address The Threshold Question Of Whether The Restriction To A Refinery's Premises Is Even Relevant To Plaintiffs' Meal Break Claim.

The *Delagarza* court certified a class based in part on the purported common

question of "whether Tesoro has a policy of requiring shift workers to remain on premises" (Dkt. #321-1 at 10:16-17), but this question is irrelevant if such a restriction is not an element of the plaintiffs' meal break claim.[3] *McKenna v. First Horizon Home Loan Corp.*, 475 F.3d 418, 422 (1st Cir. 2007) ("[A] district court abuses its discretion when a relevant factor deserving of significant weight is overlooked, *or when an improper factor is accorded significant weight*, or when the court considers the appropriate mix of factors, but commits a palpable error of judgment in calibrating the decisional scales.") (citation omitted) (emphasis added).

The *Delagarza* court did not make the necessary determination of whether the restriction to the refinery premises constitutes a meal break violation, as ConocoPhillips has urged this Court to do, and therefore the predominance test it performed was improperly weighted with a potentially irrelevant common factor. *Williams v. Veolia Transp. Servs., Inc.*, No. 09-56031, 2010 WL 1936270, *1 (9th Cir. May 14, 2010) ("[a]nalyzing the predominance requirement necessitates looking at both the substantive issues of the underlying claim and the proof relevant to each issue."); *Oscar v. BMW of North America, LLC*, 274 F.R.D. 498, 509 (S.D.N.Y. 2011) ("[T]o find predominance, a Court must consider the elements of each cause of action, and determine whether those elements can be satisfied by common, class-wide proof.") (citation omitted). California courts also agree that the critical inquiry on a class certification motion is whether "the theory of recovery advanced by the proponents of certification is, as an analytical matter, likely to prove amenable to class treatment." *Sav-on Drug Stores, Inc. v. Superior Court*, 34 Cal.4th 319, 327 (2004). "In order to determine whether common questions of [law and] fact predominate the trial court must examine the issues framed by the pleadings and the law applicable to the causes of action alleged." *Id.* at 341 (Brown, J., concurring).

The *Delgarza* court made the false assumption that the restriction to the premises

---

[3] This issue was similarly ignored in *Burgess* and *Gardner*. (Dkt. #320 at 2 n.2.)

is relevant (Dkt. #321-1 at 20), but that is not true if the restriction to the refinery premises is not an element of plaintiffs' claim.

Indeed, *Delgarza*'s assumption is not true.  The relevant authorities demonstrate that an employee must be compensated for time spent restricted to an employer's premises, but do not hold that simply restricting the employee to the premises constitutes a meal break violation.  (Dkt. #228 at 3-12, #320 at 2-4 [citing cases].)  Such a finding does not improperly reach the merits of Plaintiffs' claim; it will simply define Plaintiffs' meal break claim and permit the Court to weigh the relevant proof necessary for Plaintiffs to prevail and whether that proof is amenable to class-wide consideration. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011) ("Frequently th[e Rule 23] 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped."); *In re New Motor Vehicles Can. Exp. Antitrust Litig*., 522 F.3d 6, 20 (1st Cir. 2008) ("a district court must formulate some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate in a given case"); *Dhamer v. Bristol-Myers Squibb Co*., 183 F.R.D. 520, 530 (N.D. Ill. 1998) (the court must "understand the claims, defenses, relevant facts and applicable substantive law in order to make a meaningful determination of certification issues.").  Accordingly, the Court should not consider *Delagarza* here.

### C. The Court Should Take Judicial Notice Of *Driscoll v. Graniterock Company.*

Pursuant to Federal Rules of Evidence 201, ConocoPhillips requests the Court take judicial notice of the existence and content of the order in *Driscoll v. Graniterock Co*., Santa Clara County Superior Court, Case No. 1-08-CV-103426 (Aug. 25, 2011), attached as Exhibit A to Declaration of Jeremy Bollinger filed concurrently.  In that case, the plaintiff concrete mixer drivers had "ample down time during [their] days during which they had time to eat while at the [employer's] plant or a customer site." *Id*. at *3, *13.  "No one went hungry – they ate in their downtime."  *Id*. at *14.

