UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#127/318/319

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present   Not Present

**Proceedings:**   **(In Chambers) Order Granting Plaintiffs' Renewed Motion for Class Certification**

Pending before the Court is Plaintiffs' renewed class certification motion. The Court heard argument on the motion on September 26, 2011. After considering the moving and opposing papers and the arguments made at the hearing, the Court GRANTS Plaintiffs' motion for class certification.

I.   Background

ConocoPhillips ("Defendant" or "Conoco") is an international oil company which operates oil refineries in Los Angeles, Santa Maria, and Rodeo, California (the "refineries"). United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC ("USW") is a labor organization that represents many of the employees who work at the refineries. USW and Defendant are parties to a collective bargaining agreement ("CBA") that sets forth the wages, hours, and working conditions of the refinery employees. *See Supp. Mot.* 9:18-10:11.

In February 2008, USW and Representative Plaintiffs David Simmons, Raudel Covarrubias, and Stephen Swader (collectively as "Plaintiffs") filed a class action against Conoco in Los Angeles County Superior Court, alleging that Conoco failed to provide meal periods as required by California law. The putative class encompasses

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#127/318/319

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

[a]ll former, current, and future non-exempt hourly employees of Defendant ConocoPhillips who, at any time since February 15, 2004, worked as an Operator or in the laboratory on a shift schedule at a ConocoPhillips petroleum refinery located in Los Angeles, Santa Maria, or Rodeo, California. *Id.* 1:15-17.

The basic premise of Plaintiffs' suit is that because operators and lab workers cannot leave their units during their meal breaks and are subject to interruptions to which they are required to respond, their meal periods are impermissibly "on duty" under California law. *See id.* 1:10-21. In March 2008, Conoco removed the action to this Court under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2).

  A. <u>Plaintiffs' Motions for Class Certification</u>

In December 2008, Plaintiffs filed a motion for class certification, which the Court denied. *See* Dkt. #39. In April 2009, Plaintiffs filed a renewed motion for class certification, which the Court also denied. *See* Dkt. #124. In denying Plaintiffs' renewed motion for class certification, the Court concluded that Plaintiffs met the four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy of representation—but that Plaintiffs were unable to establish that the questions common to the proposed class would predominate over individual questions under Rule 23(b)(3) or that injunctive relief would outweigh monetary damages under Rule 23(b)(2). In determining that Plaintiffs did not satisfy Rule 23(b)(3), the Court found "there [could] be no assurances" that Plaintiffs would prevail on their "on duty" theory of liability. *See* Dkt. #213. As a result, the Court denied Plaintiffs' renewed motion for class certification on June 11, 2009. *See id.* Plaintiffs appealed the Court's denial of the renewed class certification motion.

  B. <u>Appeal</u>

On appeal, Plaintiffs argued that this Court abused its discretion by declining certification "based on the *possibility* that plaintiffs would not prevail on the merits of their 'on duty' theory" of liability. *United Steel Workers v. ConocoPhillips Co.*, 593 F.3d 802, 808 (9th Cir. 2010). The Ninth Circuit agreed, holding that a district court may not "decline to certify [a] class on the basis of a mere potentiality that may or may not be realized." *Id.* at 810. Instead, a district court must consider whether "plaintiffs' *actual* legal theory" is one in which common issues of law or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#127/318/319

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

fact predominate over individual questions. *Id.* at 808. "Although certification inquiries such as commonality, typicality, and predominance might properly call for some substantive inquiry, 'the court may not go so far . . . as to judge the validity of these claims.'" *Id.* at 808-09 (citation omitted).

Accordingly, the Ninth Circuit reversed and remanded the case to this Court "for reconsideration of plaintiffs' motion for class certification in light of [the Ninth Circuit's] decision." *Id.* at 810.

  C. <u>Supplemental Briefing and Stay</u>

Following remand from the Ninth Circuit, this Court requested, and the parties submitted, supplemental briefing on the renewed motion for class certification. *See* Dkt. #226. Shortly before holding a hearing on the matter, however, the Court stayed the case pending the Supreme Court's resolution of *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). *See* Dkt. #314. After the Supreme Court decided *Dukes* in June 2011, the parties, on request of this Court, filed briefs on the relevance of the *Dukes* decision to the present case. The Court now turns to consideration of Plaintiffs' renewed motion for class certification.

