UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#333

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 5, 2012 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:**  **(In Chambers) Order DENYING Motion to Reconsider**

Before the Court is Defendant ConocoPhillips' ("Defendant" or "Conoco") motion for reconsideration of the Court's order granting class certification. Dkt. # 333. The Court heard oral argument on the motion on March 5, 2012. After considering the moving and opposing papers, as well as the arguments made at the hearing, the Court DENIES the motion for reconsideration.

I.   Background

Plaintiffs United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC ("USW"), David Simmons, Raudel Covarrubias, and Stephen Swader (collectively as "Plaintiffs"), Conoco, and the Court are intimately familiar with the factual and procedural background of this case, which was first filed in March 2008.[1] After the Ninth Circuit reversed an earlier order denying class certification, this Court considered Plaintiffs' renewed motion for class certification and granted class certification on October 27, 2011. *See Order Granting Plaintiffs' Renewed Motion for Class Certification*, Oct. 27, 2011, Dkt. # 326 (the "Order"). On December 16, 2011, Conoco filed a motion for reconsideration of the Order. Dkt. # 333.  Conoco argues for reconsideration

---

[1] For a description of the facts of this case, see the Court's October 27, 2011 Order Granting Plaintiffs' Renewed Motion for Class Certification. Dkt. # 326.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#333**

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 5, 2012 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

on two grounds. First, Conoco argues the Court should reconsider in light of *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011) ("*Ellis*"), an opinion decided after the parties submitted their final briefs on the renewed motion for class certification. *Mot.* 1:6-11. Second, Conoco argues that United Steel's statements in support of a settlement of another class action involving refinery workers should cause this Court to reconsider. *Mot.* 1:12-18.

II.  Legal Standard

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision" that does not end an action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 465 (9th Cir. 1989) ("Courts have inherent power to modify their interlocutory orders before entering a final judgment. In addition, the Federal Rules of Civil Procedure explicitly grant courts the authority to modify their interlocutory orders.") (citations omitted). Under Local Rule 7-18, a court may reconsider its ruling on a motion only upon a showing of (a) a material difference in law or fact that could not reasonably have been known to the moving party at the time of the original motion, (b) the emergence of new facts or a change of law occurring after the decision, or (c) a manifest failure of the court to consider material facts presented. A motion for reconsideration is not an opportunity for the parties to raise an argument that could have, and should have, been raised earlier. *See Daghlian v. Devry Univ. Inc.*, 582 F. Supp. 2d 1231, 1257 (C.D. Cal. 2008); *see also Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) (Posner, J.) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.").

III.  Discussion

The Court will not rehash the long list of issues it considered in granting class certification under Federal Rule of Civil Procedure 23. Instead, the Court will first consider whether *Ellis* affects the analysis in the Court's Order, and then the Court will consider whether the statements of United Steel in another class action affect the disposition of this case.

a.  The *Ellis* Opinion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#333

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 5, 2012 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

As an initial matter, Conoco does not make clear on what basis under Local Rule 7-18 it believes this Court should reconsider in light of *Ellis*.[2] Conoco states "[t]his motion is made on the grounds that the order did not consider [*Ellis*] . . . . *Ellis* establishes that, if deciding whether common questions will generate common answers overlaps with the merits, a district court may not decline to decided purported 'merits' issues; it must consider them." *Mot*. 1:6-11. However, Conoco does not state whether *Ellis* represents a change in the law that the Court applied to the motion for class certification. This is important to the analysis of Conoco's motion for reconsideration, because the three-judge panel that decided *Ellis* was bound by prior Ninth Circuit decisions "in the absence of intervening controlling authority." *See FDIC v. McSweeney*, 976 F.2d 532, 535 (9th Cir. 1992). Thus, *Ellis* could not have overturned the decision of the prior three-judge panel in this case, *see United Steel Workers v. ConocoPhillips Co.*, 593 F.3d 802 (9th Cir. 2010), unless there was intervening controlling authority. Perhaps Conoco believes the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ("*Dukes*") represents such intervening controlling authority on the issues involved in the class certification before this Court, but the important considerations of how these cases interact and, therefore, on what basis *Ellis* could require a different result in this case seems to have escaped Conoco's consideration. These failures alone would be a sufficient basis to deny Conoco's motion for reconsideration. Nonetheless, the Court will consider Conoco's other arguments regarding *Ellis*.

