Anne Richardson (California Bar No. 151541)
(Email: arichardson@hadsellstormer.Com)
Randy Renick (California Bar No. 179652)
(Email: rrr@ hadsellstormer.Com)
Cornelia Dai (California Bar No. 207435)
(Email: cdai@ hadsellstormer.Com)
**HADSELL STORMER**
**RICHARDSON & RENICK, LLP**
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Fax: (626) 577-7079

*Attorneys For Plaintiffs Raudel Covarrubias, David Simmons, And Stephen S. Swader*

Jay Smith (California Bar No. 166105)
(Email: Js@Gslaw.Org)
Joshua F. Young (California Bar No. 232995)
(Email: Jyoung@Gslaw.Org)
**GILBERT & SACKMAN**
**A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
Fax: (323) 937-9139

*Attorneys For Plaintiff USW*
[Additional Counsel Listed On Next Page]

E-FILED 12/12/12
TERM #406

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL & SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, on behalf of its members employed by defendants, and RAUDEL COVARRUBIAS, DAVID SIMMONS AND STEPHEN S. SWADER, SR., individually and on behalf of all similarly situated current and former employees,

Plaintiffs,

v.

CONOCOPHILLIPS COMPANY and DOES 1 through 10, inclusive,

Defendants.

Case No. CV08-2068 PSG (FFMx)

**~~[PROPOSED]~~ ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

DATE: December 17, 2012
TIME: 1:30 p.m.
Place: Courtroom 880

Judge: Hon. Philip S. Gutierrez

Richard P. Rouco (Admitted Pro Hac Vice)
(Email: rrouco@qwwdlaw.com)
QUINN CONNOR WEAVER DAVIES &
ROUCO LLP
2700 Highway 280 East, Suite 380
Birmingham, Alabama 35223
Telephone: (205) 870-9989
Fax: (205) 803-4143

*Attorneys for Plaintiff USW*

Plaintiffs, Raudel Covarrubias, David Simmons, and Stephen S. Swader, Sr., and Plaintiff United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC ("USW") brought this class action to challenge alleged employment practices at Defendant ConocoPhillips Company's refineries in California. Plaintiffs allege that Defendant failed to provide meal breaks as required by Cal. Labor Code § 226.7 and IWC Wage Orders. Plaintiffs also alleged that Defendant's actions violate California Business and Professions Code §§ 17200, et seq.

Following extensive discovery and years of litigation and arm's-length and good-faith negotiations during two mediations with David Rotman of Gregorio, Haldeman & Rotman on February 15 and May 8, 2012, the parties reached a tentative settlement agreement, which was subsequently reduced to writing (the Joint Stipulation of Settlement, hereinafter "Stipulation" or "Settlement") and has been filed with this Court.

Plaintiffs moved for this Court to (1) conditionally certify a settlement class; (2) preliminarily approve the class-action Settlement; (3) direct distribution to the class of a proposed Notice of Settlement of Class Action (the proposed "Notice of Settlement"); and (4) set a hearing for final approval of the settlement. Defendant does not oppose Plaintiffs' motion. That motion came on regularly for hearing before this Court on December 17, 2012 at 1:30 p.m., in Courtroom 880.

The Court, having received and fully considered the Parties' notice, Plaintiffs' motion and memorandum of points and authorities, the Settlement, the proposed Settlement Documents, and the oral argument presented to the Court, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class-action settlement, and to conduct a fairness hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. All defined terms contained herein shall have the same meaning as set forth in the Stipulation executed by the Parties and filed with this Court.

2. The Court finds that certification of the following class is appropriate:

All former, current, and future non-exempt hourly employees of Conoco who, at any time since February 15, 2004, worked as an operator on a shift schedule at a Conoco petroleum refinery located in Los Angeles, Santa Maria, or Rodeo California; and

All former and current non-exempt hourly employees of Conoco who, at any time from February 15, 2004 through June 8, 2009, worked in the laboratory on a shift schedule at a Conoco petroleum refinery located in Los Angeles, Santa Maria, or Rodeo, California.

