1  Randy Renick (California Bar No. 179652)
   (Email: rrr@hadsellstormer.com)
2  Anne Richardson (California Bar No. 151541)
   (Email: arichardson@hadsellstormer.com)
3  Cornelia Dai (California Bar No. 207435)         E-FILED 05/06/13
   (Email: cdai@hadsellstormer.com)
4  **HADSELL STORMER**                              JS-6
   **RICHARDSON & RENICK, LLP**
5  128 North Fair Oaks Avenue, Suite 204
   Pasadena, California 91103-3645
6  Telephone:   (626) 585-9600
   Fax:         (626) 577-7079
7
   *Attorneys For Plaintiffs Raudel Covarrubias,*
8  *David Simmons, And Stephen S. Swader*

9  Jay Smith (California Bar No. 166105)
   (Email: Js@Gslaw.Org)
10 Joshua F. Young (California Bar No. 232995)
   (Email: Jyoung@Gslaw.Org)
11 **GILBERT & SACKMAN**
   **A LAW CORPORATION**
12 3699 Wilshire Boulevard, Suite 1200
   Los Angeles, California 90010
13 Telephone:   (323) 938-3000
   Fax:         (323) 937-9139
14
   *Attorneys For Plaintiff USW*
15 [Additional Counsel Listed On Next Page]

16                **UNITED STATES DISTRICT COURT**

17                **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL & SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, on behalf of its members employed by defendants, and RAUDEL COVARRUBIAS, DAVID SIMMONS AND STEPHEN S. SWADER, SR., individually and on behalf of all similar situated current and former employees, Plaintiffs, v. CONOCOPHILLIPS COMPANY and DOES 1 through 10, inclusive, Defendants. | Case No. CV08-2068 PSG (FFMx) **[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF JOINT STIPULATION OF SETTLEMENT AND RELEASE** DATE:  May 6, 2013 TIME:  1:30 p.m. LOCATION: Courtroom 880 Judge:  Hon. Philip S. Gutierrez |

[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF JOINT STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSING ACTION

| | |
|---|---|
| 1 | Richard P. Rouco (Admitted Pro Hac Vice)<br>(Email: rrouco@qwwdlaw.com) |
| 2 | QUINN CONNOR WEAVER DAVIES &<br>ROUCO LLP |
| 3 | 2700 Highway 280 East, Suite 380<br>Birmingham, Alabama 35223 |
| 4 | Telephone:   (205) 870-9989<br>Fax:              (205) 803-4143 |
| 5 | |
| 6 | *Attorneys for Plaintiff USW* |

2

The Court, having considered whether to order final approval of the settlement of the above-captioned action pursuant to the Joint Stipulation of Settlement ("Settlement"), having read and considered all of the papers and argument of the parties and their counsel, having granted preliminary approval on December 12, 2102, having directed that notice be given to all Class Members of preliminary approval of the Settlement and the final approval hearing and the right to be excluded from the Settlement, and having received no objections and good cause appearing,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Terms used in this Judgment and Order of Final Approval have the meanings assigned to them in the Settlement.

2. This Court has jurisdiction over the claims asserted in the Action by Plaintiffs Raudel Covarrubias, David Simmons, and Stephen S. Swader, Sr., and Plaintiff United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC ("USW") ("Plaintiffs"), and over Class Members and Defendants.

3. The Court hereby makes final the conditional class certification the Court granted on December 12, 2012, and thus makes final for purposes of the Settlement only, the certification of the two subclasses:

> All former, current, and future non-exempt hourly employees of Conoco who, at any time since February 15, 2004, worked as an operator on a shift schedule at a Conoco petroleum refinery located in Los Angeles, Santa Maria, or Rodeo California; and

> All former and current non-exempt hourly employees of Conoco who, at any time from February 15, 2004 through June 8, 2009, worked in the laboratory on a shift schedule at a Conoco petroleum refinery located in Los Angeles, Santa Maria, or Rodeo, California.

3

[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF JOINT STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSING ACTION

4. This certification for settlement purposes shall not be construed to be an admission by the Defendant or a determination as to the certifiability of any class if the merits of class certification had been litigated in the Action, or in any other action.

5. The Court hereby finds that the Notice of Settlement, as mailed to all Class Members on February 11 and February 26, 2013, fairly and adequately described the proposed Settlement, the manner in which Class Members could object to or participate in the Settlement, and the manner in which Class Members could opt out of the Settlement Class; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws.

6. The Court further finds that a full and fair opportunity has been afforded to Class Members to participate in the proceedings convened to determine whether the proposed Settlement should be given final approval. Accordingly, the Court hereby determines that all Class Members who did not file a timely and proper request to be excluded from the Settlement are bound by this Judgment and Order of Final Approval.

