1  Randy Renick (California Bar No. 179652)
   (Email: rrr@ hadsellstormer.com)
2  Anne Richardson (California Bar No. 151541)
   (Email: arichardson@hadsellstormer.com)
3  Cornelia Dai (California Bar No. 207435)
   (Email: cdai@ hadsellstormer.com)
4  **HADSELL STORMER**
   **RICHARDSON & RENICK, LLP**
5  128 North Fair Oaks Avenue, Suite 204
   Pasadena, California 91103-3645
6  Telephone:   (626) 585-9600
   Fax:         (626) 577-7079
7
   *Attorneys For Plaintiffs Raudel Covarrubias,*
8  *David Simmons, And Stephen S. Swader*

9  Jay Smith (California Bar No. 166105)
   (Email: Js@Gslaw.Org)
10 Joshua F. Young (California Bar No. 232995)
   (Email: Jyoung@Gslaw.Org)
11 **GILBERT & SACKMAN**
   **A LAW CORPORATION**
12 3699 Wilshire Boulevard, Suite 1200
   Los Angeles, California 90010
13 Telephone:   (323) 938-3000
   Fax:         (323) 937-9139
14
   *Attorneys For Plaintiff USW*
15 [Additional Counsel Listed On Next Page]

E-FILED 05/06/13

#416

16                **UNITED STATES DISTRICT COURT**

17                **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 18  UNITED STEEL, PAPER & FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL & SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, on behalf of its members employed by defendants, and RAUDEL COVARRUBIAS, DAVID SIMMONS AND STEPHEN S. SWADER, SR., individually and on behalf of all similarly situated current and former employees, Plaintiffs, v. CONOCOPHILLIPS COMPANY and DOES 1 through 10, inclusive, Defendants. | Case No. CV08-2068 PSG (FFMx) **[~~PROPOSED~~] ORDER GRANTING THE AWARD OF ATTORNEY'S FEES AND COSTS** DATE: May 6, 2013 TIME: 1:30 p.m. LOCATION: Courtroom 880 Judge: Hon. Philip S. Gutierrez |

1  Richard P. Rouco (Admitted Pro Hac Vice)
   (Email: rrouco@qwwdlaw.com)
2  QUINN CONNOR WEAVER DAVIES &
   ROUCO LLP
3  2700 Highway 280 East, Suite 380
   Birmingham, Alabama 35223
4  Telephone:   (205) 870-9989
   Fax:         (205) 803-4143

6  *Attorneys for Plaintiff USW*

2

**[PROPOSED] ORDER GRANTING THE AWARD OF ATTORNEY'S FEES AND COSTS**

On May 6, 2013, the Court held a hearing on plaintiffs' motion for attorneys' fees, reimbursement of expenses, and incentive awards (the "Motion"). No objections to the Motion were filed. The Court, having considered the Motion and the memorandum and declarations in support thereof, and after a duly noticed hearing, hereby finds that:

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion seeks an award of attorney's fees in the amount of $3,040,842.25 and costs in the amount of $98,756.08 and incentive awards of $15,000 each for the 3 named Plaintiffs.

2. The amount of attorney's fees requested is fair and reasonable under the lodestar analysis as well as the "percentage-of-the-fund" method. Ranges much higher than this have been approved by the Ninth Circuit and the courts in this District. *See, e.g., Vizcaino v.Microsoft*, 290 F.3d 1043, 1050-1051 (9th Cir. 2002) (upholding a 28% fee award that constituted a 3.65 multiple of lodestar); *id*. at 1052-54 (noting district court cases in the Ninth Circuit approving multipliers as high as 6.2, and citing only 3 of 24 decisions with approved multipliers below 1.4).

3. The attorneys' fees requested were entirely contingent upon success. Plaintiffs' Counsel risked time and effort and advanced significant costs and expenses with no ultimate guarantee of compensation. The award is warranted for reasons set out in Plaintiffs' moving papers, including but not limited to the following: the excellent result obtained for the Class; the quality and quantity of work performed, including extensive motion practice, trial preparation, mediation, the risks faced throughout the litigation, which existed from the outset and a reasonable lodestar.

4. The Court finds that the lodestar that Plaintiffs' Counsel has accumulated was reasonable and consistent with the litigation in this case. The Court further finds that Plaintiffs' Counsel's hourly rates were reasonable for the

3

work they performed. In setting an award of attorney's fees, costs and expenses, the Court has considered the following factors: (1) the time and labor required; (2) preclusion of other employment; (3) the contingent nature of the case; (4) the experience, reputation, and ability of Plaintiffs' Counsel and the skill they displayed in the litigation; (5) the results achieved; and (6) the reaction of plaintiffs and the class members. *See, e.g. Serrano v. Priest*, 20 Cal.3d 25, 49 (1977); *Dunk v. Ford Motor Co.*, 48 Cal.App. 4th 1794, 1810 n.21 (1996).

5. The expenses sought, as detailed in the declarations of Plaintiffs' Counsel, were incurred in connection with the prosecution of the litigation for the benefit of the Class, and were reasonable and necessary.

6. The three (3) class representatives are entitled to the requested incentive awards, in the amount of $15,000 each for Raudel Covarrubias, David Simmons, and Stephen S. Swader. These awards recognize the risks undertaken and the work performed for the benefit of the Class, including consultation with Plaintiffs' Counsel, deposition testimony, and attendance at mediations to ensure that at a class representative from each refinery was present at each mediation.

7. Therefore, upon consideration of the Motion and the accompanying declarations, and based upon all matters of record including the pleadings and papers filed in this action and oral argument given at the hearing on this matter, the Court hereby finds that: (i) the attorneys' fees requested are reasonable and proper; (ii) the expenses requested were necessary, reasonable and proper; (iii) the incentive awards requested are warranted.

8. Accordingly, it is hereby ORDERED and DECREED that: (a) Plaintiffs' Counsel are awarded attorney's fees to Plaintiffs' Counsel in the amount of $3,040,842.25, and costs in the amount of $98,756.08. The 3 named Plaintiffs are entitled to the requested incentive awards, in the amount of $15,000 for a total of $45,000. In addition, the costs of administration not to exceed $59,000 are

4

proper and shall be paid to Gilardi & Co.  The attorneys' fees, reimbursement of expenses, and incentive awards and costs of administration shall be paid from the Settlement Fund.

**IT IS SO ORDERED.**

Dated:_____5/3_____, 2013

**PHILIP S. GUTIERREZ**
_____
Philip S. Gutierrez
United States District Judge