The court held that "Plaintiffs' assertion that an employee must be relieved from

5

1 all control during an off-duty meal period [citation] is off the mark.  Whether an
2 employee *was provided the opportunity* to take an off-duty meal in which the employer
3 relinquishes all control is a separate issue from whether an employee who decided to
4 work during his meal period and/or was under the employer's control was paid for that
5 time." *Id*. at *11 (original emphasis).

6       The *Driscoll* court found it "significant that none of the named Plaintiffs/Class
7 representatives testified that he wanted off-duty meal periods." *Id*. at *13.  The
8 plaintiffs, members of a union like the Plaintiffs in this case, never "complained or filed
9 a grievance regarding meal periods" nor "ha[d] the Union filed any such grievance." *Id*.
10 at *14.  Accordingly, the court held that defendant "reasonably relied on this conduct by
11 the drivers and Union representatives—as well as the written agreements they signed
12 and chose not to revoke—as evidencing the drivers' stated desire to not take off-duty
13 meal periods whenever possible." *Id*.  In fact, the "[d]rivers opted to work through
14 lunch even knowing that they were agreeing not to get the one hour's pay" because they
15 "knew that if they did revoke, they would get more off-duty unpaid meals, which they
16 did not want." *Id*. at *13-14.

17       That paradigm exists in this case.  Here, neither the USW nor any putative class
18 member filed a grievance about the meal break practices at any of ConocoPhillips'
19 California refineries until *after* the lawsuit was filed when the Company attempted to
20 provide the Laboratory employees' with the relief they seek here.  Plaintiff Covarrubias,
21 on behalf of the USW, filed a grievance after ConocoPhillips changed the Laboratory
22 employees' work schedule to provide each employee with two 30-minute unpaid meal
23 breaks for each 12-hour shift.  (Dkt. #228 at 16.)  Like in *Driscoll*, this grievance and
24 other witness testimony show that putative class members, including the named
25 plaintiffs themselves, do not want off-duty meal periods.  (Dkt. #228 at 20, 22.)

26       Given that Plaintiffs here do not want off-duty meals, it begs the question
27 addressed in *Driscoll* of whether the alleged meal break violations have occurred.
28 Given that *Driscoll* was "not a case where class members toil in ignorance," the court

6

Defendant's Response to Plaintiffs' Request for Judicial Notice of *Delagarza v. Tesoro*; Request for Judicial Notice of *Driscoll v. Graniterock*

"declined[d] to adopt a 'gotcha' theory of litigation that imposes liability when the facts and real-world concerns dictate no liability." *Driscoll*, Case No. 1-08-CV-103426, at *25. The same is true in this case where Plaintiffs have tied their class allegations to a circumstance that is not an element of Plaintiffs' meal break claim.

*Driscoll* lays bare the reality of Plaintiffs' claims here. No one is missing a meal. No one has been injured. The putative class members have been compensated for their time as required by law. The "real-world concerns" here dictate no liability.

## III. CONCLUSION

For all of the foregoing reasons, the Court should deny Plaintiffs' request for judicial notice of the *Delagarza* decision, and grant ConocoPhillips request for judicial notice of the *Driscoll* decision.

Dated: September 22, 2011         AKIN GUMP STRAUSS HAUER & FELD LLP
                                  Catherine A. Conway
                                  Julia I. De Beers
                                  Jeremy F. Bollinger


                                  By    */s/Catherine A. Conway*
                                        Catherine A. Conway
                                  Attorneys for Defendant ConocoPhillips Company

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On September 22, 2011, I served the foregoing document(s) described as: **DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF *DELAGARZA V. TESORO*; REQUEST FOR JUDICIAL NOTICE OF *DRISCOLL V. GRANITEROCK*** on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 22, 2011 at Los Angeles, California.

Yvonne Shawver
Print Name                                    Signature