II. <u>Legal Standard</u>

A party seeking to certify a class must demonstrate that it has met all four requirements of Federal Rule of Civil Procedure 23(a), and at least one of the requirements of Rule 23(b). *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1186 (9th Cir. 2001). Rule 23(a) requires that all of the following four factors be met: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." In short, the class must satisfy the requirements of numerosity, commonality, typicality, and adequacy.

Rule 23(b) requires, in relevant part, that one of three additional requirements be met. Here, Plaintiffs assert that this case falls within Rule 23(b)(3), which provides that a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#127/318/319

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Rule 23(c) allows a court to maintain a class action as to particular issues only or to divide a class into subclasses. Fed. R. Civ. P. 23(c)(4), (5).

More than a pleading standard, Rule 23 requires the party seeking class certification to "affirmatively demonstrate . . . compliance with the Rule — that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 131 S. Ct. at 2551. In turn, the district court must conduct a "rigorous analysis" to determine that the prerequisites of Rule 23 have been met. *See Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 161 (1982). If a court is not fully satisfied, certification should be refused. *Id.*

While the court's analysis must be rigorous, Rule 23 confers "broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court." *Armstrong v. Davis,* 275 F.3d 849, 872 n.28 (9th Cir. 2001). "'Implicit in this deferential standard is a recognition of the essentially factual basis of the certification inquiry and of the district court's inherent power to manage and control pending litigation.'" *In re Monumental Life Ins. Co.,* 365 F.3d 408, 414 (5th Cir. 2004) (citation omitted); *see also Hartman v. Duffey,* 19 F.3d 1459, 1471 (D.C. Cir. 1994) ("In light of the fact that trial courts have the primary responsibility of ensuring the 'orderly management of litigation' and that the purpose of class actions lies in 'advanc[ing] the efficiency and economy of multi-party litigation,' trial courts 'are uniquely well situated to make class certification decisions.'") (citations omitted).

In *Falcon,* the Court reiterated the well-recognized precept that "'the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Falcon,* 457 U.S. at 160 (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469 (1978)). Nevertheless, "[t]he court may not go so far . . . as to judge the validity of [the] claims." *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003). Thus, "[a]lthough some inquiry into the substance of a case may be necessary to ascertain satisfaction of the . . . requirements of [Rule 23], it is improper to advance a decision on the merits to the class certification stage." *See Moore v. Hughes Helicopters, Inc.,* 708 F.2d 475, 480 (9th Cir. 1983) (citation omitted). With these principles in mind, the Court turns to the requirements of Rule 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#127/318/319

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

III.  Discussion

The Court previously found that all of the Rule 23(a) factors had been met in this case. S*ee* Dkt. #213.  Conoco now argues, however, that the *Dukes* decision has "raised the bar" for meeting the requirements of Rule 23(a), particularly the requirement of "commonality."  *See Def.* Dukes *Brief* 2:20-24 n.2.  In light of *Dukes*, and mindful of the rigorous analysis required for a motion for class certification, the Court will re-examine the Rule 23(a) factors.

Under Rule 23(b), Plaintiffs originally argued that certification of the proposed class was warranted under both Rule 23(b)(2) and Rule 23(b)(3).  *See Supp. Mot.* 1:17-18.  After *Dukes* was decided, the Plaintiffs withdrew their request for certification under Rule 23(b)(2).  *See Plt.* Dukes *Brief* 1:26-28 n.1.  The Court, therefore, is left only to consider whether certification of the proposed class is appropriate under Rule 23(b)(3).

Finally, if the requirements of Rule 23 are met, such that the Court will certify a class, the Court must consider whether to certify subclasses because of a change in circumstances regarding lab workers as of June 8, 2009.  *See Supp. Mot.* 9:1-16.

    A.    <u>Federal Rule of Civil Procedure 23(a) Factors</u>

        1.    <u>Numerosity</u>

Under Rule 23(a)(1), the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  In this case, there are approximately six hundred members of the proposed class.  Given the substantial number of putative class members, the Court concludes that joinder would be impracticable.  *See In re Itel Sec. Litig.*, 89 F.R.D. 104, 111-12 (N.D. Cal. 1981) (when the number of class members exceeds one hundred, the numerosity requirement will usually be met).  Accordingly, and noting that Conoco does not contest the point, the Court finds that the numerosity requirement is satisfied.