In *Ellis*, the Ninth Circuit reversed a district court's grant of class certification to a group of female employees asserting Costco Wholesale Corporation ("Costco") discriminated against them on the basis of gender. *Ellis*, 657 F.3d at 974. Relevant for present purposes, *Ellis* vacated the district court's decision on the issue of "commonality" under Rule 23(a). *Id.* The district court in *Ellis* had "failed to conduct the required 'rigorous analysis' to determine whether there were common questions of law or fact among the class members' claims." *Id.*

---

[2] The Court notes that Local Rule 7-18(b) provides for reconsideration of a ruling on a motion when there has been a "change of law occurring after the [court's decision on the motion]." Reconsideration under this prong of Local Rule 7-18 would be problematic because *Ellis* was decided on September 16, 2011. This was ten days before the Court heard oral argument on the motion for class certification on September 26, 2011, and more than a month prior to when the Court issued its Order on October 27, 2011.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#333**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 5, 2012 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

The plaintiffs in *Ellis* argued that Costco discriminated against women in promotion to managerial positions. *Id.* at 977. The plaintiffs sought to certify a class of female Costco employees nationwide who had been denied promotion to managerial positions. *Id.* In support of class certification, the plaintiffs offered expert testimony that female employees were promoted at a slower rate and were underrepresented in managerial positions. *Id.* at 982. In response, Costco offered expert testimony that women are not underrepresented in managerial positions and that any gender disparities, if they existed, were confined to only two regions of the nation. *Id.* at 983. "Instead of examining the merits" of the plaintiffs' and Costco's competing expert testimony, the district court "merely concluded that, because both Plaintiffs' and Costco's evidence was admissible, a finding of commonality was appropriate." *Id.* at 984.

The Ninth Circuit held this was error. "Whether gender disparities are confined to only two regions of Costco's eight regions . . . addresses precisely the questions of whether there are common questions of law and fact among the putative class members." *Id.* at 983. If there was no nationwide discrimination, then there would be no common questions of law and fact to decide for the nationwide class the district court had certified. *Id.* at 984. While the district court was not required to determine whether women were in fact discriminated against, the court had to determine whether the entire class was "subject to the same allegedly discriminatory practice." *Id.* at 983.

Even though the Ninth Circuit held for Costco and vacated the district court's decision on commonality, the Ninth Circuit also rejected many of Costco's arguments on the issue of commonality. *Id.* at 983 n.8. Costco "seem[ed] to equate a 'rigorous analysis' with an in-depth examination of the underlying merits – i.e., whether Costco was in fact discriminating against women." *Id.* This was an incorrect application of the "rigorous analysis" requirement. Instead, the Ninth Circuit clarified, a "district court is required to examine the merits of the underlying claim in this context, only inasmuch as it must determine whether common questions exist; not to determine whether class members could actually prevail on the merits of their claims." *Id.*

Conoco argues the Court's Order contravenes Ellis. Conoco argues this Court "was required to weigh the competing evidence that many class members do not carry radios and often receive uninterrupted meal breaks." *Mot.* 10:4-5. Conoco contends the Court was required to weigh the competing evidence presented by Plaintiffs and Conoco on whether workers can and do leave refinery premises for meal breaks and whether all workers carry radios. *Mot.* 11:21-27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#333**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 5, 2012 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

According to Conoco, if the Court had weighed such evidence, it would have found Plaintiffs' "on duty" legal theory dependent on the specific circumstances of each worker. *Mot.* 12:1-2.