3. Under Rule 23(e), the Court must determine whether a proposed class action settlement is "fundamentally fair, adequate, and reasonable." See Fed. R. Civ. Pro. 23(e)(2); *Staton v. Boeing Co.* , 327 F.3d 938, 959 (9th Cir. 2003). A number of factors are relevant here, including: "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of proceedings; (6) the experience and views of the counsel; (7) the presence of a government participant; and (8) the reaction of the class members to the proposed settlement." (*Id*.)

4. The Court has reviewed the Settlement and the proposed Settlement Documents, which were separately lodged and are incorporated herein by reference. The Court finds on a preliminary basis that the Agreement and the proposed Class Notice appear to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court. It appears to the Court on a preliminary basis that the settlement amount is fair and reasonable to all potential class members when balanced against the probable outcome of further litigation relating to liability and damages issues. Plaintiffs have asserted violation of California labor and unfair competition laws. Defendant agrees to a class settlement in the interest of

compromising and resolving the Action. The parties recognize the risk involved in prosecuting and defending the Action including significant delay, defenses asserted by Defendant, and further potential appellate issues. It further appears that settlement at this time will avoid additional substantial costs which have already been incurred by both parties, as well as avoid the delay and risks that would be presented by the further prosecution of the litigation.

5. It further appears that the proposed settlement has been reached as the result of intensive, serious and non-collusive arm's-length negotiations. It further appears that extensive and costly investigation and research has been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions. Class Counsel have significant experience in wage and hour class actions. The proposed Settlement was reached through extensive negotiations and with the involvement of an experienced mediator, David Rotman, Esq.

6. In connection with its preliminary approval of the settlement, the Court appoints Gilardi & Co., LLC, to act as the Claims Administrator who will administer the settlement according to the terms of the Stipulation, as approved by this Court.

**APPROVAL OF DISTRIBUTION OF THE NOTICE OF SETTLEMENT**

7. Rule 23(e) provides that a court "must direct notice in a reasonable manner to all class members who would be bound by" a proposed class action settlement. (Fed. R. Civ. Pro. 23(e)(1).) This Court finds the proposed Notice of Settlement, which is attached hereto as Exhibit 1, fairly and adequately advise the potential class members of the terms of the proposed Settlement and the claims process for the class members to obtain the benefits available thereunder, as well as the right of class members to opt out of the class, to challenge the number of shifts reported by Defendant from its records, to file documentation in objection to the proposed settlement, and to appear at the Final Approval Hearing to be conducted at the date set forth below. The Court further finds that Notice of Settlement and proposed distribution of such notice by first-class mail to

each identified class member at his or her last known address comports with all constitutional requirements, including those of due process.

8. Accordingly, good cause appearing, the Court hereby approves the proposed Notice of Settlement and orders the Class Administrator to distribute the Settlement Documents, in the manner and pursuant to the procedures described in the Settlement.

9. If five percent (5%) or more of the total number of Class Members submit timely and valid Opt-Out Requests, then Defendant shall have the option to void the Settlement. To exercise this option, Defendants must send written notification to Lead Counsel within ten (10) business days of receiving a report from the Claims Administrator following the Claims Period Deadline of the total number of timely and valid Opt-Out Requests. If Defendants choose to exercise this option, the effect will be precisely the same as if Final Approval did not occur, as discussed herein, and all Settlement Administration Costs incurred by the Claims Administrator through that date will be paid by Defendants.

**FINAL APPROVAL HEARING AND SCHEDULE**

10. The Court hereby grants the Parties' motion to set a settlement hearing for final approval of the Settlement and orders the following schedule of dates for further proceedings:

a. Mailing of Settlement Documents to the class, shall be completed within 28 business days of the Preliminary Approval Date;

b. The deadline to file and serve objection and postmark Opt Out shall be 45 days from the mailing of the Settlement Documents;

11. The Fairness Hearing will be held on 04/01/13 at 2:00 p.m. in the Courtroom of United States District Court Judge Philip S. Gutierrez. Members of the class who object to the proposed settlement must appear and present such objections at the Fairness Hearing in person or by counsel, provided that the objecting class

member files a written objection and a notice of intention to appear at the Final Approval Hearing, and sends copies to the Parties' Counsel as set forth in the Notice of Settlement, no later than the deadline set forth above, and appears at the Final Approval Hearing. No person shall be heard, and no briefs or papers shall be received or considered, unless the foregoing documents have been filed and served as provided in this Order, except as this Court may permit for good cause shown. Plaintiffs' Attorneys shall file Plaintiffs' memorandum of points and authorities in support of the settlement and their request for approval of the agreed-upon attorney fees and litigation expenses no later than the deadline set forth above.