7. The Court hereby finds that the Settlement, including the Maximum Settlement Amount, is fair, reasonable, and adequate as to the Class, Plaintiffs and Defendants, and is the product of good faith, arms-length negotiations between the Parties, and further, that the Settlement is consistent with public policy, and fully complies with all applicable provisions of law. The Court makes this finding based on a weighing of the strength of Plaintiffs' claims and Defendants' defenses with the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of non-collusive arms-length negotiations between experienced counsel representing the interests of the Class and Defendants,

4

[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF JOINT STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSING ACTION

after thorough factual and legal investigation. In granting final approval of the Settlement, the Court considered the nature of the claims, the amounts paid in settlement, the allocation of settlement proceeds among the Class Members, and the fact that the Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. Additionally, the Court finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member. The Court further finds that the response of the Class to the Settlement supports final approval of the Settlement. Specifically, no Class Member objects to the Settlement, and no Class Members have opted out of the Settlement. All of the Class Members will receive their share of the Settlement. Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member. *Staton v. Boeing,* 327 F.3d 938, 960 (9th Cir. 2003).

8. The Court also hereby finds that Plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement under Rule 23, for the reasons stated in the Motion for Final Approval. Accordingly, the Court hereby finally and unconditionally approves the Settlement and authorizes Defendants to pay the individual Settlement Payments from the Settlement Pool in accordance with the terms of the Settlement.

9. The Court orders the Parties to implement, and comply with, the terms of the Settlement.

10. The Court approves the settlement of the Released Claims as defined in the Settlement. As of the Effective Date of the Settlement, as defined in the Settlement, all of the Released Claims of each Class Member who did not timely opt out, as well as the Class Representatives' Released Claims, are and shall be deemed to be conclusively released as against the Defendant. Except as to such rights or claims that may be created by the Settlement, all Class Members as of the

5

[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF JOINT STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSING ACTION

date of this Judgment and Order of Final Approval who did not timely opt out are hereby forever barred and enjoined from commencing or prosecuting any of the Released Claims, either directly, representatively or in any other capacity, against Defendant.

11. Class Counsel Gilbert & Sackman, Hadsell Stormer Keeny Richardson & Renick, LLP and Quinn Connor Weaver Davies & Rouco LLP shall continue to serve as Interim Lead Counsel and shall oversee and perform the duties necessary to effectuate the settlement, including the distribution of attorneys' fees and costs;

12. Defendants agreed in the Settlement not to object to Plaintiffs' request for a Service Payment in the amount of $15,000.00 to each of the Plaintiffs as payment to them for their services as Plaintiffs and Class Representatives. The Court has considered Plaintiffs' request for a Service Payment and, good cause appearing, hereby grants Plaintiffs' request in the amount of $15,000.00 each and authorizes Defendants to pay this amount from the Maximum Settlement Amount in accordance with the terms of the Settlement.

13. Defendants further agreed in the Settlement not to oppose any motion by Plaintiffs for reasonable attorneys' fees and costs requesting up to one-third of the Maximum Settlement Amount , to be approved by the Court. The Court has considered Plaintiffs' motion for the award of attorneys' fees and costs and, good cause appearing, hereby awards Class Counsel attorneys' fees in the amount of $3,039,297.25 and costs in the sum of $98,315.29, and authorizes Defendants to pay such amounts from the Maximum Settlement Amount in accordance with the terms of the Settlement.

14. Defendants further agreed in the Settlement to pay from the Maximum Settlement Amount the reasonable costs of the Claims Administrator associated with notices to the Class and the administration of the Settlement and all costs associated with distribution of individual Settlement Payment to Class Members.

6

[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF JOINT STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSING ACTION

Good cause appearing, the Court hereby authorizes payment of $58,806.26 from the Maximum Settlement Amount, in accordance with the terms of the Settlement. In addition, the Court approves the payment of up to $4,000 for Escrow Costs from the Maximum Settlement Amount.

15. Defendants shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, in connection with the above-captioned action except as provided in the Settlement.

16. The Court hereby grants final approval of the Settlement and, in accordance with the terms of the Settlement, hereby enters judgment approving the terms of the Settlement and ordering that the Action be dismissed in accordance with the Settlement. The Action is dismissed on the merits with prejudice on a class-wide basis. The Class Representatives' Released Claims, as set forth in the Settlement, are dismissed on the merits with prejudice.

17. Without affecting the finality of this Judgment and Order of Final Approval, the Court retains exclusive and continuing jurisdiction over the Action, Plaintiffs, all Class Members and Defendant for purposes of supervising, implementing, interpreting and enforcing this Judgment and Order of Final Approval and the Settlement. Nothing in this Judgment and Order of Final Approval precludes any action to enforce the Parties' obligations under the Settlement or under this Judgment and Order of Final Approval.

18. If the Settlement does not become final and effective in accordance with the terms of the Settlement, this Judgment and Order of Final Approval and all orders entered in connection herewith shall be vacated and shall have no further force or effect.

19. The Court hereby finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final

Judgment, as to the Parties to the Settlement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

**IT IS SO ORDERED.**

Dated:\_\_\_\_\_5/6_____, 2013                   _____
                                                                        Philip S. Gutierrez
                                                                        United States District Judge

8

[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF JOINT STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSING ACTION