        2.    <u>Commonality</u>

To fulfill the commonality prerequisite of Rule 23(a)(2), Plaintiffs must establish that there are questions of law or fact common to the class as a whole.  *See* Fed. R. Civ. P. 23(a)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#127/318/319

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

The Ninth Circuit has construed Rule 23(a)(2) permissively and noted that the "existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). In fact, "even a single common question" may satisfy Rule 23(a)(2). *See Dukes*, 131 S. Ct. at 2551.

Here, Plaintiffs have identified the following issues as common questions of law or fact:

(1)   Whether Defendant failed to provide class members meal periods in accordance with California law;

(2)   Whether the nature of the work of the class members prevents them from being relieved of all duties during meal periods;

(3)   Whether Defendant failed to provide class members lawful meal periods when the members of the class were on duty during the entirety of their 12-hour shifts;

(4)   Whether Defendant maintains or has maintained common policies that failed to properly compensate class members for missed meal periods;

(5)   Whether Defendant failed to keep accurate records of meal periods in accordance with California law;

(6)   Whether class members are entitled to an injunction requiring Defendant to adopt a meal period policy consistent with California law. *See Supp. Mot.* 18:8-20.

Conoco argues that commonality does not exist among class members because there would be no common issues "if it is determined" that Plaintiffs' "on duty" theory is untenable. *See May 22, 2009 Opp.* (*May Opp.*) 2:12-13. This argument, however, would require the Court to ignore Plaintiffs' actual theory of liability in favor of the theory that Conoco considers more likely to succeed, which the Court cannot do in light of the Ninth Circuit's reversal in this case. *See United Steel Workers*, 593 F.3d at 808 (reversible error to decline certification "based on the *possibility* that plaintiffs would not prevail on the merits" of their legal theory).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#127/318/319

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

Defendant also contends that commonality does not exist because (1) testimony from individual Plaintiffs demonstrates that they routinely receive meal breaks; (2) each employee's claim will depend upon individual evidence as to whether a meal break was "provided"; and (3) Plaintiffs' "on duty" theory of liability is contrary to California law. Defendant misinterprets the commonality requirement, particularly with respect to its third point. Indeed, whether or not Plaintiffs' theory of liability is viable is a common question of law. Plaintiffs argue that Conoco had a common policy of requiring Plaintiffs to remain on duty during their meal periods, as they were subject to interruption during meal breaks, were required to carry a radio, and had to be ready to work at all times. *See* Dkt. #99. According to Plaintiffs, such an on-duty paid meal period is permitted only under certain circumstances, which were not satisfied here. *See* Cal. Labor Code §§ 226.7, 512. Thus, Conoco's conflicting interpretation of California's meal period requirements does not defeat commonality; to the contrary, it highlights the existence of common questions of law and fact that are central to the resolution of this litigation.

*Dukes* does not change this result. To satisfy Rule 23(a)'s commonality requirement, *Dukes* requires that class claims must depend on a "common contention . . . of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551. Conoco argues that Plaintiffs fail under *Dukes* because whether each class "had plenty of time to take meal breaks" cannot be answered uniformly for the class. As explained, however, Plaintiffs allege that Conoco had a common policy of requiring Plaintiffs to remain on duty during meal periods. This is a "common contention" and its "truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* In this regard, Plaintiffs satisfy the standard of *Dukes*.

Conoco further argues Plaintiffs' claims suffer from the same "discretionary policy" infirmity that plagued the claims of the plaintiffs in *Dukes*. *See Def.* Dukes *Brief* 4:19-26. In *Dukes*, the Supreme Court reversed certification of a class of female employees who asserted Wal-Mart engaged in a pattern of discriminatory conduct. In doing so, the Supreme Court reasoned that Wal-Mart's decision to give local supervisors discretion over employment matters "is just the opposite of a uniform employment practice that would provide the commonality needed for a class action." *Dukes*, 131 S. Ct. at 2554. Likewise here, argues Conoco, the meal periods of operators were subject to the discretion of supervisors and head operators. *See Def.* Dukes *Brief* 5:1-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#127/318/319