Conoco's arguments are unavailing for a number of reasons. First, many of Conoco's contentions relate to this Court's Rule 23(b)(3) analysis. *See Mot.* 10:16-18 ("This Court explained that it 'may not resolve factual disputes that go to the merits when determining whether Plaintiffs have satisfied Rule 23(b)(3)'s predominance requirement' . . . . That reasoning contravenes *Ellis*."). Conoco does not acknowledge, much less attempt to reconcile, the fact that the portions of the *Ellis* opinion it cites are an analysis of commonality under Rule 23(a)(2), not an analysis of predominance under Rule 23(b)(3). Indeed, *Ellis* did not touch on questions of predominance under Rule 23(b)(3), because the district court in *Ellis* had certified the class under Rule 23(b)(2). *Ellis*, 657 F.3d at 986. Furthermore, resolution of the question of whether "some operators and lab workers can and do leave their units and refinery premises during meal breaks" and whether some "lab workers and some operators do not carry radios," still does not answer the question of whether these individual issues *predominate* over the common questions of law and fact. Yet, that is the very question that must be answered under Rule 23(b)(3). *See* Fed. R. Civ. P. 23(b)(3) ("A class action may be maintained if . . . the court finds that the questions of law or fact common to class members predominated over any questions affecting only individual members . . .").

Putting aside Conoco's confusion between Rule 23(a)(2) and Rule 23(b)(3), *Ellis* does not affect this Court's finding that there are common questions of law and fact in this case. The Court found that a common question of law and fact existed over whether "Conoco had a common policy of requiring Plaintiffs to remain on duty during their meal periods." *Order* at 7. The answer to this question for the entire class will "resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551. As it did in opposition to the motion for class certification, Conoco argues that whether some workers left refinery premises or did not carry radios makes Plaintiffs' "on duty" theory "dependent on the specific circumstances of each worker." *Mot.* 11:21-12:2. What the Court made clear in its Order, is that even if Conoco's factual contentions are taken as true (i.e., that some workers left refinery premises for meals or did not carry radios), this does not answer the question of whether all of Conoco's rules, regulations, and requirements amount to a *policy* that all workers must remain on duty, as defined by California law, during meal periods. *Order* at 7. Nonetheless, Conoco contends that this Court "refused to consider" evidence that some workers don't carry radios and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#333

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2068 PSG (FFMx) | Date | March 5, 2012 |
|---|---|---|---|
| Title | United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Co. | | |

that some workers routinely take time to eat. *Mot.* 4:18-27. This interpretation of the Court's order is not only inaccurate, it borders on being willfully obtuse.

      b.      United Steel's Settlement of A Different Class Action

Conoco's second argument for reconsideration relies on statements made by United Steel in connection with a settlement in another class action involving refinery workers. *Mot.* 12:20-25. Conoco argues that United Steel's "admissions in [the other case] concede that class certification in this case was improper." *Mot.* 12:20-21. Specifically, Conoco asserts United Steel's "admissions concede that class certification is improper, Plaintiffs' theory of liability is incorrect, and there is no need for a future determination of whether the nature of the work – one of the six common issues identified by this Court – requires an 'on duty' meal period." *Reply* 9:4-7.

Despite arguing the "admissions by [United Steel] justify reconsideration of the Order and denial of class certification," Conoco does not make any attempt to show that the considerations of judicial estoppel are met in this case. *See Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 600-01 (9th Cir. 1996) (discussing the proper application of judicial estoppel). Indeed, Conoco cites no legal authority at all in support of its argument. In any event, the Court finds the boilerplate declarations of one of United Steel's lawyers regarding the difficulties of proving its case, and thus the desirability of settlement, do not overturn the considerations of class certification made by this Court in its eighteen page Order certifying a class.

IV.    Conclusion

For the foregoing reasons, the motion for reconsideration is DENIED.

**IT IS SO ORDERED.**