12. IT IS FURTHER ORDERED that, if for any reason the Court does not grant final approval of the Settlement, or the Settlement otherwise does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Stipulation all evidence and proceedings held in connection with the Settlement shall be without prejudice to the status quo ante rights of the Parties to the Action as more specifically set forth in the Settlement.

IT IS SO ORDERED.

DATED: 12/12/12

PHILIP S. GUTIERREZ

HON. PHILIP S. GUTIERREZ
United States District Judge

# Exhibit 1

## *Notice of Class Action Settlement*

*United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC*, on behalf of its members employed by defendants, and *Raudel Covarrubias, David Simmons And Stephen S. Swader, Sr.*, v. *ConocoPhillips Company*

Case No. CV08-2068 PSG (FFMx)

TO: All former, current, and future non-exempt hourly employees of Conoco who, at any time since February 15, 2004, worked as an operator on a shift schedule at a Conoco petroleum refinery located in Los Angeles, Santa Maria, or Rodeo California; and all former and current non-exempt hourly employees of Conoco who, at any time from February 15, 2004 through June 8, 2009, worked in the laboratory on a shift schedule at a Conoco petroleum refinery located in Los Angeles, Santa Maria, or Rodeo, California.

### *Why should you read this Notice?*

A proposed settlement (the "Settlement") has been reached in the class action lawsuit currently pending in the United States District Court for the Central District of California entitled United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, on behalf of its members employed by defendants, and Raudel Covarrubias, David Simmons And Stephen S. Swader, Sr., v. ConocoPhillips Company, Case No. CV08-2068 PSG (FFMx) (the "Action"). The purpose of this Notice is to describe the case, and to inform you of your rights and options in connection with the proposed Settlement. The proposed Settlement will resolve all claims in the Action.

A hearing concerning the fairness of the Settlement will be held before the Hon. Philip S. Gutierrez on [DATE OF FINAL APPROVAL HEARING] at 2:00 p.m. at the following address: Courtroom 880 of the United States District Court, Central District of California, located at 255 East Temple Street, Los Angeles, CA 90012, to determine whether the case should be settled.

**BECAUSE YOU HAVE BEEN IDENTIFIED AS A MEMBER OF THE CLASS, YOU DO NOT NEED TO DO ANYTHING IN ORDER TO BE ELIGIBLE TO RECEIVE A PAYMENT UNDER THE SETTLEMENT.**

### *Who is affected by this proposed Settlement?*

The Court has certified, for settlement purposes, the following class (the "Class"):

> All former, current, and future non-exempt hourly employees of Conoco who, at any time since February 15, 2004, worked as an operator on a shift schedule at a Conoco petroleum refinery located in Los Angeles, Santa Maria, or Rodeo California; and all former and current non-exempt hourly employees of Conoco who, at any time from February 15, 2004 through June 8, 2009, worked in the laboratory on a shift schedule at a Conoco petroleum refinery located in Los Angeles, Santa Maria, or Rodeo, California. According to the records of the ARAMARK Entities you are a member of the Class ("Class Member").

According to the records of ConocoPhillips you are a member of the Class ("Class Member"). The purpose of this Notice is to inform you about the proposed Settlement and to explain your rights and options with respect to the Action and the Settlement.

***What is this case about?***

The individuals bringing this action (the "Class Representatives" or "Plaintiffs") allege claims against ConocoPhillips for violations of California wage and hour laws based on ConocoPhillips' failure to provide to certain classes of employees a "thirty minute meal period totally relieved of all duties. The complaint states claims for relief under two state law causes of action: 1) California Labor Code Section 226.7 and Section 11 of the Industrial Welfare Commission Wage Order No. 1-2001, and 2) Cal. Bus. & Prof. Code §17200, with a four year statute of limitations.

ConocoPhillips is confident it has strong legal and factual defenses to these claims, but they recognize the risks, distractions, and costs associated with litigation. It asserts that it has policies to provide meal breaks, they it provided meal breaks, it has properly paid their employees, and it has complied and does comply with all applicable wage and hour laws and laws in respect of paying its employees.