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

      As alleged, however, the meal period policy instituted at the refineries was not a discretionary policy. In fact, the evidence, as set forth more fully below in the Court's discussion of Rule 23(b)(3), supports Plaintiffs' allegation that a policy was followed at all the refineries that required Plaintiffs to remain on duty during their meal periods. Conoco's characterization of the policy as discretionary once again relies on Conoco's conflicting interpretation of California's meal period requirements. For example, testimony demonstrating that "supervisors use their discretion to decide whether to discipline operators for ignoring calls on breaks," does not defeat the commonality of Plaintiffs' "on duty" theory. *Id.* 6:3-9. Whether Plaintiffs actually ate during their shifts, or responded to radio calls in particular instances, does not affect whether they were required to remain on duty and does not make the requirement to be on duty discretionary. Defendant's alleged policy of requiring Plaintiffs to remain on duty during meal periods is therefore not similar to the policy in *Dukes*, according to which local store managers exercised discretion over promotion of subordinates. *See also Delagarza v. Tesoro Ref. and Mktg. Co.*, No. C 09-5803 EMC, 2011 WL 4017967, at *13 (N.D. Cal. Sept. 8, 2011) (finding *Dukes* inapposite where plaintiff refinery workers alleged a common practice of failing to relieve employees of all duty for meal periods).

      The Court therefore determines that Plaintiffs have again met their burden to show commonality.

      3.    <u>Typicality</u>

      The Rule 23(a)(3) typicality inquiry requires a showing that the named plaintiffs are members of the class they represent and that their claims are "typical" or "reasonably coextensive with those of absent class members," but not necessarily "substantially identical." *Hanlon*, 150 F.3d at 1020. The Supreme Court has explained that the typicality and commonality requirements overlap to a certain degree, but whereas commonality examines the characteristics of the entire proposed class, typicality compares the named plaintiff to the remainder of the class. *See Falcon*, 457 U.S. at 157 n.13.

      Conoco argues that the claims of all three Representative Plaintiffs are atypical because of their positions of leadership within USW. The Court, however, has rejected this argument twice—first in the March 16, 2009, denial of class certification, *see* Dkt. #98, and second in the June 11, 2009, denial of class certification, *see* Dkt. #213—and need not consider it again here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#127/318/319

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

Conoco makes the additional argument that the Named Plaintiffs are not typical of the class members because "they were responsible for negotiating [] work schedules about which they now complain" and are "hostil[e] to the very relief they seek." *See Supp. Opp.* 20:11-13. In essence, Conoco contends there is a conflict of interest between the Named Plaintiffs and the class members.[1] More specifically, on May 20, 2009, Conoco independently announced a change to the schedules of lab workers to provide a thirteen-hour day with two unpaid thirty-minute meal periods. *See Reyes Decl.*, Ex. E (Dkt. #228-13) (a June 4, 2009, e-mail from Debra Butler explaining that the lab workers had to "begin" the previously proposed work schedule). Named Plaintiffs Covarrubias and USW then filed a grievance on behalf of the lab workers to have the old schedule restored – the same schedule about which Plaintiffs now complain. *See Reyes Decl.*, Ex. C (Dkt. #202-60). Ultimately, a settlement between the union and Conoco was reached providing for one paid meal period during a twelve-hour day. *See Reyes Decl.*, Ex. G (Dkt. #228-15).

Plaintiffs explain that the grievance was not filed due to any hostility to the independently instituted schedule per se, but because the schedule was instituted unilaterally, without legally-required input from the workers or the union. *See Supp. Reply* 7:6-19 (citing, inter alia, *NLRB General Counsel Memorandum* 92-9, at 3 (August 7, 1992), *available at* http://www.nlrb.gov/research/memos/general_counsel_ memos.aspx ("[W]here changes in working conditions are mandated by changes in law, an employer" can act unilaterally to make such changes, but "where . . . the employer [has] some discretion with regard to compliance, the employer violates [the law] by unilaterally changing terms and conditions to bring itself into compliance.")). Plaintiffs' action of filing a grievance in an attempt to ensure Conoco's compliance with collective-bargaining law does not make them atypical of the putative class members. When viewed together with the factual basis for the Court's two earlier

---

[1] The Court notes that, generally, consideration of conflicts of interest between named plaintiffs and putative class members are analyzed under the adequacy requirement found in Rule 23(a)(4) and not the typicality requirement of Rule 23(a)(3). *See Hanlon*, 150 F.3d at 1020. Because the Court concludes that the named Plaintiffs' interests are, in fact, not adverse to the putative class members, the Court addresses the argument in the order in which it is raised by the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#127/318/319

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

determinations that the claims of the named Plaintiffs are typical of the class, the Court again finds that Rule 23(a)(3)'s typicality requirement has been met.