This Settlement is the result of good faith, arm's length negotiations between the Class Representatives and Defendant, through their respective attorneys. Both sides agree that in light of the risks and expenses associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members.

The Court has ruled that the case may proceed as a class action, but has not yet ruled on the merits of the Class Representatives' claims or Defendants' defenses. The Settlement is a compromise and is not an admission of liability on the part of Defendants.

***Who are the attorneys representing the Parties?***

**The lead attorneys for the Class Representatives in the Action ("Class Counsel") are:**

| | |
|---|---|
| Joshua F. Young<br>Gilbert & Sackman, A Law Corporation<br>3699 Wilshire Boulevard, Suite 1200<br>Los Angeles, California 90010<br>Telephone: (323) 938-3000<br>Fax: (323) 937-9139 | Randy Renick<br>Hadsell Stormer Richardson & Renick LLP<br>128 N. Fair Oaks Avenue Pasadena, CA 91103<br>Telephone: (626) 585-9600<br>Fax: (626) 577-7079 |

**The attorneys for Defendants are:**

| | |
|---|---|
| Catherine A. Conway<br>Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, California 90071-3197<br>Telephone: 213-229-7000<br>Facsimile: 213-229-7520 | Jeremy F. Bollinger<br>Akin Gump Strauss Hauer & Feld LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, California 90067-3012<br>Telephone: 310-229-1000<br>Facsimile: 310-229-1001 |

***What are the Settlement terms?***

Subject to final Court approval, Defendants will pay $15,500,000 (the "Settlement Amount") for: (a) the claims by Class Members; (b) the Court-approved Enhancement Awards to the Class Representatives; (c) the Court-approved Class Counsel's fees and costs; and (d) the costs of administering the Settlement.

**Class Members' Claims.**

After deduction from the Settlement Amount for attorneys' fees and costs, the Court-approved Enhancement Awards to the Class Representatives, and the costs of administering the Settlement, each Class Member who does not timely request to opt-out of the settlement will receive their share of the settlement ("Settlement Payment") from the remaining amount (the "Net Settlement"). The amount of the Settlement Payment to each Class Member who submits a timely Claim Form will be determined based on the following formula.

The formula allows for payment of a percentage of the Net Settlement recovery to each class member based upon the number of shifts worked during the class period. For Operators, shifts worked prior to February 5, 2009 are valued at two credits and shifts on or after February 5, 2009 are valued at one credit. For Lab Workers, shifts worked before June 8, 2009, are valued at two credits. Lab Workers will receive no credits for

shifts work after June 8, 2009.

The Settlement Pool will be divided by the Total Credits assigned to all Class Members as calculated and described above, to produce the dollar value per credit ("Individual Credit Value"). Each class member will be paid based on the following Formula: *(Total Credits x Individual Credit Value).*

For income and payroll tax purposes, 50% of each Settlement Payment will be attributed to unpaid wages (which shall be subject to required withholdings and deductions and reported as wage income as required by law), and the remaining 50% of each Settlement Payment will be attributed to interest (which will be subject to tax but shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law). Defendant will pay over and above the Maximum Settlement Amount, the amount calculated by the Claims Administrator that is equal to the Qualified Settlement Fund's share of payroll taxes resulting from each Settlement Payment that is subject to withholding.

None of the Parties or attorneys makes any representations concerning the tax consequences of this Settlement or your participation in it. Class Members should consult with their own tax advisors concerning the tax consequences of the Settlement. Class Counsel is unable to offer advice concerning the state or federal tax consequences of payments to any Class Member.

**Class Counsel Attorneys' Fees and Costs, Class Representative Service Payment, and Administrative Costs.** The Settlement Agreement provides for an award of attorneys fees up to one-third ($5,166,150) of the $15,500,000 total settlement amount, plus costs of up to $200,000. Class Counsel is limiting its request for attorney's fees to $3,500,000 or 22.5%. Plaintiffs will seek reimbursement of costs up to $200,000. In addition, Class Counsel will ask the Court to authorize service payments of up to $15,000 for each of the three Class Representatives in addition to the share they are entitled to recover as a member of the class. The Parties estimate the cost of administrating the Settlement will be $75,000.