    4.    <u>Adequate Representation</u>

Finally, Rule 23(a)(4) requires (1) that the proposed representatives do not have conflicts of interest with the proposed class and (2) that plaintiffs are represented by qualified counsel. *See Hanlon*, 150 F.3d at 1020. This requirement ensures that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Class certification will be denied when a representative plaintiff's interests are antagonistic to those of other class members, or when the named plaintiff is subject to unique defenses that will be a major focus of the litigation. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

In ruling on Plaintiffs' initial motion for class certification, the Court denied the motion after determining that counsel for three individual plaintiffs had a conflict of interest because it also represented the Union, which was in the position of defending against a contribution and/or indemnification counterclaim filed by Conoco. *See* Dkt. #98. That conflict was resolved and when the pre-appeal renewed motion came before the Court, the Court determined that Rule 23(a)(4) had been satisfied. *See* Dkt. #213.

Conoco makes three arguments as to why the Named Plaintiffs and their counsel are inadequate to represent the class. First, Conoco argues that Plaintiffs and their counsel have not been candid with the Court. Specifically, they point to Plaintiffs' assertion in their renewed motion for class certification that "ConocoPhillips and USW had never entered into an agreement regarding 'on duty' meal periods," despite the fact that the union membership ratified a Collective Bargaining Agreement in 2009, that Named Plaintiffs Covarrubias and Swader, in their Union roles, personally signed. *See Supp. Opp.* 21:5-17. Conoco also argues that Plaintiffs' allegations that the relevant Wage Orders regarding meals and breaks are not posted throughout the facilities is wrong, as evidenced by the deposition of Plaintiff Swader. *See Supp. Opp.* 21:19-21. Conoco, however, misconstrues the statements it cites. For example, Plaintiffs state in their supplemental brief that Conoco and USW never entered into an on-duty agreement, but three paragraphs later state that the on-duty agreement was ratified by the *membership* of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#127/318/319

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

USW and "is now in effect." *Supp. Mot.* 9:18-24, 10:4-11. The difference between the Union and the membership that Plaintiffs apparently draw is not clear, but this does not warrant a finding that Plaintiffs lack candor. In addition, while Swader does talk about the presence of "signs" in the facilities during his deposition, nowhere does he state that they are signs bearing the Wage Orders at the center of this controversy, let alone that they even deal with legally required meals and/or breaks. *See Swader Dep.* 82:17-83:18, Ex. 7 (Dkt. #199-7).

Second, Conoco argues that Plaintiffs seek relief that the putative class members do not want. In support of its position, Conoco cites to the deposition of Howard Muto, an employee of Conoco, which supposedly indicates that "a majority of putative class members favor continuing the 12-Hour Shift." *Supp. Opp.* 22:22-25. There are two problems with Defendant's argument. First, Howard Muto's deposition transcript does not say what Defendant reads it to say. In fact, Muto specifically stated that he does not know how strong the preference among the other workers is to stay on the twelve-hour shift, but that if it came down to a vote he *predicts* that a twelve-hour shift would be the preference. *See Muto Dep.* 59:1-4 (Dkt. #199-4). The second problem is that Plaintiffs are not exclusively seeking a thirteen-hour shift, as opposed to the current twelve-hour shift. In fact, it may be possible to enjoin Defendant from failing to provide legally adequate meal periods while still maintaining a twelve-hour day. *See Supp. Reply* 22:9-23:12.