***What claims are being released by the proposed Settlement?***

Upon Final Approval, Plaintiffs and each Settling Plaintiff shall be deemed to have fully, finally, and forever release and discharge ConocoPhillips and Released Parties ("Conoco Phillips Releasees") from all Released Claims through the date of Final Approval.

"ConocoPhillips Releasees" means: Defendant ConocoPhillips and Phillips 66,

including each of their current or former officers, directors, shareholders, agents, managers, advisors, insurers, attorneys, representatives, trustees, administrators, and each of their current or former parents, subsidiaries, affiliates, joint venturers, partners, and other related or affiliated entities, and the current or former predecessors or successors and heirs and executors of each of these persons or entities.

"Released Claims" shall mean any and all claims, judgments, liens, losses, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, indemnities, actions, causes of action, and obligations of every kind and nature in law, equity or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or accrued, occurring up to the execution of this Settlement Agreement and arising out of the dispute which is the subject of the Class Action or which could have been asserted in the Class Action based on the facts alleged, whether in contract, violation of any state or federal statute, rule or regulation, arising out of, concerning or in connection with any act or omission alleged in the Class Action Complaint by or on the part of Released Parties, including, without limitation, those relating to the continuous rotating 12-hour shifts, payment of wages, overtime, minimum wage, liquidated damages, penalties, uncompensated off-the-clock work, methods of pay, wage statements, final pay penalties, expenses, deductions, or other alleged wage and hour violations and related record-keeping requirements, including without limitation, claims for violation of the Fair Labor Standards Act, California Labor Code sections 201, 203, 212, 213, 218.5, 221, 223, 225.5, 226, 226.3, 450, 510, 1194, 1198, 2698, 2699, 2802, violation of Business & Professions Code section 17200, Code of Civil Procedure section 1021.5, any and all California Industrial Welfare Commission Orders, or any other California or federal laws relating to the payment or non-payment of wages based on the facts alleged in the Complaint from February 15, 2004, through the date of final approval of the settlement by the Court ("Claims Released"). Claims Released include any unknown claims that members of the Settlement Class do not know or suspect to exist in their favor, which if known by them, might have affected this Settlement Agreement with Defendant and release of Released Parties. The Claims Released do not include any workers' compensation claims, claims for physical bodily harm, discrimination claims, or any other claims not directly related to the Claims Released.

***What are my options in this matter?***

You have three options under this Settlement, each of which is discussed below. You may: (A) do nothing and remain in the Class and receive your share of the Settlement; (B) challenge the number of shifts indicated on your claim form while remaining in the Class so that you can receive your share of the Settlement; or (C) exclude yourself from

the Class and from the Settlement. If you choose option (A) or (B), you may also object to the Settlement as explained below.

If you remain in the Class, you will be represented at no cost by Class Counsel. Class Counsel, however, will not represent you for purposes of making objections to the settlement. If you do not exclude yourself from the Settlement (Option C), you will be subject to any Judgment that will be entered in this Action, including the release of the Released Claims as described above.

**OPTION A. If you agree with the number of shifts indicated at the top of this Notice, and you wish to participate in the settlement, you need not take any further action**. If you wish to remain in the Class and be eligible to receive a payment under the Settlement, you do not need to take any action. If this settlement receives the Court's final approval, a check will be sent to you at the address on the claim form.

**OPTION B. If you do NOT agree with the number of shifts indicated at the top of this Notice but you wish to participate in the settlement, you must take the following action:** Complete and send the included Dispute Form to the Claims Administrator, together with any supporting written documentation. Such documentation may consist of official records, pay stubs, weekly schedules, or personal logs. To be considered, the dispute form and supporting written documentation must be received by the Claims Administrator no later than [45 DAYS AFTER THE POSTMARK DATE OF THE SETTLEMENT NOTICE]. Class Counsel and Defense Counsel will make a final and binding determination regarding any disputes. The Claims Administrator shall inform each Settlement Class Member of the final determination by a telephone call, followed by an e-mail or regular U.S. Mail if no email for that Settlement Class Member is available. If this settlement receives the Court's final approval, a check will be sent to you at the address on the claim form.