Finally, Conoco argues that Plaintiffs and their counsel are inadequate because they "disavowed" their appeal of the Court's decision not to certify the class under Federal Rule of Civil Procedure 23(b)(2). *See United Steel Workers*, 593 F.3d at 807 n.7 ("On this appeal, plaintiffs have disavowed any reliance on Rule 23(b)(2) and argue only that the district court erred in holding that plaintiffs did not satisfy Rule 23(b)(3)."). In support of this argument, Conoco cites to *Frank v. United Airlines, Inc.*, 216 F.3d 845 (9th Cir. 2000), where the Ninth Circuit determined that class counsel was inadequate to represent a class. In *Frank*, class counsel was found inadequate because it obtained a settlement for some members of a class and then chose not to appeal an adverse ruling as to other members of the class, thus abandoning "any representation of the interests" of those other class members. *Id.* at 852. Here, Plaintiffs and their counsel decided "their best chance of prevailing on an appeal was under Rule 23(b)(3)." *Supp. Reply* 25:6-7. This choice did not abandon the interests of any class members. Rather, it was a choice of litigation strategy that benefitted the class as a whole.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#127/318/319

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

In sum, the Court finds that Plaintiffs have met their burden of establishing each of the four Rule 23(a) requirements.

B.   Federal Rule of Civil Procedure Rule 23(b)

Plaintiffs seek to certify their class under Rule 23(b)(3), which provides that a class may be certified where common questions of law or fact predominate over individual questions and a class action is the superior method for adjudicating the controversy. *See Plt.* Dukes *Brief* 1:26-28 n.1.

1.   Predominance

The predominance aspect of Rule 23(b)(3) "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022. A court must consider the Plaintiffs' "actual legal theory" to determine whether common issues of law or fact predominate over potential individual questions. *United Steel Workers*, 593 F.3d at 808.

As mentioned, the gravamen of Plaintiffs' complaint is that it is Conoco's practice to require operators and lab workers to take on-duty meal breaks, that is, meal breaks where the employee is required to remain responsive and continue working. *See Compl*. ¶¶ 8, 15, 25.

The parties do not dispute that Plaintiffs can prevail if they demonstrate that Conoco did not "provide" meal periods, as required by California Labor Code § 512. However, Conoco construes this to mean that it cannot be liable for any meal period where an employee actually had an uninterrupted meal. In determining which members of the class suffered interrupted meal breaks, individual questions would necessarily predominate over common questions. *See Supp. Opp.* 7:1-3. Plaintiffs, on the other hand, argue that because proposed class members were always required to be on call, carry a radio, respond to alarms, and stay on the refinery premises unless otherwise permitted, every meal was taken with the prospect of having to resume work at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#127/318/319

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

any moment, and was thus taken while class members were on duty. *See Supp. Mot.* 17:18-18:15.

    a. <u>The Statutory Framework for Plaintiffs' Claims</u>

California Labor Code section 512 governs the provision of meal periods. It provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

*Id.* § 512(a). It also states that the Industrial Welfare Commission ("IWC") may adopt an order "permitting a meal period to commence after six hours of work if the commission determines that the order is consistent with the health and welfare of the affected employees." Cal. Labor Code § 512(b).

California Labor Code section 226.7 also relates to meal and rest periods. It provides that "[n]o employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission." *Id.* § 226.7(a). It goes on to state that if "an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." *Id.* § 226.7(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#127/318/319

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

Thus, both labor code sections acknowledge the authority of IWC wage orders. The pertinent wage order here is Wage Order 1-2001 ("Wage Order"), which, with respect to meal periods, provides:

> Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

Wage Order 1-2001 ¶ 11. When the Wage Order is read in conjunction with Labor Code section 226.7, it is clear that under California law an employee must be relieved of all duty during the thirty-minute meal period unless the conditions permitting an on-duty meal period are satisfied. The requirement that an employee be relieved of all duty during the thirty-minute meal period exists regardless of whether California law requires an employer to affirmatively "ensure" that employees take meal periods or merely "provide" such meal periods, a question currently pending before the California Supreme Court. *See Brinker Rest. Corp. v. Super. Ct.*, 165 Cal. App. 4th 25 (2008), *review granted*, 85 Cal. Rptr. 3d 688 (Cal. 2008); *see also* Dkt. #324. Thus, resolution of the "ensure" or "provide" question is not necessary for purposes of this class certification motion, and the Court expresses no opinion on the issue.