**OPTION C. If You Do Not Want To Be Bound By The Settlement**. If you do not want to be part of the Settlement, you must submit a signed written request to be excluded from the Settlement ("Opt Out Request") to the Claims Administrator. In order to be valid, your Opt Out Request must be postmarked on or before no later than [45 DAYS AFTER THE POSTMARK DATE OF THE SETTLEMENT NOTICE]. If you do not timely submit an executed Opt Out Request (as evidenced by the postmark), your Opt Out Request will be rejected, you will be deemed a member of the Settlement Class, and you will be bound by the release of Released Claims as described in the "What claims are being released by the proposed Settlement?" section above and all other Settlement terms. If the Opt Out Request is sent from within the United States, it must be sent through the United States Postal Service by First-Class U.S. Mail, or the equivalent. If you timely submit an executed Opt Out Request, you will have no further role in the Action, and for all purposes, you will be regarded as if you never were either

a party to this Action or a Class Member, and thus you will not be entitled to any benefit as a result of this Action and will not be entitled to or permitted to assert an objection to the Settlement.

**Objecting to the Settlement:** If you believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement, either personally or through an attorney at your own expense, by filing a written objection with the United States District Court for the Central District of California and mailing a copy of your written objection to Class Counsel, Counsel for Defendants, and the Claims Administrator at their respective addresses listed above. **You cannot object to the Settlement if you request exclusion from the Settlement**, as provided under Option C above.

All objections must be signed and set forth your name, address, telephone number, and the name and number of the Action: *United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, et al. v. ConocoPhillips Company, Case No. CV08-2068 PSG (FFMx).* All objections must be filed with the Court, and a copy mailed to Class Counsel, Counsel for Defendants, and the Claims Administrator, no later than [45 DAYS AFTER THE POSTMARK DATE OF THE SETTLEMENT NOTICE]. If you submit a timely objection, you must appear, either personally or through an attorney, at your own expense, at the Final Approval Hearing, discussed below.

Your objection must clearly state 1) a statement of reasons why you believe the Court should find that the proposed Settlement is not in the best interest of the Settlement Class, and 2) the reasons why the Settlement should not be approved.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees and costs, the service payments to the Class Representative, the claims process, and any and all other aspects of the Settlement.

Likewise, even if you file an objection, you will be bound by the terms of the Settlement, including applicable releases as set forth above, unless the Settlement is not finally approved by the Court.

The Claims Administrator is:

*United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC,* v. *ConocoPhillips Company*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8060

San Rafael, CA 94912-
1-866-249-1406

***What is the next step in the approval of the Settlement?***

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, the settlement administration costs, and the service payment to the Class Representatives on [DATE OF FINAL APPROVAL HEARING] at 2:00 p.m. in Courtroom 880 of the above-entitled court, located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California. The Final Approval Hearing may be continued without further notice to Class Members. You are not required to attend the Final Approval Hearing to receive a share of the Settlement.

***How can I get additional information?***

This Notice only summarizes the Action, the basic terms of the Settlement, and other related matters. For more information, you may review the Court's files, including the detailed Joint Stipulation of Settlement, which is on file with the Clerk of the Court. The pleadings and other records in this Action, including the Joint Stipulation of Settlement, may be examined at the Records Office of the Clerk of the United States District Court, located at 255 East Temple Street, Los Angeles, CA 90012. You can also request a copy of the Joint Stipulation of Settlement from Class Counsel, at the address and telephone number listed above.

The Joint Stipulation of Settlement and the Plaintiff's Motion for the Award of Attorney's Fees and Costs will be available for review after [30 DAYS AFTER NOTICE IS MAILED TO THE CLASS MEMBERS] at [INSERT LINK TO WEBSITE PROVIDED BY GILARDI].

Any questions regarding this Notice or the Claim Form should be directed to the Claims Administrator or to Class Counsel at the above addresses and telephone numbers.

***What happens if my address has changed or changes?***

Your payment will be sent to the address on your Claim Form. Therefore, if your address changes or is different from the one this Notice was sent to, you must correct it by notifying the Claims Administrator in writing, by First-Class U.S. Mail.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE**

**BY ORDER OF THE U.S. DISTRICT COURT**