    b. <u>Whether the Proposed Class' "On Duty" Theory of Liability Presents Common Questions of Law or Fact that Predominate Over Individual Questions</u>

When, as here, the claim is that an employer's policy and practices violated labor law, "the key question for class certification is whether there is a consistent employer practice that could be a basis for consistent liability." *Kamar v. Radio Shack Corp.*, 254 F.R.D. 387, 399 (C.D. Cal. 2008). Thus, the predominance requirement of Rule 23(b)(3) is generally satisfied where the plaintiff provides evidence of the existence of a company-wide policy, even if in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#127/318/319

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

practice there are deviations from the policy. *See Kurihara v. Best Buy Co., Inc.*, No. CV 06-1884 MHP, 2007 WL 2501698 , at *10 (N.D. Cal. Aug. 30, 2007).

Here, Plaintiffs present significant evidence to support their allegation that Defendant uniformly requires operators and lab workers to take meal breaks while remaining on duty. For example, Plaintiffs present evidence indicating that, because refining crude oil is a dangerous and continuous process, Defendant requires monitoring of the process and equipment at all times, *Prosser Dep.* 61:21-64:4;[1] that operators are responsible for monitoring the efficient and safe operation of processes and equipment twenty-four hours per day, *Covarrubias Decl.* ¶¶ 2-4; *Norris Decl.* ¶¶ 5-7; *Swader Decl.* ¶ 8; that all operators work under the same supervision, have the same rules applied to them and are treated the same with respect to meal periods, *Muto Decl.* ¶¶ 7-9; *Swader Decl.* ¶ 10; *Norris Decl.* ¶¶ 9-12; that operators must stay "in communication" during their shift and must stay in their respective unit unless given permission to leave, *Prosser Dep.* 83:4-13, 61:12-63:16; that there is no formal procedure for taking a meal break during which operators are relieved of all duties, *Muto Decl.* ¶ 9; *Norris Decl.* ¶ 10; *Simmons Decl.* ¶ 5; that lab workers, who are in charge of managing the quality control of the refinery process, typically work on twelve hour shift schedules to ensure twenty-four hour monitoring of the refineries' processes, *Prosser Dep.* 32:11-17; 47:2-48:22; and that lab workers and operators are required to respond to audible alarms indicating that something in the refining process needs attention, even during a meal period, *Prosser Dep.* 78:2-12; *Simmons Dep.* 41:3-15 (Dkt. #75); *Norris Dep.* 57:14-58:6 (Dkt. #75).

Conoco, for its part, denies that lab workers and operators are "in constant radio communication" throughout their shift and that they are unable to leave their units for meal breaks. *See Supp. Opp.* 13:7-14:21. Conoco further asserts that there have been instances where lab workers and operators have actually taken meal breaks or other breaks without interruption for thirty minutes or more. *See id.* 15:23.

Conoco's arguments, however, are unavailing. As a general matter, the Court may not resolve factual disputes that go to the merits when determining whether Plaintiffs have satisfied

---

[1] All references to declarations or deposition testimony in this section will refer to documents filed as part of Dkt. #130, unless otherwise noted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#127/318/319

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

Rule 23(b)(3)'s predominance requirement. *See Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003) (when considering class certification, a court may make some inquiry into the evidence, but "may not go so far . . . as to judge the validity" of the evidence). Moreover, an employee's ability to eat without an alarm going off or any other interruption does not mean that Conoco "provided" or "ensured" an off-duty meal period. Plaintiffs' facts support the contention that it was Conoco's policy *never* to provide off-duty meal periods, a contention that applies to the entire class of lab workers and operators. *Delagarza v. Tesoro Ref. and Mktg. Co.*, No. C-09-5803 EMC, 2011 WL 4017967, at *21 (N.D. Cal. Sept. 8, 2011) (holding whether meal periods at a refinery were off duty was a dispute that could be resolved for all members of a class in a single adjudication).

Asserting that Plaintiffs' "on duty" theory is "based largely" on whether workers and operators are restricted to refinery premises during their shifts, Conoco goes on to argue that a recently decided California case, *Juarez v. Kmart Corp.*, No. A128164, 2011 WL 810743 (Cal. Ct. App. Mar. 9, 2011), supports its view that restriction to premises does not violate Labor Code provisions relating to meal breaks. *See Def.* Dukes *Brief* 1:15-16. But this unpublished opinion does not bear the weight Conoco would place on it. In fact, the *Juarez* court merely quoted without comment the lower court's class certification analysis of whether common issues predominated and whether plaintiffs had shown means of identifying members of the class. *Juarez,* 2011 WL 810743 at *6 n.6, *9 n.9. In any event, whether Plaintiffs were restricted to refinery premises does not, by itself, resolve whether they were required to be on duty during meal periods.

The Court therefore finds that common questions of law and fact related to Plaintiffs' "on duty" theory will predominate over individual issues in this case.

  2.  <u>Superior Method of Adjudication</u>

Finally, certification under Rule 23(b)(3) is appropriate only if the Court finds that "a class action is superior to other available methods for fairly and effectively adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Specific factors that a district court may consider when determining whether class certification is the superior option include: (A) "the class members' interests in individually controlling the prosecution or defense of separate actions;" (B) "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#127/318/319

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

extent and nature of any litigation concerning the controversy already begun by or against class members;" (C) "the desirability or undesirability of concentrating the litigation of the claims in the particular forum;" and (D) "the likely difficulties in managing a class action." *Id.*

The relevant factors favor class treatment in this case. First, it is unlikely that individual class members will have an interest in prosecuting separate actions. In addition, there does not appear to be any other active, related litigation by or against class members in this case, and resolution of the claims in this forum would render duplicative actions wasteful. Finally, the Court notes that there are no apparent difficulties that would make a class action in this case unmanageable. While it is true that damages issues would remain dependent on individualized factors, such as length of service, "[t]he amount of damages is invariably an individual question and does not defeat class action treatment." *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975); *see also Whiteway v. FedEx Kinko's Office and Print Servs., Inc.*, No. C 05-2320 SBA, 2006 WL 2642528, at *10 (N.D. Cal. Sept. 14, 2006) ("[C]lass certification is not defeated merely because individualized damage issues may remain.").

Conoco maintains that Plaintiffs and the proposed class have an alternative and effective means of resolving this dispute, namely, through arbitration and the grievance process. *See Supp. Opp.* 16:3-10. But the mere availability of an alternate means of dispute resolution does not demonstrate that it is a superior method for adjudicating this controversy. Moreover, under the current CBA between Conoco and the operators, the scope of any arbitrator's authority is limited to interpreting the terms and application of the CBA and not regulations or local, state, or federal laws. *See Supp. Mot.* 23:1-3 (citing *Renick Decl.* ¶ 4). Thus, the Court finds that a class action is superior to other methods of adjudicating this dispute.

C.  Subclasses

Having decided a class action is appropriate under Rule 23, the Court may consider whether the class should be divided into subclasses. *See* Rule 23(c)(5) ("When appropriate, a class may be divided into subclasses that are each treated as a class under this rule."). Plaintiffs originally sought to certify a class as to all lab workers and operators as of February 15, 2004. *See Supp. Mot.* 1:15-17. However, as of June 8, 2009, the lab workers began to receive a formal meal period. *See id.* 8:14-27. As a result, lab workers now have a meal period in which they are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

#127/318/319

| Case No. | CV 08-2068 PSG (FFMx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, *et al.* v. ConocoPhillips Co. | | |

relieved in compliance with the law, while operators continue to receive no formal meal period. Therefore, it is appropriate to certify two subclasses: a subclass of lab workers for the period February 15, 2004, through June 8, 2009; and a subclass of operators from February 15, 2004, through the present.

IV.     Conclusion

Based on the foregoing, the Court GRANTS Plaintiffs' motion for class certification. The Court certifies two subclasses. The first subclass is for all former, current, and future non-exempt hourly employees of Conoco who, at any time since February 15, 2004, worked as an operator on a shift schedule at a Conoco petroleum refinery located in Los Angeles, Santa Maria, or Rodeo, California. The second subclass is for all former and current non-exempt hourly employees of Conoco who, at any time from February 15, 2004, through June 8, 2009, worked in the laboratory on a shift schedule at a Conoco petroleum refinery located in Los Angeles, Santa Maria, or Rodeo, California.

The Court sets a scheduling conference for **November 14, 2011, at 2 p.m.**

**IT IS SO ORDERED.**